# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGIMEDIA TECH, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-227 (MN) |
| ) | |
| LENOVO (UNITED STATES), INC., and ) | |
| MOTOROLA MOBILITY LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

At Wilmington this 8th day of February 2022:

WHEREAS, on February 18, 2021, Plaintiff initiated a patent-infringement action against Defendants, alleging infringement of various claims of U.S. Patent Nos. 6,473,532 ("the '532 Patent"), 6,741,250 ("the '250 Patent"), 6,744,818 ("the '818 Patent"), and 6,684,220 ("the '220 Patent") (D.I. 1);

WHEREAS, on June 25, 2021, Plaintiff filed a First Amended Complaint, which added allegations of infringement of claims of U.S. Patent Nos. 6,545,706 ("the '706 Patent"), 7,715,476 ("the '476 Patent"), 6,606,287 ("the '287 Patent"), and 6,567,086 ("the '086 Patent"), and maintained its previous infringement allegations (D.I. 13);

WHEREAS, on August 9, 2021, Defendants moved to partially dismiss the First Amended Complaint, arguing that *all* claims of the '250, '086, '706, and '476 Patents are patent-ineligible under 35 U.S.C. § 101, and that Plaintiff failed to state a claim with respect to direct infringement of asserted method claims of the '476, '532, and '287 Patents (D.I. 21, 22);

WHEREAS, on November 19, 2021, Court conducted a teleconference to notify the parties that ruling on more than one hundred claims' patent-eligibility without any agreement about

representativeness was not a good use of judicial resources, and encouraged the parties to narrow their dispute (D.I. 43);

WHEREAS, on December 16, 2021, Plaintiff narrowed the claims it was asserting, but claimed that its efforts to narrow claims were "hampered by Defendants' failure to produce comprehensive core technical documents" (D.I. 41);

WHEREAS, after Plaintiff's narrowing, Defendants' motion to dismiss still challenges thirty-four claims' eligibility without any agreement about representativeness, and Defendants have stated that regardless of the Court's ruling on the current motion they intend to "challenge the patent ineligibility of the other asserted patents later in this case" at an unspecified later date (*See* D.I. 22 at 2 n.4).

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to the Defendants' § 101 motion will not be in issue at later stages of the case (including at trial);

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of thirty-four claims from some (but not all) of the asserted patents at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative and Defendants assert that they plan to challenge other patents under § 101 at a later date; and

WHEREAS, as related to the claims of direct infringement, Plaintiff has met the standard for pleading direct infringement under *Disc Disease* by alleging that Defendants use products that incorporate the claimed methods, and that the use of those products meets all the limitations of the asserted method claims of the '476, '532, and '287 Patents (*see* D.I. 13 ¶¶ 109–10, 137–38, 142–43; D.I. 13-17; D.I. 13-22; D.I. 13-23).

THEREFORE, IT IS HEREBY ORDERED that Defendants' motions to dismiss are DENIED. To the extent that issues involving Defendants' direct infringement or patent eligibility remain, Defendants may, to the extent appropriate, raise the issues at summary judgment or trial.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge