# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTERWAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-1544 (MN) |
| ) | |
| AMAZON.COM, INC. and AMAZON WEB ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

At Wilmington this 20th day of July 2020:

WHEREAS, on August 19, 2019, Plaintiff initiated the present action (D.I. 1), alleging that Defendants infringe various claims of U.S. Patent Nos. 7,111,163 ("the '163 Patent"), 7,318,152 ("the '152 Patent"), 8,595,478 ("the '478 patent"), 9,015,471 ("the '471 Patent"), 9,525,620 ("the '620 Patent") and 9,667,534 ("the '534 Patent") (collectively, "the Patents-in-Suit");

WHEREAS, on October 25, 2019, Defendants moved to dismiss the Complaint (*see* D.I. 8 & 9), arguing that all claims of the Patents-in-Suit are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, across the six Patents-in-Suit, there are more than 170 claims, and Defendants request that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage;

WHEREAS, Defendants assert that there are representative claim groups for the various Patents-in-Suit but offer little meaningful argument to support these groupings, and Plaintiff disputes the representativeness of those groupings and argues that some of the claims are not asserted against Defendants (*see* D.I. 14 at 12 n.5);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendants' motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of more than 170 claims from the six Patents-in-Suit – even with purportedly representative groupings – at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative and whether some of those claims are even asserted.[1]

THEREFORE, IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED without prejudice to renew at summary judgment.

*[signature]*
The Honorable Maryellen Noreika
United States District Judge

---

[1] This is particularly true where, as here, Defendants expend minimal effort on Step 2 of the *Alice* inquiry. (*See* D.I. 9 at 15-16). Defendants lump the more than 170 claims together and broadly assert that "there is no inventive concept in the ordered combination of any of the conventional components found within the claims of the asserted patents." (*Id.* at 16). Defendants do not even attempt to parse the analysis by the representative claim groupings that they created. Moreover, and more importantly, Step 2 may involve questions of fact and often involves a careful review of the specification for indications of whether elements are routine, conventional, etc. Defendants, however, cite the common specification only once in their analysis at Step 2, along with two pages of the '163 Patent's prosecution history. (*See id.*). Such a minimal record at the motion to dismiss stage is unlikely to support the patent ineligibility of more than 170 claims.