# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OSTEOPLASTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-405-MN-JLH |
| | ) | |
| CONFORMIS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| OSTEOPLASTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 20-406-MN-JLH |
| DEPUY SYNTHES, INC., DEPUY SYNTHES PRODUCTS, INC., MEDICAL DEVICE BUSINESS SERVICES, INC., and SYNTHES INC., | ) ) ) ) ) | |
| Defendants. | ) | |
| OSTEOPLASTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 20-407-MN-JLH |
| ZIMMER BIOMET HOLDINGS, INC., and ZIMMER, INC., | ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

At Wilmington this 21st day of October 2020:

WHEREAS, on March 20 and 23, 2020, Plaintiff initiated the present actions, alleging that Defendants infringe U.S. Patent Nos. 8,781,557, 9,292,920, 9,330,206 ("the '206 Patent"),

9,626,756, 9,672,617, 9,672,302 and 9,275,191 (collectively, "the Patents-in-Suit") (*see* C.A. No. 20-405, D.I. 1; C.A. No. 20-406, D.I. 1; C.A. No. 20-407, D.I. 1);

WHEREAS, on April 2, 2020, Plaintiff amended its complaints in each of the present actions (*see* C.A. No. 20-405, D.I. 7; C.A. No. 20-406, D.I. 9; C.A. No. 20-407, D.I. 8);

WHEREAS, on June 15, 2020, Defendants filed a joint motion to dismiss the amended complaints (C.A. No. 20-405, D.I. 12; C.A. No. 20-406, D.I. 16; C.A. No. 20-407, D.I. 14), setting forth the following arguments: (1) Defendants in C.A. Nos. 20-406 and 20-407 argue that the Patents-in-Suit are directed to ineligible subject matter under 35 U.S.C. § 101; (2) all Defendants argue that the amended complaints fail to state a claim of infringement under 35 U.S.C. § 271(g); (3) Defendants in C.A. No. 20-406 argue that the amended complaint fails to state a claim for direct infringement under 35 U.S.C. § 271(a); and (4) Defendants in C.A. 20-406 argue that Plaintiff fails to plead pre-suit knowledge in support of its claims for willful infringement;

WHEREAS, there are approximately 71 claims across the Patents-in-Suit and Defendants request that the Court find each of those claims to be directed to patent-ineligible subject matter under § 101 at the motion to dismiss stage;

WHEREAS, Defendants assert that claim 1 of the '206 Patent is representative of all claims of the seven Patents-in-Suit but offer little meaningful argument to support that assertion;

WHEREAS, Plaintiff disputes the representativeness of claim 1 of the '206 Patent and argues that significant claim construction issues bear on the question of patent eligibility under § 101;

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendants' motion will not be in issue at later stages of the case (including at trial);

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of approximately 71 claims from the seven Patents-in-Suit at the motion to dismiss stage, particularly where the parties dispute representativeness;[1]

WHEREAS, Plaintiff has plausibly alleged infringement under § 271(g) against all Defendants because, at this stage, Defendants have failed to show that the Patents-in-Suit fall outside the scope of § 271(g), particularly given that the patents recite fabrication as a required step;[2]

WHEREAS, Plaintiff has plausibly alleged direct infringement under § 271(a) against Defendants in C.A. No. 20-406 because Plaintiff has pleaded that all of those defendants "have used . . . and are currently . . . using . . . systems and methods for designing and manufacturing medical devices . . . that infringe the Asserted Patents" (C.A. No. 20-406, D.I. 9 ¶¶ 30 & 31 (referencing claim chart attached as Exhibit 8)) and, further, the amended complaint in C.A. No. 20-406 identifies two accused products (the "ProPlan" and "TruMatch" products) and identifies at least one method used to manufacture those products ("Materialise's Mimics Innovation Suite of Software") (*see* C.A. No. 20-406, D.I. 9 ¶ 30);

---

[1] This is particularly true where, as here, Defendants expend little effort on Step 2 of the *Alice* inquiry. (*See, e.g.*, C.A. No. 20-406, D.I. 17 at 13-16). Defendants lump together the 71 claims in the Patents-in-Suit and broadly state that "the elements of the claims, whether considered individually or as an ordered combination, amount to no more than standard techniques that were admittedly well-known in the art." (*Id.* at 14). Defendants make no attempt to parse the analysis by the various claims of the patent. Moreover, and more importantly, Plaintiff has identified claim construction issues and questions of fact as to whether certain claim elements are routine or conventional and that will require a careful review of the specification and prosecution history. (*See, e.g.*, C.A. 20-406, D.I. 19 at 12-13, 14 & 17). The minimal record available at the motion to dismiss stage is particularly unsuited to supporting the patent ineligibility of all 71 claims in the Patents-in-Suit.

[2] As to the claims of infringement under § 271(g), the only basis for dismissal offered by Defendants is that § 271(g) does not apply to the Patents-in-Suit. (*See, e.g.*, C.A. 20-405, D.I. 13 at 19-20).

3

WHEREAS, as to its claim of willful infringement, Plaintiff has not sufficiently pleaded pre-suit knowledge with respect to Defendants in C.A. No. 20-406 because the amended complaint and attached correspondence are not clear as to which Defendant or Defendants the pre-suit letter was addressed and Plaintiff has not alleged that Defendants in C.A. No. 20-406 operate as a group of companies; and

WHEREAS, Plaintiff and Defendants in C.A. No. 20-406 agree that Defendant Medical Device Business Services, Inc., should be dismissed for improper venue (*see* C.A. No. 20-406, D.I. 19 at 4 n.4).

THEREFORE, IT IS HEREBY ORDERED that Defendants' motions to dismiss are:

1. GRANTED with respect to improper venue for Defendant Medical Device Business Services, Inc. and that entity is dismissed from C.A. No. 20-406;

2. GRANTED with respect to the claim of willful infringement in C.A. No. 20-406; and

3. DENIED in all other respects and with leave to renew the patent-ineligibility arguments under § 101 at summary judgment.

IT IS FURTHER ORDERED that, in C.A. No. 20-406, Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint to cure the deficiencies in allegations of willful infringement against Defendants in that action.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge

4