IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTONOMOUS DEVICES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1466-MN |
| ) | |
| TESLA, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO TESLA, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Autonomous Devices LLC ("Autonomous" or "Plaintiff") respectfully moves this Court for leave to file a sur-reply in opposition to Defendant Tesla, Inc.'s ("Tesla" or "Defendant") motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that the asserted claims of the asserted patents are directed to abstract ideas and lack inventive concepts sufficient to render them patent eligible under 35 U.S.C. § 101. *See* D.I. 11, 12 at 1.

On November 7, 2022, Autonomous filed a complaint ("Complaint") in this District for patent infringement against Tesla for both direct and indirect infringement of U.S. Patent Nos. 10,452,974 ("the '974 Patent"), 11,238,344 ("the '344 Patent"), 10,102,449 ("the '449 Patent"), 11,055,583 ("the '583 Patent"), 10,607,134 ("the '134 Patent"), and 11,113,585 ("the '585 Patent"). (D.I. 1).

On January 13, 2023, Tesla filed a motion to dismiss this case under Rule 12(b)(6) for failure to state a claim. (D.I. 11, 12). Autonomous opposed Tesla's motion on February 3, 2023 (D.I. 15), and Autonomous filed a reply brief on February 13, 2023 (D.I. 16).

In its reply in support of its motion, Tesla made a new argument that only "ten" claims mentioned in the Complaint should be dismissed, not all claims, as originally asserted in its

motion. D.I. 11 at 2. Secondly, Tesla raised a new claim construction. Autonomous' proposed sur-reply asserts that (i) Tesla's new argument is waived and mischaracterizes the cited authorities and (2) the Court should disregard Tesla's new and overly broad claim construction.

D. Del. LR 7.1.2 provides that parties may submit additional papers after briefing is complete with the Court's approval. "A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (citing *Belden Techs., Inc. v. LS Corp.*, C.A. No. 08-823-SLR, 2010 U.S. Dist. LEXIS 70424 at *3 (D. Del. July 14, 2010)); *see also SK Innovation Co. v. LG Chem, Ltd.*, C.A. 19-1637-CFC-SRF, 2020 U.S. Dist. LEXIS 155627 at *16 (D. Del. July 24, 2020); *Davis v. Ace Hardware Corp.*, C.A. 12-1185-SLR-CJB, 2014 U.S. Dist. LEXIS 90657 at 1 n.1 (D. Del. July 2, 2014). Thus, the Court may allow Autonomous to file a sur-reply to rebut Tesla's new arguments and to more fully evaluate the merits of Tesla's motion to dismiss. *Id.* ("The Court concludes that Plaintiff's sur-reply will allow the Court to more fully and fairly evaluate Defendants' pending motion to dismiss.").

Accordingly, based on the foregoing, Autonomous respectfully requests leave to file a 2-page sur-reply to Tesla's reply. Autonomous' proposed sur-reply is attached hereto as Exhibit A. In accordance with D. Del. LR 7.1.1, counsel for Autonomous contacted Tesla in a reasonable effort to reach agreement regarding the matters set forth in this motion. A telephonic meet and confer was held on February 15, 2023, including Delaware counsel for both sides, but the parties were unable to reach agreement.

|  |  |
|---|---|
| OF COUNSEL:<br>Blair Jacobs<br>Christina A. Ondrick<br>John S. Holley<br>MCKOOL SMITH, P.C.<br>1999 K Street, NW Suite 600<br>Washington, D.C. 20006<br>(202) 370-8300<br><br>George T. Fishback, Jr.<br>MCKOOL SMITH, P.C.<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>(512) 692-8756<br><br>Dated: February 16, 2023 | */s/ Emily S. DiBenedetto*<br>Karen E. Keller (No. 4489)<br>Emily S. DiBenedetto (No. 6779)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>edibenedetto@shawkeller.com<br>*Attorneys for Autonomous Devices LLC* |