# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| AUTONOMOUS DEVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1466-MN |
| | ) | |
| TESLA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

OF COUNSEL:
Blair Jacobs
Christina A. Ondrick
John S. Holley
MCKOOL SMITH, P.C.
1999 K Street, NW Suite 600
Washington, D.C. 20006
(202) 370-8300

George T. Fishback, Jr.
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX 78701
(512) 692-8756

Dated: February 16, 2023

Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Autonomous Devices LLC*

## I. INTRODUCTION

After erroneously attempting to dismiss one hundred thirty-four claims across six patents based on two purportedly representative claims, Tesla backtracks and makes the new argument that the Court need consider only ten claims from the asserted patents. Reply (D.I. 16) at 1. This new argument is incorrect, improper, and waived. In addition, Tesla's Reply introduces new claim construction positions not found in its Motion. The Court should disregard Tesla's new arguments and deny Tesla's Motion.

## II. ARGUMENT

### A. Tesla's New Ten Claim Argument Is Waived and Mischaracterizes the Cited Authorities

Tesla originally sought the dismissal of *all* claims with prejudice. *See* Mot. at 2 ("Because all asserted claims are invalid under § 101, and because ***leave to amend would be futile***, Tesla requests dismissal of ***all*** of Plaintiff's claims ***with prejudice***.") (emphasis added). Now, in reply, Tesla only seeks to dismiss the "ten" claims mentioned in the Complaint. Reply at 1. Yet, if Tesla were correct and only "ten" claims were at issue, then Tesla's request to dismiss *all claims* in its Motion makes no sense.

Tesla's Motion sought the dismissal of ***entire groups*** of asserted patents, which further confirms Tesla's ten-claim argument as new. For example, Tesla argued that Claim 1 of the '449 patent is representative of *all* Autonomous Device Patent claims and *all* claims should be found ineligible. *See, e.g.*, Mot. at 8. Thus, Tesla's ten-claim argument is new and contradicts the original Motion, which unequivocally sought dismissal of all claims and this argument is waived. *ViaTech Technologies Inc. v. Microsoft Corporation*, C.A. No. 1-14-cv-01226, D.I. 329 at 18 (D. Del. June 12, 2017) (finding new argument on reply waived).

To bolster this new argument, Tesla mischaracterizes the cases cited by Autonomous Devices in its Opposition. Reply at 3. Tesla wrongly states that "[t]he cases cited by Plaintiff are inapposite, as each one involved the defendant seeking disposition of ***more than 100 patent claims.***" Reply at 3 (emphasis added). But, in those cases, like here, the defendants attempted to dismiss ***all*** of plaintiff's claims related to asserted patents where the complaints identified a subset of infringing claims. *See, e.g.*, *Neustar, Inc. et al. v. Prove, Inc. et al.*, C.A. No. 1-20-cv-01633, D.I. 1 (D. Del. Dec. 1, 2020) (identifying "at least" seven infringed claims across six patents); *DigiMedia Tech, LLC v. Lenovo Inc. et al.*, C.A. No. 1-21-cv-00227, D.I. 13 (D. Del. June 25, 2021) (identifying "at least" twelve infringed claims across eight patents). As Tesla originally sought to dismiss this entire case, it, too, should have addressed all patent claims. Tesla failed in its analysis and, therefore, its Motion should be denied.

### B. Tesla Raises New Claim Construction Positions in its Reply

Finally, despite arguing that claim construction was not necessary and that all of the claim elements recite conventional computer components in the Motion (Mot. at 16-19), Tesla takes an overly broad claim construction position in its Reply brief that the claims do not require first and second devices. Rep. at 6. Not only is Tesla's position refuted by the plain claim language, but this is a perfect example of unresolved claim construction issues that Autonomous Devices identified in its Opposition. *See, e.g.*, Opp. at 13-14.

### III. CONCLUSION

The Court should disregard Tesla's newly raised Reply arguments.

OF COUNSEL:
Blair Jacobs
Christina A. Ondrick
John S. Holley
MCKOOL SMITH, P.C.
1999 K Street, NW Suite 600
Washington, D.C. 20006
(202) 370-8300

George T. Fishback, Jr.
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX 78701
(512) 692-8756

Dated: February 16, 2023

/s/ Emily S. DiBenedetto
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Autonomous Devices LLC*