# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUFFALO PATENTS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPOTIFY USA INC., )<br>)<br>Defendant. ) | C.A. No. 22-1335 (MN) |

**ORDER**

At Wilmington this 10th day of April 2023:

WHEREAS, on October 11, 2022, Plaintiff initiated a patent-infringement action against Defendant Spotify USA Inc.,[1] alleging that Defendant infringes "at least Claim 38" of U.S. Patent No. 6,839,417 ("the '417 Patent") (*see generally* D.I. 1; *see also id.* ¶ 22);

WHEREAS, on December 22, 2022 and in response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff filed its First Amended Complaint, maintaining its allegation that Defendant infringes "at least Claim 38" of the '417 Patent (D.I. 20 ¶ 35) and adding allegations of infringement of "at least Claim 13" of U.S. Patent No. 7,187,670, "at least Claim 29" of U.S. Patent No. 7,408,915, "at least Claim 8" of U.S. Patent No. 8,611,328 and "at least Claim 10" of U.S. Patent No. 9,001,816 (*see* D.I. 20 ¶¶ 56, 82, 108 & 126);

WHEREAS, on February 6, 2023, Defendant again moved under Rule 12(b)(6) to partially dismiss the First Amended Complaint (*see* D.I. 26), arguing that all claims of one of the patents – the '417 Patent – are directed to ineligible subject matter under 35 U.S.C. § 101 (*see* D.I. 27 at 1);

---

[1]  Plaintiff also named Spotify Technology, S.A. and Spotify AB as defendants in this action but those entities have since been dismissed. (*See* D.I. 25).

WHEREAS, the Federal Circuit recently partially vacated a district court's judgment of patent ineligibility that extended to all claims of the patents-in-suit, finding instead that the judgment must be limited to only the asserted claims because "the operative complaint asserted infringement of only claims 1 and 31-33 of each asserted patent, and because [defendant] did not file any counterclaim of its own (instead, it simply moved to dismiss [plaintiff]'s complaint)," *Hantz Software, LLC v. Sage Intacct, Inc.*, No. 2022-1390, 2023 WL 2569956, at *1 (Fed. Cir. Mar. 20, 2023); and

WHEREAS, in light of the Federal Circuit's guidance and disposition in *Hantz Software*, the Court finds it inappropriate to address at the motion to dismiss stage the patent eligibility of all claims of the '417 Patent, particularly where the operative pleading only asserts "at least Claim 38 of the '417 Patent" and Defendant has not filed any counterclaims of invalidity that challenges the patent eligibility of all claims of the '417 Patent.[2]

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED without prejudice to renew, if appropriate, at summary judgment.

The Honorable Maryellen Noreika
United States District Judge

---

[2] The Court also notes that it is not an efficient use of time to address the patent eligibility of these claims at this stage because the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, at least some of the claims subject to Defendant's § 101 motion will not be in issue at later stages of the case (including at trial).