EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AUTONOMOUS DEVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1466-MN |
| | ) | |
| TESLA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] PROTECTIVE ORDER GOVERNING THE DESIGNATION AND
HANDLING OF CONFIDENTIAL MATERIALS**

Plaintiff Autonomous Devices LLC ("Plaintiff") and Defendant Tesla, Inc. ("Defendant")

anticipate that documents, testimony, or information containing or reflecting confidential,

proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or

produced during the course of discovery, initial disclosures, and supplemental disclosures in this

case and request that the Court enter this Order setting forth the conditions for treating, obtaining,

and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause

for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery

Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall

be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for

any other purpose whatsoever.

**[PROPOSED] PROTECTIVE ORDER – PAGE 1**

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)     <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party has a reasonable opportunity to appear and be heard on whether that information should be disclosed prior to disclosure.

2.     **DEFINITIONS**

(a)     "CONFIDENTIAL" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

(b)     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means sensitive "CONFIDENTIAL" information (regardless of how it is generated, stored or maintained) or tangible things, disclosure of which to another would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**[PROPOSED] PROTECTIVE ORDER – PAGE 2**

(c)     "HIGHLY CONFIDENTIAL — SOURCE CODE" means "Source Code"

means," which is computer code, associated comments, and/or revision histories for computer

code, formulas, engineering specifications, or schematics that define or otherwise describe in detail

the algorithms or structure of software or hardware designs.

(d)     "Source Code Related Technical Documents" means documents that fall

within the definition of "Source Code" but do not contain "computer code, associated comments,

and/or revision histories for computer code" (i.e., "formulas, engineering specifications, or

schematics that that define or otherwise describe in detail the algorithms or structure of software

or hardware designs").

(e)     "Discovery Material" means all items or information, including from any

non-party, regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated

in connection with discovery or Rule 26(a) disclosures in this case.

(f)     "Expert" means a person with specialized knowledge or experience in a

matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to

serve as an expert witness or as a consultant in the above-captioned action, (2) is not a current

employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated

to become an employee of a Party or of a Party's competitor.

(g)     "Outside Counsel" means (i) attorneys who are not employees of a Party to

the above-captioned action but are retained to represent or advise a Party to that action and have

appeared on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such

counsel to whom it is reasonably necessary to disclose the information for this litigation.

(h)      "Patents-in-suit" means U.S. Patent Nos. 10,102,449; 11,055,583; 10,452,974; 11,238,344; 10,607,134; and 11,113,585, and any other patent asserted in this action.

(i)      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel and their support staffs.

(j)      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(k)      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(l)      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

3.      **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.      **SCOPE**

(a)      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

(e)      The protections conferred by this Order do not cover the following information: (a) any information that the Receiving Party can show is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information that the Receiving Party can clearly show was known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Party that designated the Discovery Material.

5.      **<u>DURATION</u>**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)   <u>Basic Principles</u>. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)   <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who personally reviews any technical HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE are prohibited from participating in an administrative proceeding for the examination and reexamination of a patent or patent application insofar as the participation involves input into the drafting, revising or amending of a patent claim relating to the functionality, operation, and design of autonomous systems, machine learning, or artificial intelligence (generally or as described in any patent in suit), if such administrative proceeding (e.g., patent application filing) was commenced less than two years following the final termination of this action (including any appeals). This prosecution bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patents-at-issue or patents related thereto, except that the individual is prohibited from participating in, or otherwise providing input into, the drafting of any claim or amendment to any claim.

(c)   <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be

exported outside the United States or released to any foreign national (even if within the United States).

(d)  <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)  <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.  **DESIGNATING PROTECTED MATERIAL**

(a)  <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b)  <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation

on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)     <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)     <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within

which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

[PROPOSED] PROTECTIVE ORDER – PAGE 9

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside Expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such Expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below; Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iii)     The Court, jury, and court personnel;

(iv)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(v)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material, not to use the Protected Material in any way other than as a mock juror, and to keep any information concerning Protected Material confidential;

**[PROPOSED] PROTECTIVE ORDER – PAGE 10**

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)     Any other person with the prior written consent of the Producing Party.

9.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to at least merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside Expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such Expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such Expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)   Any other person with the prior written consent of the Producing Party.

**[PROPOSED] PROTECTIVE ORDER – PAGE 12**

(c)     In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Any outside Expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such Expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)      The Court, jury, and court personnel;

(v)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)      Any other person with the prior written consent of the Producing Party.

11.      **DISCLOSURE AND REVIEW OF SOURCE CODE**

Any Source Code that is produced in discovery shall be made available for inspection, in electronic (e.g., native) format. [DISPUTED PROVISION: PLAINTIFF'S PROPOSAL #1:  The Producing Party shall produce Source Code for inspection in electronic (e.g., native) format at the office of its Outside Counsel in Austin, Texas or at another location agreed on by the parties., such

**Formatted:** Highlight

**Formatted:** Highlight

as Dallas, Texas, Washington D.C. or New York City where Outside Counsel for each party has offices.   PLAINTIFF'S PROPOSAL #2: The Source Code Computer shall be located with an independent escrow agent, with the costs of such to be shared by the parties. If the parties cannot agree on such an agent, each party shall submit to the court the name and qualifications of their proposed agents for the court to choose. DEFENDANTS PROPOSAL: The Producing Party shall produce Source Code for inspection in electronic (e.g., native) format at the office of its Outside Counsel in Silicon Valley, California.].

      (a)    Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (8:00 A.M. to 6:00 P.M. local time) on four (4) business days' written (including email) notice, although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times and on shorter notice.

      (b)    Prior to the first inspection of Source Code, the Receiving Party shall provide fourteen (14) days' notice for its Source Code inspection request.

      (c)    Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

            i.    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or Experts in a secure room on at least two (2) secured computers without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or

**[PROPOSED] PROTECTIVE ORDER – PAGE 15**

away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or Experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computers, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device absent prior agreement of the Producing Party.

     ii.      No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind shall be permitted into the Source Code Review Room. Upon request, the Producing Party shall provide personnel to keep such devices (include cellular telephones) secure while a member of the Receiving

Party is in the Source Code Review Room, and shall promptly notify the member if any calls or notifications are received.

iii.       The Source Code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the Source Code. Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Such notes may include excerpts of the Source Code when reasonably necessary to guide the note taker's use of later-requested paper copies of the Source Code. Such handwritten notes shall be subject to the same limitations and protections as printed Source Code, as set forth paragraph 12, including without limitation total page limits, consecutive line number limits, copy limits, and logging requirements. The Receiving Party shall be under no obligation to produce handwritten notes but shall disclose how many pages of handwritten notes contain Source Code upon request. Otherwise, no copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided in this Protective Order. The Receiving Party's outside counsel and/or Experts shall also be entitled to take notes relating to the Source Code, but may not copy the Source Code into the notes. The Producing Party shall make available software on the Source Code Computers for note-taking and shall permit printing of such notes. No other computer is permitted in the Source Code Review Room. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided in this Protective Order.

iv.     The Source Code provider shall provide a manifest of the contents of the computer to include a list of Source Code files available for review. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every Source Code file on the Source Code Computer.

v.      The Source Code Computer shall include software utilities which will allow counsel and experts to view and search the Source Code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.

vi.     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

vii.    The Receiving Party may request copies of reasonable portions of the Source Code identified in a reasonable manner. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere. In the event that the Receiving Party requests more than 15

consecutive pages, or an aggregate of more than 500 pages, of print outs of Source Code,[1] the parties shall have a meet and confer in good faith and reasonable requests will not be withheld. A text editor will be provided on the Source Code Computer so that the list of files to be printed may be saved directly to the Source Code Computer. If the Producing Party objects that identified files are not reasonably necessary, the Producing Party shall make such objection known to the Receiving Party within three (3) business days of the identification of any files by the Receiving party. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the identified Source Code in question is reasonably necessary to any case preparation activity. At the request of the Receiving Party, in the absence of any objection the Producing Party shall provide within five (5) days of such request, paper copies of the Source Code identified at the time of inspection by the Receiving Party. The Producing Party shall print, label such files with the file's complete path name, and append production numbers and the designation "HIGHLY CONFIDENTIAL – SOURCE CODE." The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. The Receiving Party may make no more than five (5) additional paper copies of any portions of the Source Code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The Receiving Party shall only make additional paper copies if such additional copies

---

[1] Notwithstanding this provision, printouts of Source Code Related Technical Documents shall not count towards the Receiving Party's aggregate or consecutive page limits. Defendant will promptly provide Plaintiff with printed copies of each Source Code Related Document each time such a document is produced.

**Formatted:** Pattern: Clear (Background 1)

are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. Such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party," and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

viii.     The Receiving Party's Outside Counsel shall maintain a log of all paper copies of the Source Code. The log shall include the number of paper copies, names of the recipients of paper copies, and locations where the paper copies are stored. Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

ix.     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

x.     Except as provided in this Protective Order, no electronic copies of the Source Code shall be made.

xi.       Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the Source Code Review Room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the Source Code Review Room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Producing Party shall not be responsible for any items left in the Source Code Review Room. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

xii.       For depositions, the Receiving Party shall not bring copies of any printed Source Code.[3] Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. If a Source Code document has been marked up or altered in any way by the deponent, the Producing Party shall copy the exhibit in its marked form and provide one copy

---

[3] This provision shall not apply to Source Code Related Technical Documents.

~~to outside counsel for the Receiving Party. Copies of Source Code that are marked~~
~~as deposition exhibits shall not be provided to the Court Reporter or attached to~~
~~deposition transcripts; rather, the deposition record will identify the exhibit by its~~
~~production numbers. All paper copies of Source Code brought to the deposition~~
~~shall remain with the Producing Counsel's outside counsel for secure destruction~~
~~in a timely manner following the deposition.~~

 **xii.**  Neither Party may bring printed copies of Source Code to depositions. This provision does not apply to Source Code Related Technical Documents, which may be brought to depositions.

  ~~xiii.~~ Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving Source Code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party and any persons receiving Source Code from Receiving Party may not scan the Source Code to a PDF or photograph the code). A party may make and use snippets and images of the Source Code if necessary for court filings, expert reports, discovery responses and other similar documents and exhibits thereto. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the parties, images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead). Unless agreed by the parties, images or copies of Source Code shall be omitted from pleadings,

exhibits, and other papers whenever possible and reasonably minimized when not.

xiv.xiii.        All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code Computer. All persons viewing Source Code Computer shall sign on each day they view Source Code Computer a log that will include the names of persons who enter the locked room to view the Source Code Computer and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

xv.xiv.        At least three (3) days before the date of a deposition, a Receiving Party may request that the witness have access to a Source Code Computer. The Producing Party shall provide a Source Code Computer that the witness can access and an external monitor that allows the questioning attorney to see the files being discussed during the deposition on the condition that the deposition take place at a location of the Producing Party's choosing. The deposition record will identify the file names and file paths being discussed. Defendant's counsel is not currently authorized to travel with Defendant's source code. Defendant understands that its current proposed restrictions will prevent Defendant from questioning Plaintiff's experts using source code during deposition.

**NOTICE OF DISCLOSURE**

(d)    Prior to disclosing any Protected Material to any person described in Paragraphs8(b)(ii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of autonomous systems, machine learning, or artificial intelligence, or relating to the acquisition of intellectual property assets relating to autonomous systems, machine learning, or artificial intelligence;

(v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside Expert or consultant. During the pendency of and for a period of one (1) year after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of autonomous systems, machine learning, or artificial intelligence, or the acquisition of intellectual property assets relating to autonomous systems, machine learning, or artificial intelligence.

(e) Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

**[PROPOSED] PROTECTIVE ORDER – PAGE 25**

(f)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(g)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(h)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

12.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify

the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

13.     **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to

move for a protective order regarding the production of Protected Materials implicated by the subpoena.

14.     **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under Del. L.R. 5.1.3 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

15.     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

16.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 16(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding  the  above,  a  subsequent  designation  of "CONFIDENTIAL,"  "HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES  ONLY"  or "HIGHLY CONFIDENTIAL –SOURCE CODE" shall apply on a going forward basis and shall not  disqualify  anyone  who  reviewed  "CONFIDENTIAL,"  "HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE" materials while  the  materials  were  not  marked  "HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

17.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and  provide  to  such  counsel  all  known  relevant  information  concerning  the  nature  and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

(c)     The Receiving Party shall promptly notify the Producing Party within 5 days if it becomes aware of any unauthorized access of the Receiving Party or any unauthorized access of a Party having access to the Producing party's materials.

18.   **FINAL DISPOSITION**

(a)   Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)   All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

19.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)   Absent good cause, drafts of reports of testifying Experts, and reports and other written materials, including drafts, of consulting Experts, shall not be discoverable.

(b)   Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)     Testifying Experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying Expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters reviewed (regardless of whether such information was relied upon) or relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. For clarity, this provision is not intended to abrogate the protections for draft reports or disclosures under Fed. R. Civ. P. 26. No discovery can be taken from any non-testifying Expert except to the extent that such non-testifying Expert has provided information, opinions, or other materials to a testifying Expert relied upon by that testifying Expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(e)     No conversations or communications between counsel and any testifying or consulting Expert will be subject to discovery unless the conversations or communications are relied upon by such Experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(g)     Nothing in Protective Order, including Paragraphs 20(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

20.     **<u>MISCELLANEOUS</u>**

(a)     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and Experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

**[PROPOSED] PROTECTIVE ORDER – PAGE 33**

(f)     Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

(g)     Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders.

**SO ORDERED.**

**[PROPOSED] PROTECTIVE ORDER – PAGE 34**

### EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Autonomous Devices LLC v. Tesla, Inc.*, United States District Court, District of Delaware, Civil Action No. 22-1466-MN. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

[Signature]

# EXHIBIT 2

# TESLA SOURCE CODE REVIEW SIGN IN/OUT SHEET

| NAME | DATE | TIME IN | TIME OUT |
|------|------|---------|----------|
| John Holley | 7/10/2023 | 11:30 Am | 1:45 Pm |
| | | 2:00 Pm | 3:10 Pm |
| | | 3:15 Pm | 3:70 |
| John Holley | 7/11/2023 | 10:06 Pm | 11:15 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| AX WIRELESS LLC<br>*Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 2:22-CV-00277-RWS-RSP |
| DELL INC., et al.<br>*Defendants* | § § § § | |

**SUPPLEMENTAL PROTECTIVE ORDER**
**GOVERNING NON-PARTY INTEL CORPORATION'S**
**CONFIDENTIAL BUSINESS INFORMATION**

Additional protections for confidential information, documents, and source code beyond those provided in the Stipulated Protective Order (Dkt. 70) as between Plaintiff AX Wireless ("AX Wireless"), Dell Inc., and Dell Technologies Inc. (together, "Dell"), shall be provided for Non-Party Intel Corporation ("Intel") to provide enhanced confidentiality protections for the disclosure of competitive and highly sensitive trade secrets and confidential materials including source code, pursuant to Fed. R. Civ. P. 26(c). *See also* Dkt. 70 at ¶ 35 ("The Parties anticipate that there may be Source Code productions by third parties, who may produce Source Code subject to a supplemental protective order."). It is the Parties' understanding that Non-Party Intel supplies certain Wi-Fi 6 components (*e.g.*, Wi-Fi chips and software) incorporated in some of Dell's products. AX Wireless has sought access to Non-Party Intel's source code and other confidential materials regarding those components. Intel has represented that the source code and documents sought by AX Wireless contain highly sensitive, proprietary trade secret and confidential materials, such that these materials are not shared with any third party, absent strict confidentiality and non-disclosure obligations, given the highly competitive nature of the semiconductor industry.

Accordingly, this Supplemental Protective Order governs the discovery of documents and source code that are produced and designated by Non-Party Intel as "NON-PARTY INTEL CONFIDENTIAL BUSINESS INFORMATION" and "NON-PARTY INTEL CONFIDENTIAL BUSINESS INFORMATION - SOURCE CODE" in connection with the above-captioned matter. In the event of a conflict between the Protective Order (Dkt. 70) and this Supplemental Protective Order, the terms of this Supplemental Protective Order will govern for NON-PARTY INTEL CONFIDENTIAL BUSINESS INFORMATION and NON-PARTY INTEL CONFIDENTIAL BUSINESS INFORMATION - SOURCE CODE. It is therefore hereby

**ORDERED** that:

**A.    Definitions**

1.      "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

2.      "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the Parties or by non-parties.

3.      "Producing Party": a Party or non-party that produces Material in this action.

4.      "Receiving Party": a Party that receives Material from a Producing Party.

5.      "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

6.      "Source Code": Source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), any text written in any high-level programming language defining firmware and/or software

functionalities implemented on an integrated circuit, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all notes, annotations, and other comments of any type related thereto and accompanying the code. No schematics, layout files (such as GDS, GDSII, OASIS, or other comparable file types), process flows, or process recipes will be requested or produced in these actions. For avoidance of doubt, Source Code may include source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debut files. Source Code does not include file names, version or revisions identifications, and directory listings, which shall, when no Source Code is present, be designated CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER.

7.      "CONFIDENTIAL Material": Material that the Designating Party believes in good faith is not generally known to others and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Copies, abstracts, compilations, summaries, and extracts of Materials designated as CONFIDENTIAL will also be treated as CONFIDENTIAL Material.

8.      "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY Material": Material that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others, including in-house counsel, would create a substantial risk of serious injury and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state

law or any other applicable privilege or right related to confidentiality or privacy. The designation may apply to information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business, including but not limited to information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. This designation also includes Material obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Copies, abstracts, compilations, summaries, and extracts of Materials designated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY will also be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY Material.

9. "CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED – SOURCE  CODE Material": Material that is designated or otherwise includes Source Code and copies, abstracts, compilations, summaries, and extracts of Source Code which the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party, in the ordinary course of business, takes precautions to protect and would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.

10. "Designated Material": Material that is designated "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL -

OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" and all copies, abstracts, compilations, summaries, and extracts of such Material.

11.     "Export Controlled Information": all Source Code and any other Designated Material identified by a Designating Party as being subject to federal export control regulations, including the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq.

12.     "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) licensed partners, counsel, associates, and patent agents of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation and administrative personnel employed by the outside counsel, such as paralegals, legal translators, legal secretaries, legal clerks, eDiscovery specialists, and shorthand reporters. "Counsel of Record" does not include (i) a person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party or (ii) a person employed by the attorneys who gives technical, scientific or financial advice relating to the substantive issues in this action unless that person is a licensed attorney or patent agent.

13.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who is retained by a Party or retained or employed by its Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current or anticipated: (i) officer, director, or employee of a Party or of a Party's competitor, or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

14.     "Professional Vendors": persons or entities unaffiliated with a Party or a competitor of a Party that provide litigation support services (e.g., photocopying, organizing, storing, or retrieval of data in any form or medium, videotaping, translating, preparing transcripts, designing and preparing exhibits, graphics, or demonstrations, organizing or processing data) and their

employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

15.     "Relevant Technology": The subject matter of the Relevant Technology  is technical, confidential information related to "Wi-Fi 6 Modules" and "Wi-Fi 6 Functionality" as sought by and defined in the subpoenas issued by AX Wireless to Intel ("Subpoenas"). For the avoidance of doubt, the Subpoenas define "Wi-Fi 6 Module" as "any discrete or integrated component of the ACCUSED INSTRUMENTALITY that provides, implements, embodies and/or supports WI-FI 6 FUNCTIONALITY, or is configured to do so, including, but not limited to, the AX200, AX201, AX210, AX211, Gig+ Series, Killer AX1675, Killer AX1650 and  22260 products." The Subpoenas define "Wi-Fi 6 Functionality" as the "technical functionalities as illustrated in, but not limited by, the 802.11ax standard promulgated by the Institute of Electrical and Electronics Engineers (IEEE) ("Wi-Fi 6 Standard")."

**B.     Scope**

16.     Compliance with Applicable Rules Governing Confidentiality and Filing Under Seal. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. Nor does this Order entitle the parties to file confidential information under seal; the Parties must follow the applicable rules, procedures, and standards when seeking permission to file material under seal.

## C.    Access to Designated Material

17.    <u>Access to CONFIDENTIAL Material</u>. Only the following persons are permitted to have access to CONFIDENTIAL Material:

(a)    employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A, so long as such employees are not involved in competitive decision-making activities. For the avoidance of doubt, an individual is not a competitive decisionmaker solely by virtue of participating in the negotiation of a settlement agreement;

(b)    persons who appear on the face of Designated Material as an author, addressee or recipient thereof, provided, however, that no one may show Designated Material to an ex-employee of a Producing Party without first notifying the Producing Party and providing the Producing Party with an opportunity to object prior to such disclosure;

(c)    Counsel of Record;

(d)    Outside Consultants, subject to the procedures set forth in Section D;

(e)    the Court and its personnel;

(f)    court reporters;

(g)    a mediator assigned to hear this matter, and his or her staff, who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A and the "Certification of Consultant" attached as Exhibit B; and

(h)    Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A.

18.     <u>Access to CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY  Material</u>. Only the persons identified in Paragraph 17(b)-(h) are permitted to have access to CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY Material.

19.     <u>Access to CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material</u>. Only the persons identified in Paragraph 17(c)-(f) are permitted to have access to CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material. Absent consent of the Producing Party (which will not be unreasonably withheld), no more than 10 Counsel of Record and 6 Outside Consultants for a Receiving Party are permitted to have access to CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material.

20.     <u>Acknowledgements to be Bound</u>. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement to Be Bound by Protective Order" and/or the "Certification of Consultant" must do so prior to reviewing Designated Material. Counsel of Record for the Receiving Party must retain each original executed document and, on written request, must provide copies to Counsel of Record for all other Parties after the termination of this action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

**D.     Disclosure to Outside Consultants**

21.     <u>Notice</u>. Before disclosing another party's Designated Material to an  Outside Consultant, a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record for the Designating Party. The notice must include: (a) the Outside Consultant's name, business title, business address, and business or profession; (b) a current CV; (c) the Outside Consultant's previous or current relationship (personal or professional) with any of the Parties, their predecessors, or their successors in interest; (d) a list of cases in which the Outside Consultant

has testified (at trial or deposition) within the last seven years; (e) a list of all companies for which the Outside Consultant has consulted or that have employed the Outside Consultant within the last seven years; and (f) a signed copy of the Agreement to Be Bound by Protective Order attached as Exhibit A and the "Certification of Outside Consultant" attached as Exhibit B.

22.     Objections. The Designating Party will have ten calendar days from receipt of the notice to object to the disclosure. The notice must identify the grounds for the objection. If the Designating Party does not object during that ten-day period, then the Receiving Party may disclose Designated Material to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer by telephone or in person to try in good faith to resolve the matter by agreement. If the parties cannot reach an agreement, the Receiving Party may within three (3) business days following the meet and confer email a summary of the issue(s) and specific relief requested to all counsel of record. The summary of the issue shall not exceed 500 words for one issue or a combined 1,000 words for multiple issues. The Producing Party has three (3) days thereafter to provide an email response, also not to exceed 500 words for one issue or a combined 1,000 words for multiple issues. Once the Producing Party provides its response, the Receiving Party shall email the summaries of the issues to the Court's law clerk with opposing counsel copied. If the Receiving Party fails to email a summary of the issue(s) and specific relief requested to all counsel of record within the prescribed period, it waives any argument that such Designated Material should be disclosed to the Outside Consultant, and Designated Material may not be disclosed to such an individual. Designated Material shall not be disclosed to the challenged individual until and unless

a final ruling allowing such disclosure is made by this Court or by the consent of the Designating Party, whichever occurs first.

### E.    Disclosure to Employees of Receiving Party

23.    <u>Notice</u>. Before disclosing another party's Confidential material to employees of the Receiving Party who have signed Exhibit A (as defined under Paragraph 17)(a)), a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record for the Designating Party. The notice must include: (a) the employee's name, business title, business address, and business or profession; (b) a current CV; (c) the employee's previous or current relationship (personal or professional) with any of the Parties, their predecessors, or their successors in interest; and (c) a signed copy of the Agreement to Be Bound by Protective Order attached as Exhibit A.

24.    <u>Objections.</u> The Designating Party will have ten calendar days from receipt of the notice to object to the disclosure. The notice must identify the grounds for the objection. If the Designating Party does not object during that ten-day period, then the Receiving Party may disclose Designated Material to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer by telephone or in person to try in good faith to resolve the matter by agreement. If the parties cannot reach an agreement, the Receiving Party may within three (3) business days following the meet and confer email a summary of the issue(s) and specific relief requested to all counsel of record. The summary of the issue shall not exceed 500 words for one issue or a combined 1,000 words for multiple issues. The Producing Party has three (3) days thereafter to

provide an email response, also not to exceed 500 words for one issue or a combined 1,000 words for multiple issues. Once the Producing Party provides its response, the Receiving Party shall email the summaries of the issues to the Court's law clerk with opposing counsel copied. If the Receiving Party fails to email a summary of the issue(s) and specific relief requested to all counsel of record within the prescribed period, it waives any argument that such Designated Material should be disclosed to the Outside Consultant, and Designated Material may not be disclosed to such an individual. Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Designating Party, whichever occurs first.

**F.      Inspection and Production of Source Code**

25.     <u>The Secure Room</u>. Source Code will be made available for inspection in a secure room in computer searchable format on a stand-alone computer connected to a printer (that is, a computer not connected to a network or the Internet, and that is locked down so that additional peripheral devices cannot be connected to it) during regular business hours on reasonable notice, at a location in the United States selected by the Producing Party (the "Secure Room"). Before being admitted into the Secure Room, an individual must provide a photo identification card sanctioned by the government of a state of the United States or by the national government of the individual's current citizenship.

26.     <u>Review of Source Code</u>. The Receiving Party shall provide reasonable notice prior to a proposed inspection. Reasonable notice shall mean at least ten (10) business days' notice prior to an initial proposed inspection, and at least three (3) business days' notice for any subsequent review sessions. The Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer upon shorter notice, and the Receiving Party

shall make reasonable efforts to provide as much advance notice for any subsequent review sessions as possible. If a Party has in its possession any Source Code that is owned by a third party and subject to a claim of confidentiality or subject to any license restriction on its distribution or release, the Party possessing the third party Source Code will not be required to produce such data until such time as the third party has been notified by the Party of the anticipated production of such data and the third party has had an opportunity to object to such production and to seek a protective order from the Court concerning the same within fifteen (15) calendar days of being notified of the anticipated production of such data. The party possessing the third party Source Code must notify the third party within three (3) days of the request.

No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, cameras, voice recorders, telephone jacks or other hardware. Non-electronic devices capable of similar functionality are also prohibited, as is loose paper that could be used in a printer. Written notes relating to the Source Code may be taken only in spiral- or permanently-bound notebooks and shall be designated CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED - SOURCE CODE. The Source Code may not be copied into the notes. Notwithstanding this provision, file name and location (i.e., directory path), may be copied into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review but only to ensure there is no unauthorized recording, copying, or transmission of the Source Code; the Producing Party may not monitor what code is being reviewed by the Receiving Party's representative(s) and no provision in this section gives the Producing Party the right to inspect or review any notes and/or other work product of the Receiving Party – and nothing herein shall be construed to make such notes discoverable absent a waiver of attorney-client, work product, or other privilege.

The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the computer in order to access the produced source code on the computer. The computer will have a monitor of at least 32 inches diagonal and an attached mouse.

The Producing Party shall install reasonably available commercial tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist, are presently used in the ordinary course of the Producing Party's business, and do not require payment of additional license fees. The Receiving Party may request that additional software tools be installed on the computer to assist the Receiving Party's review of the source code. The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Producing Party at least ten (10) days prior to the first date on which access to the Secured Room is sought so that the producing Party may install such tools on the computer. If the Parties are unable to agree on the additional requested software tools, the Receiving Party may seek an Order from the Court after making a good faith effort to resolve the dispute.

A telephone and internet access will be provided in a room convenient to and near the Secured Room—i.e., a room in close proximity to the Secured Room; a reviewer shall be permitted to access the internet and use a personal cell phone in that room.

27.    _Inspection Hours._ Source Code will be made available for inspection between the hours of 9 a.m. to 6 p.m. local time, on business days (_i.e._, weekdays that are not Federal holidays). The Receiving Party shall make all reasonable efforts to inspect Source Code during these hours. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer beyond these hours.

28.     <u>Printing Portions of the Source Code</u>. A Receiving Party is allowed to print paper copies of necessary, specific portions of the Source Code at the time of inspection. Paper copies are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing, *i.e.*, only the portions of the Source Code that address the specific functionality relevant to the claims and defenses in this action. A Receiving Party is not entitled to print passages to facilitate review of the Source Code away from the Secure Room; the Source Code is to be reviewed and analyzed using the stand-alone computer. The Receiving Party is prohibited from removing the paper copies from the Secure Room.

29.     <u>Delivery of Printouts</u>. The Producing Party will collect any printed pages of the Source Code, and Bates number, copy, and label them "CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." Within seven (7) calendar days, the Producing Party must either (a) deliver four (4) paper copy sets of such pages to one or more offices of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. A reasonable request will be presumed to extend for no more than a total of five hundred (500) total pages, for no more than sixty (60) contiguous pages. The Producing Party shall not unreasonably deny requests for additional necessary printouts. These limits may be increased by agreement of the Parties or on a showing of need. The Receiving Party will make reasonable efforts to group together any print requests to minimize the burden of the requests.

30.     <u>Objection to Printouts</u>. In the event that the Producing Party provides notice that the printed portions are excessive or were not requested for a permitted purpose under Paragraph 29 and the Receiving Party disagrees, the parties shall first try to resolve the dispute in good faith including through a meet and confer. If the dispute cannot be resolved, the Receiving Party may

-14-

within five (5) business days following the meet and confer email a summary of the issue(s) and specific relief requested to all counsel of record. The summary of the issue shall not exceed 500 words for one issue or a combined 1,000 words for multiple issues. The Producing Party has 3 days thereafter to provide an email response, also not to exceed 500 words for one issue or a combined 1,000 words for multiple issues. Once the Producing Party provides its response, the Receiving Party shall email the summaries of the issues to the Court's law clerk with opposing counsel copied. The burden will be on the Receiving Party to demonstrate that such portions are no more than is reasonably necessary for a permitted purpose, and not merely for the purpose of review and analysis in another location.

31.     <u>Producing Party Log</u>. The Producing Party may maintain a log identifying: (a) the name of each person who accessed the Secure Room; (b) the date and time of access; (c) the length of time of access; and (d) whether any pages were printed. The Producing Party may also retain copies of any printed pages of the Source Code.

32.     <u>Receiving Party Log</u>. The Receiving Party must maintain a log identifying each person who reviews the printouts and the date and time of that person's first review. The Receiving Party must provide the Producing Party with a copy of the log on two (2) business days' notice, but no more than once per month absent a showing of good cause.

33.     <u>Maintenance of Printouts</u>. The copy sets of the Source Code printouts must be kept at all times in the office(s) of Counsel of Record to which the Producing Party delivered them unless otherwise provided below. The delivered copy sets must be kept in a locked storage container where they will not be accessible to persons other than those allowed access under this Order. Except as explicitly permitted below, the Receiving Party is prohibited from making additional copies or scanning the Source Code printouts. Outside Consultants are prohibited from

keeping, storing, or reviewing copy sets at their office. Persons allowed to access the Source Code printouts under this Protective Order may also temporarily keep the Source Code printouts in their physical possession, where physical possession means actual physical possession, while at: (1) Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); and (2) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s). If any Source Code printouts have to be stored during travel, the Receiving Party agrees to procure and store all Source Code printouts in a locked storage container at a secure storage location approved by the Producing Party at the Receiving Party's expense. The Receiving Party shall exercise due care in limiting visual access to the Source Code printouts, maintaining the security of the printouts at these temporary locations, and securely transporting the printouts to and from these temporary locations.

34.    Transportation of Copy Sets. In the event that a Producing Party authorizes  a Receiving Party to transport copy sets of the Source Code, transportation is permitted only by hand by a person authorized to have access under Paragraph 19. If an authorized person is taking copy sets on a flight, they must be carried on the plane and may not be checked. Copy sets may not be shipped by courier, such as Federal Express.

35.    Use at Depositions and Hearings. If a Receiving Party intends to use Source  Code in a deposition or at a hearing, the Receiving Party agrees to provide the Producing Party with seven (7) calendar days' advance notice of its intention to use Source Code, so that the Producing Party can make a secure computer available containing the Source Code on the day of the deposition or hearing. The Producing Party will not unreasonably refuse to provide a computer containing the Source Code in the event that a deposition is reset, however, the Producing Party will need at least seven (7) calendar days' advance notice in order to set up a computer for Source

Code. This provision is intended to obviate the need for the Producing Party to print any source code for purposes of a deposition or a hearing. If a Receiving Party additionally intends to bring Source Code printouts to a hearing or deposition, the Receiving Party may make a single copy of the Source Code printouts for use at the deposition or at the hearing without the Producing Party's prior written consent. If additional copies of Source Code printouts are requested, the Receiving Party must provide the Producing Party with four (4) calendar days' advance notice of its need for additional printed copies and identify the volume number of the code production. The Producing Party will not unreasonably refuse to provide copies of the Source Code printouts in the event that a deposition is reset or other unforeseen events prevent the Receiving Party from providing four (4) calendar days' advance notice (including in the event that a Source Code review session occurs within the four (4) calendar days' notice period). The Producing Party will then either authorize the Receiving Party to prepare copies for use in the deposition or hearing, agree to supply copies itself on the day of the deposition or hearing, or provide its objections to the request for additional copies. At the conclusion of the deposition or hearing, all copies of Source Code printouts will be returned to the Producing Party or destroyed. Copies will not be attached to deposition transcripts

36.    <u>Use in Filings</u>. A Receiving Party that wants to file or otherwise submit pages of Source Code in connection with a filing may make only as many copies, and only of the specific pages as needed, for submission. It must file the materials under seal and must immediately notify the Producing Party. The Receiving Party will not make any such copies necessary for the filing earlier than reasonably necessary, which is presumed to be no earlier than 48 hours prior to the relevant filing.

37.    <u>Use in Expert Reports and Discovery Documents</u>. To the extent it is necessary to reference Source Code in an expert report or other discovery document, the excerpts must be

limited to the minimum amount necessary to support the specific argument made, but in no event may an excerpt exceed 25 lines of data. If the Receiving Party has reason to require more than 25 lines of data to reference Source Code in an expert report or other discovery document, the Receiving Party may request such consent from the Producing Party by specifying the volume number from which such excerpts are requested and the specific number of lines of data requested. The Producing Party will not unreasonably deny such consent. Documents containing excerpts must be designated "CONFIDENTIAL - OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

## G.    Prosecution, Development, and Acquisition Bars

38.    <u>Prosecution Bar</u>. Any individual associated with a Receiving Party who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's technical ATTORNEYS' EYES ONLY Material or OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material is prohibited from prosecuting any claims directed to the Relevant Technology (including supervising, assisting, or participating in the preparation, prosecution, or amendment) of any patent or patent application, inter partes review, reexamination, reissue, or post-grant review proceeding related to the Relevant Technology that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals). This prosecution bar does not prevent an individual from participating in an inter partes review, reexamination, reissue, or other post-grant review proceeding involving the patents-at-issue, except that the individual is prohibited from participating in the drafting or amendment of any claim.

39.    <u>Development Bar</u>. Any Outside Consultants who personally review any technical CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY Material or CONFIDENTIAL -

OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material must execute the "Certification of Consultant" attached as Exhibit B in which they agree not to perform hardware, software, or product development work for commercial purposes that is related to the Relevant Technology until one year following the final termination of this action (including any appeals).

40. <u>Acquisition Bar</u>. Individuals associated with a Receiving Party (*i.e.*, Counsel of Record and Outside Consultants) who personally review any technical material related to the Producing Party's product designs that is designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE are prohibited from directly or indirectly advising or participating in the acquisition of any patent in the Relevant Technology for a period of at least one year following the final termination of this action (including any appeals).

**H.     Use of Designated Material**

41. <u>Use of Designated Material by a Receiving Party</u>. A Receiving Party, including its Counsel of Record, Outside Consultants, and Professional Vendors, is permitted to use Designated Material only for purposes of this action and is prohibited from disclosing Designated Material except in accordance with this Order. The Receiving Party shall have and maintain appropriate physical, organizational, and technical processes, security standards, guidelines, controls, and procedures to protect against a data breach ("Appropriate Safeguards"), and shall ensure that its vendors, consultants, experts and any other person or entity that receives Protected Material pursuant to the Order implements and maintains Appropriate Safeguards. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

-19-

42.      Use of Designated Material by a Producing Party. Nothing in this Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

43.      Use of Designated Material at Depositions. A Receiving Party can examine (a) a witness about Designated Material of which the witness had prior knowledge and (b) present directors, officers, employees, designated Rule 30(6)(b) witnesses, and Outside Consultants of a Designating Party about any Designated Material of that Designating Party. A non-party or Party may be examined about Materials containing Designated Material that appear on their face or from other documents or testimony to have been received from or delivered to the non-party or Party. Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

44.      Filing Designated Material. Absent written permission from the Designating Party or a Court Order issued after appropriate notice, a Party must file Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall include a cover page including the words "FILED UNDER SEAL."

45.      Transmittal of Designated Material. A Receiving Party will not transmit or transport Designated Material outside of the United States. To the extent that a Receiving Party is authorized to transport or transmit electronic copies of Designated Material, only the following methods may be used: (1) encrypted email using an encryption tool that has a passphrase of at least 20 characters in length and using at least 128-bit Advanced Encryption Standard (AES) cipher option; (ii) a secure FTP site that implements 256 bit AES encryption over SSL and utilizes access controls, and the files containing the information are encrypted using a key length of at least 20 characters and 256 bit AES encryption and are removed from the Secure FTP site within 3 days;

and (iii) hand-delivery, where the data is stored on an encrypted hard-drive using at least AES 128-bit hardware encryption algorithm and a removable hardware key or an RFID secured card.

46.     <u>Export Controlled Information</u>. Export Controlled Information is prohibited (a) from being disclosed to anyone who is not a "U.S. Person" (as defined in 22 C.F.R. § 120.15), including Counsel of Record and Outside Consultants, and (b) from being transported or transmitted outside of the United States or to any recipient who is located outside of the United States. Counsel of Record must store all Export Controlled Information in a manner such that access is limited to U.S. Persons. If a Receiving Party anticipates disclosing Export Controlled Information to the Court, including at any hearing or at trial, it will confer on the proper safeguards to avoid an export violation with the Designating Party and, if necessary, the Court.

47.     <u>Unauthorized Use or Disclosure</u>. If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

## I.     Procedure for Designating Materials

48.     <u>Designating Documents</u>. For Material in documentary form (other than transcripts), the Designating Party must affix the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" on each page that contains Designated Material.

49.     Designating Other Material. For non-documentary Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

50.     Testimony and Transcripts. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party will specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript by informing the reporter and the Parties in writing of the applicable designations within thirty calendar days of completion of the certified transcript. The entire transcript of a deposition at which CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material was disclosed will be treated as CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE until the thirty-day period has expired. The entire transcript of all other depositions will be treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY until the thirty-day period has expired. Transcript pages identified by a Designating Party must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" as instructed by the Designating– Party. Subject to the Court's preferences, the parties will work together to make Arrangements for making such designations to exhibits, testimony, and other Material used during hearings, pre-trial proceedings, and during the trial of this case.

51.     <u>Non-party Designations</u>. A non-party producing information or Material voluntarily or pursuant to a subpoena or court order may designate the information or Material in the same manner as a Party. A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

52.     <u>Challenges to Designations</u>. A Receiving Party may at any time request that a Designating Party withdraw or modify a confidentiality designation; it is not obligated to do so at the time the designation is made. Challenges must be in writing, identify each document by production number, and set forth the reason for believing the designation was improper. The Receiving Party will continue to treat the document in accordance with the Designating Party's designation unless and until otherwise agreed to by the Designating Party or ordered by the Court. If the parties are unable to agree in good faith concerning a challenge, the Receiving Party may pursue its challenge by Motion in accordance with the applicable Local Rules.

53.     <u>Documents Produced for Inspection Prior to Designation</u>. In the event documents are produced for inspection prior to designation, the documents shall be treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY during inspection, except for Source Code, which shall be treated as CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE. At the time of copying for the Receiving Party, Designated Material shall be marked prominently with "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" by the Producing Party, as appropriate.

**J.      Inadvertent Production**

54.      <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate confidential Material does not waive a Designating Party's right to secure protection under this Order for that Material. On discovery of an inadvertent failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Material bearing the appropriate legend. The Receiving Party must then treat the Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

55.      <u>No Waiver of Privilege</u>. Pursuant to Federal Rules of Evidence 502(d), no privilege or protection is waived in this or any other federal or state proceeding by disclosure connected with this litigation. For example, inspection or production of Material will not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after becoming aware of an inadvertent or unintentional disclosure, the Producing Party designates the Material as privileged or immune from discovery. On request by the Producing Party, the Receiving Party will immediately retrieve and return (or destroy) any copies of the inadvertently produced Material, including copies distributed to others (e.g., Outside Consultants and Professional Vendors). The Receiving Party will remain entitled to challenge the privilege or immunity or immunity designation.

**K.      Miscellaneous**

56.      <u>Enforcement and Jurisdiction</u>. Absent a transfer, this Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action. In the event of transfer, however, the transferee Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action. Every individual who reviews Designated

Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

57.     <u>Injunctive Relief</u>. Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

58.     <u>Final Disposition</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final disposition of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party and submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party). However, Counsel of Record are entitled to retain two (2) archival copies of all pleadings, motion papers and supporting materials, transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order.

59.     <u>Duration</u>. The confidentiality obligations imposed by this Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

60.     <u>Further Protections</u>. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

61.     <u>Subpoenas in Other Litigation</u>. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly. The notice must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

**SIGNED this 4th day of May, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I,_____, state:

1.      I reside at_____.

2.      My present employer is _____.

3.      My present occupation or job description is_____.

4.      I have read the Stipulated Protective Order ("Order") dated_____, and understand and will abide by its terms. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5.      I agree to be subject to the authority of the United States District Court for Eastern District of Texas in the event of any dispute related to this agreement.

6.      I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20__.      _____

                                                                        Signature

**Exhibit B**

**CERTIFICATION OF OUTSIDE CONSULTANT
REGARDING PROTECTIVE ORDER**

I,_____, state:

1.      I have read the Stipulated Protective Order ("Order") dated_____, and understand and will abide by its terms.

2.      I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor, or a current or anticipated consultant involved in product and/or process design or development for a Party or for a Party's competitor.

3.      If at any time after I execute this Certification of Consultant and during the pendency of the litigation I become an employee or competitor of a Party, I will promptly inform the counsel for the Party who retained me in this litigation. I will not thereafter review any Designated Materials marked as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" unless and until the Parties agree in writing or the Court orders otherwise.

4.      I will not use any Designated Material for any purpose other than this litigation.

5.      I agree not to participate in the preparation, drafting, revisions, or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or for drafting or revising a patent claim, related to the Relevant Technology that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals).

6.      I agree not to perform commercial hardware, software or product development work intended for commercial purposes that is related to the Relevant Technology until one year following the final termination of this litigation (including any appeals).

-28-

7.      I agree not to directly or indirectly provide advice or participate in the acquisition of any patent in the Relevant Technology for a period of at least one year following the final termination of this action (including any appeals).

8.      I agree to be subject to the authority of the United States District Court for Eastern District of Texas in the event of any dispute related to this certification.

9.      I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on_____, 20__.      _____
                                                                                         Signature

# EXHIBIT 4

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN FITNESS DEVICES,**<br>**STREAMING COMPONENTS THEREOF,**<br>**AND SYSTEMS CONTAINING SAME** | **Inv. No. 337-TA-1265** |

**ORDER NO. 7:     GRANTING JOINT MOTION TO ENTER PROTECTIVE ORDER SUPPLEMENT GOVERNING THE PRODUCTION OF SOURCE CODE**

(July 2, 2021)

On June 30, 2021, Complainants DISH DBS Corporation, DISH Technologies L.L.C., and Sling TV L.L.C. (collectively, "DISH") and Respondents Peloton Interactive, Inc., lululemon athletica inc., and Curiouser Products Inc. d/b/a MIRROR, ICON Health & Fitness, Inc., FreeMotion Fitness, Inc., and NordicTrack, Inc. (collectively, "Respondents") jointly moved (1265-002) to supplement the Protective Order to provide enhanced confidentiality protections for source code. The Commission Investigative Staff does not oppose. Mot at 2.

DISH and Respondents write: "DISH's and Respondents' source code constitutes highly valuable, confidential, and proprietary information. As a result, treatment of source code requires a higher degree of protection than that afforded to other Confidential Business Information." *Id*. at 1. They submit that the proposed supplement contains confidentiality provisions that are similar to those that have been implemented in other investigations to provide additional protection for source code. *Id*.

Good cause having been shown, the joint motion (1265-002) is hereby granted and the provisions set forth in Exhibit A shall be incorporated into Order No. 1 as paragraphs 18-20.

**SO ORDERED.**

Charles E. Bullock
Chief Administrative Law Judge

# EXHIBIT A

The following conditions shall govern the production, inspection/review, and use of Confidential Source Code produced by the Parties to this Investigation.

18. "Confidential Source Code" shall mean files or documents containing or substantively relating to confidential, proprietary, and/or trade secret source code. Confidential Source Code includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Confidential Source Code also includes source code files, which are text files containing source code. These include, by way of example only, files containing source code written in C, C++, Python, HTML, as well as other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or digital memory device.

19. Any information or materials produced by any Party or nonparty in connection with this Investigation that contain or substantively relate to a Party's Confidential Source Code may be designated by the Producing Party or nonparty as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION."

20. Information or material designated as CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION, and copies, extracts, compilations, and summaries thereof, may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part in accordance with the following restrictions:

  a. Access to a Party's Confidential Source Code shall be provided only on a "stand-alone" computer. That is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer (unless as otherwise permitted in this Order) or storage device other than the internal hard disk of the computer. The stand-alone computer may be connected to one or more

- 1 -

external monitors provided that such external monitors are not linked to any network, storage device, or printer.  The stand-alone computer may be connected to a mouse and/or keyboard peripheral device.  The stand-alone computer shall be password protected and maintained in a secure, locked area.

      b.     The Producing Party may have installed either Windows 10 or macOS on the source code computer, and software applications for review and/or analysis of the produced Confidential Source Code that are reasonably requested by the Receiving Party and compatible with the operating system on the stand-alone computer.  For the avoidance of doubt, the following software applications shall be deemed reasonable where the source code computer is running Windows: PowerGrep, Notepad++, Microsoft Office (including at least Work, Excel, and PowerPoint applications), Adobe Acrobat Reader, Cygwin, GIMP photo editor; ExamDiff, Eclipse, VisualStudio, UML reader (if applicable), and a desktop git or svn tool to access any code produced in a concurrent versioning system (for example, CVS, git, or subversion).   For the avoidance of doubt, the following software applications shall be deemed reasonable where the source code computer is running macOS:  Microsoft Office (including at least Work, Excel, and PowerPoint applications); Adobe Acrobat Reader; Safari; an image viewer, such as photoeditor or gimp; a UML reader, if UML is produced; BBEdit; SlickEdit; gradle; maven; and xcode. To the extent it is not technically feasible to install any of the above listed software applications on the source code computer, the parties agree to work together to identify and install software with comparable functionality. To the extent the Receiving Party requests any such software applications, the Receiving Party will provide non-trial full license versions for installation on the stand-alone computer.

- 2 -

c.      The Producing Party will produce Confidential Source Code in computer searchable format on the stand-alone computer.

d.      Except as may be mutually agreed upon the Parties or otherwise provided herein, the stand-alone computer(s) may be located only at the following United States offices of the Producing Party's outside counsel:

i.      For Confidential Source Code disclosed by DISH, the Washington, DC office of Baker Botts L.L.P.

ii.      For Confidential Source Code disclosed by Peloton Interactive, Inc., the Washington, DC office of Gibson Dunn & Crutcher LLP.

iii.      For Confidential Source Code disclosed by lululemon athletica inc. or Curiouser Products Inc. d/b/a MIRROR, the Washington, DC office of Cooley LLP.

iv.      For Confidential Source Code disclosed by ICON Health & Fitness, Inc., FreeMotion Fitness, Inc., or NordicTrack, Inc., the Salt Lake City office of Maschoff Brennan.

v.      In the event travel to or from the location of the stand-alone computer or in-person inspection of the Confidential Source Code at the location of the stand-alone computer becomes impossible and/or impracticable due to regulations or restrictions relating to a public health emergency (*e.g.*, the COVID-19 pandemic), the Parties agree to negotiate in good faith to identify procedures to facilitate inspection of the Confidential Source Code, including, if necessary, procedures to facilitate remote inspection, subject to agreement of the Producing Party.

e.      The stand-alone computer containing the Confidential Source Code will be made available for inspection upon reasonable notice to the Producing Party, which shall not be less than three business days in advance of the requested inspection,[1] during normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 5:00 p.m local time where the stand-alone computer is located pursuant to Paragraph 4.d.   A list of names of persons who will view the Confidential Source Code will be provided to the Producing Party in conjunction with any notice requesting inspection.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Confidential Source Code at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Investigation.

f.      All persons entering the room containing the stand-alone computer or Confidential Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the room. All persons inspecting source code must also comply with all applicable health and safety rules or procedures in place at the source code inspection site (*e.g.*, mask wearing, social distancing). Proper government-issued identification of all persons who inspect the Confidential Source Code shall be provided prior to any access being granted to the room containing the stand-alone computer and Confidential Source Code.  Access to the room containing the stand-alone computer and Confidential Source Code may be denied, at the discretion of the Producing Party or its outside counsel, to any individual who fails to provide proper identification.  The Receiving Party shall maintain a daily log identifying

---

[1] Except for the first requested inspection, for which five business days' notice in advance of the requested inspection is required.

the persons who enter the room containing the stand-alone computer and Confidential Source Code and the time(s) of entry and departure.  The Producing Party shall be entitled to have a person observe all entrances and exits from the room containing the stand-alone computer and Confidential Source Code, and to a copy of the log upon request.

g.      No recordable media, recordable devices, input/output devices, or other electronic devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, with the exception of a laptop brought by the Receiving Party, which has no audio/video recording capability and no internet connectivity, shall be permitted in the room containing the stand-alone computer and Confidential Source Code.  Physical and software configuration of the laptop will be subject to inspection by the Producing Party prior to being allowed in the room containing the stand-alone computer and Confidential Source Code.

h.      The use of any input/output device (e.g., electronic devices, including but not limited to a laptop computer, USB memory stick, cameras, tablets, cellular phone, flash drive, zip drive, or any devices with cameras, CDs, floppy disk, or portable hard drive), other than otherwise provided in this Order, shall not be permitted in the same room as the stand-alone computer and Confidential Source Code.  Access to the room containing the stand-alone computer and Confidential Source Code may be denied, at the discretion of the Producing Party or its outside counsel, to any individual who uses any prohibited input/output device in the room containing the stand-alone computer and Confidential Source Code.

i.      The Producing Party may observe the activities of the Receiving Party during any inspection of Confidential Source Code, but only to ensure that there is no

- 5 -

unauthorized recording, copying, downloading, uploading, printing, photographing, duplicating, or transmission of Confidential Source Code. No counsel for the Producing Party may monitor the communications between representatives of the Receiving Party during the review of Confidential Source Code.

j.     Access to and review of the Confidential Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this Investigation. No person shall review or analyze any Confidential Source Code for purposes unrelated to this Investigation. Nor may any person use any knowledge gained as a result of reviewing Confidential Source Code in this Investigation in any other future proceeding or dispute, patent prosecution, or future litigation.

k.     Only the following individuals shall have access to CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION materials, absent the express written consent of the Producing Party, an order by the Chief Administrative Law Judge or the Commission, or the Commission's Rules:

i.     Outside counsel of record for the parties to this Investigation, including any attorneys who have entered an appearance and subscribed to the Protective Order for this Investigation, as well as paralegals, technology specialists, and clerical employees of their respective law firms;

ii.     Court reporters, stenographers, and videographers transcribing or recording testimony at depositions, hearings, or trials in this Investigation. Court reporters, stenographers, and/or videographers shall not retain or be given copies of any portions of the Confidential Source Code. If used during a deposition,

hearing, or other proceeding, the record will identify the exhibit by its production numbers;

iii.     Up to four experts or consultants per Party who have been disclosed without objection, provided that: such expert or consultant has agreed to be bound by the provisions of the Protective Order in this Investigation; and no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth herein;

iv.     Employees of the Producing Party who are witnesses during a deposition, hearing, or trial in this Investigation that (a) are permitted to access the Confidential Source Code in the ordinary course of their employment and/or (b) are designated by the Producing Party to provide testimony about the Confidential Source Code pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Persons authorized to view Confidential Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Confidential Source Code except while testifying;

v.     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

vi.     the Commission, the Chief Administrative Law Judge, the Commission Investigative Staff, Commission personnel and contract personnel who are acting in the capacity of Commission employees as indicated in paragraph 3(v) of the Protective Order in this Investigation (Order No. 1).

- 7 -

l.     Any consultant or expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's Confidential Source Code, whether in electronic form or otherwise, must agree in writing not to write source code intended for commercial purposes relating to the alleged technology of the patents in suit and adaptive bit rate streaming in this Investigation during the pendency of the Investigation and for a period of six months after issuance of a final, non-appealable decision resolving all issues in the Investigation.  This shall not preclude such consultants and experts from any academic work or consulting in the future, so long as such consulting does not involve writing source code intended for commercial purposes relating to the technology at issue in this Investigation.

m.    No copies (electronic or otherwise) of all or any portion of the Confidential Source Code may leave the room in which the Confidential Source Code is inspected, except as follows:

i.     The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Confidential Source Code, but such notes shall contain only the mental impressions or comments of the reviewer regarding the Confidential Source Code rather than transcription of the Confidential Source Code.  The Receiving Party's outside counsel and/or expert shall maintain any such notes in a manner that prevents duplication or unauthorized access to the Confidential Source Code.  Any such notes must be clearly marked on each page with the designation CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION and be treated as such.

ii.     The Receiving Party may request paper copies of limited portions of Confidential Source Code, as described in the following paragraph, which are reasonably necessary for the preparation of filings, pleadings, expert reports, or other papers, or for deposition or trial as provided below in Paragraph 4.n.vii, but shall not request paper copies for the purposes of preliminary reviewing the Confidential Source Code.

iii.    Requests for print outs of Confidential Source Code may be made by outside counsel for the Receiving Party only as set forth in this paragraph. Requests for print outs of Confidential Source Code must be made in writing and must identify by file name and line numbers the Confidential Source Code requested for printing.  Counsel for the Producing Party will provide the printed Confidential Source Code, bearing Bates numbers and labeled as CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION, on watermarked paper immediately if practicable, but if not practicable, within four business days of receipt of the written request.  No more than 20 consecutive pages or an aggregate total of more than 300 pages of Confidential Source Code may be requested for printing by the Receiving Party during the duration of the Investigation.  If necessary, the Receiving Party may request to print additional pages in excess of the 300-page aggregate total, or continuous blocks that exceed 20 pages.  To the extent the Parties dispute whether the additional pages are necessary, it is the Receiving Party's burden to demonstrate good cause for the additional pages.  At the Receiving Party's request, up to two additional sets (or subsets) of printing Confidential Source Code may be requested and provided by

the Producing Party in a timely fashion.  Confidential Source Code printouts may not be photocopied or otherwise duplicated or reproduced.  The Receiving Party's outside counsel and/or expert shall maintain a log of all such printed copies of Confidential Source Code received from the Producing Party that are delivered by the Receiving Party to any qualified person under paragraph l above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified persons who receive a copy of any portion of the Confidential Source Code.

iv.     If the Receiving Party's outside counsel, consultants, or experts obtain printouts of Confidential Source Code, the Receiving Party shall ensure that those outside counsel, consultants, or experts keep the printouts in a secured locked area in their offices.  The Receiving Party may also temporarily keep the printouts at the International Trade Commission for any proceeding related to the Confidential Source Code, for the dates associated with the proceeding; the site where any deposition relating to the Confidential Source Code is taken, for the dates associated with the deposition; and any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a proceeding or deposition).

v.      A Producing Party's Confidential Source Code may only be transported by the Receiving Party at the direction of a person authorized under this Order to another person authorized under this Order on paper via hand carry, Federal Express, or other similarly reliable courier.  Confidential Source Code may

not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Confidential Source Code may only be transported electronically for the purpose of filings, proceedings, or depositions as provided in this Order and is at all times subject to the restrictions provided herein. Exhibits that contain Confidential Source Code, which are filed with pleadings, cited in an expert report, marked as an exhibit at a deposition, or entered into the record as a trial exhibit, may be transported and stored by counsel in the manner in which they store electronic copies of Confidential Business Information under the Administrative Protective Order (Order No. 1) in this investigation.

vi.     Upon final termination of this Investigation and all rights to appeal, each Receiving Party will immediately return to the Producing Party or destroy all printed or electronic copies of the Confidential Source code and any notes or other work product reflecting the Confidential Source Code and certify in writing the destruction thereof to the Producing Party within 20 business days after the determination of the Commission in this Investigation becomes final.

vii.    As necessary to create documents that, pursuant to the rules, procedures, and orders of the Chief Administrative Law Judge or the Commission, must be filed or served electronically, a Receiving Party may include excerpts of Confidential Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other document, provided that any such document that includes Confidential Source Code is appropriately designated as CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION, restricted to those who are entitled to have access to it as

provided herein, and, if filed, filed under seal in accordance with the rules, procedures, and orders of the Chief Administrative Law Judge and the Commission. A Receiving Party will use the shortest possible excerpt of Confidential Source Code that is reasonably needed to support the argument for which it is being cited.

viii.     To the extent portions of Confidential Source Code are quoted in a pleading, exhibit, expert report, discovery document, deposition transcript, or other ITC document, either (1) the entire document containing Confidential Source Code will be stamped and treated as CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION or (2) those pages containing, quoting, or functionally describing Confidential Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION.

ix.     All CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION materials used during a deposition or marked as an exhibit at a deposition will be retrieved by the Party conducting the deposition at the end of each day.   At no time will any CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY INFORMATION material be given to or left with the Court Reporter.

**CERTAIN FITNESS DEVICES, STREAMING**               **Inv. No. 337-TA-1265**
**COMPONENTS THEREOF, AND SYSTEMS**
**CONTAINING SAME**

Certificate of Service – Page 1

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served via EDIS upon the Commission Investigative Attorney, **Aaron Rauh, Esq.**, and the following parties as indicated, on **July 2, 2021**.

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

**On Behalf of Complainants DISH DBS Corporation, DISH**
**Technologies L.L.C., and Sling TV L.L.C.:**

Lisa M. Kattan, Esq.                          ☐ Via Hand Delivery
**BAKER BOTTS L.L.P.**                         ☐ Via Express Delivery
700 K Street, NW                              ☐ Via First Class Mail
Washington, DC 20001                          ☒ Other: Email Notification
Email: lisa.kattan@bakerbotts.com             of Availability for Download

**On Behalf of Respondent lululemon athletica inc. and**
**Curiouser Products Inc. d/b/a MIRROR:**

Stephen R. Smith, Esq.                        ☐ Via Hand Delivery
**COOLEY LLP**                                 ☐ Via Express Delivery
1299 Pennsylvania Avenue, NW Suite 700        ☐ Via First Class Mail
Washington, DC 20004-2400                     ☒ Other: Email Notification
Email: stephen.smith@cooley.com               of Availability for Download

**On Behalf of Respondent Peloton Interactive, Inc.:**

Josh A. Krevitt, Esq.                         ☐ Via Hand Delivery
**GIBSON, DUNN & CRUTCHER LLP**                ☐ Via Express Delivery
200 Park Avenue, 47th Floor                   ☐ Via First Class Mail
New York, New York 10166                      ☒ Other: Email Notification
Email: jkrevitt@gibsondunn.com                of Availability for Download

**CERTAIN FITNESS DEVICES, STREAMING**        **Inv. No. 337-TA-1265**
**COMPONENTS THEREOF, AND SYSTEMS**
**CONTAINING SAME**

Certificate of Service – Page 2

**<u>On Behalf of Respondents ICON Health & Fitness, Inc.,</u>**
**<u>FreeMotion Fitness, Inc., and NordicTrack, Inc.:</u>**

Charles S. Barquist, Esq.                   ☐ Via Hand Delivery
**MASCHOFF BRENNAN**                 ☐ Via Express Delivery
300 South Grand Ave.,                     ☐ Via First Class Mail
Suite 1400                                ☒ Other: Email Notification
Los Angeles, California 90071        of Availability for Download
Email: cbarquist@mabr.com