# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTONOMOUS DEVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1466-MN |
| | ) | |
| TESLA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF AUTONOMOUS DEVICES, LLC'S
FIRST SET OF REQUESTS FOR PRODUCTION TO
<u>DEFENDANT TESLA, INC. (NOS. 1-89)</u>**

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Plaintiff Autonomous

Devices, LLC ("Autonomous") hereby serves its First Set of Requests for Production (Nos. 1-89)

to Defendant Tesla, Inc. ("Tesla" or "Defendant").  Autonomous hereby requests that Tesla

produce the following documents, electronically stored information, and other things requested

herein (the "Requests") to counsel for Autonomous at the offices of McKool Smith, P.C., 1999 K

Street, Suite 600, Washington, D.C. 20006, or at a location otherwise agreed to by the parties,

within (30) days of service hereof.

**<u>DEFINITIONS</u>**

The following terms and definitions shall apply to each Request for Production contained

herein:

1.      The use of any term in the Definitions section of these Request for Production

should be understood to include any and all variations of that term necessary to bring within the

scope of the Request for Production all responses that might otherwise be construed to be outside

of its scope.

1

2.      The term "this litigation" refers to the above-captioned action, *Autonomous Devices, LLC v. Tesla, Inc.*, C.A. No. 22-1466 (D. Del).

3.      The term "Autonomous" or "Plaintiff" is defined as Autonomous Devices, LLC, the Plaintiff in this litigation, and should be understood to include any and all past and present officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, brokers, servants, and all persons acting directly or indirectly under its control, including any attorney.

4.      The terms "Defendant," "You," "Your," or "Tesla," refers to Defendant Tesla, Inc. and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under their control, including any attorney and including Defendant's parents, subsidiaries, or affiliated companies, and other related entities, including all assets or companies that Defendant has acquired or with respect to which has succeeded to rights or obligations.

5.      The term "Asserted Patents" means the patents asserted by Autonomous in its Complaint in this litigation, including United States Patent Nos. 10,452,974 ("the '974 Patent"); 11,238,344 ("the '344 Patent"); 11,055,583 ("the '583 Patent"); and 10,102,449 ("the '449 Patent") (collectively, the "Autonomous Vehicle Patents"); 10,607,134 ("the '134 Patent"); and 11,113,585 ("the '585 Patent") (collectively, the "Autonomous Vehicle Simulation Patents"), and any other patent(s) that are asserted by Plaintiff in this lawsuit.

6.      The terms "Accused Instrumentality" and "Accused Instrumentalities" refer to:

        a)      each product, instrumentality, and service identified in Plaintiff's Complaint, any subsequent amendments thereto, Plaintiff's Infringement Contentions, and any subsequent amendments thereto,

2

and any future Tesla product that is added to this case;

b)    Tesla's Software Version 9.0 and later , Enhanced Autopilot feature, Full Self-Driving ("FSD") feature, and Dojo supercomputer;

c)    each product made, used, sold, imported, offered of sale, and/or in development in the United States receiving, incorporating, using, or capable of receiving, incorporating, or using Tesla's Software Version 9.0 and later, Enhanced Autopilot, FSD, or Dojo;

d)    each version, model, or variation of such products, instrumentalities, and services; and

e)    each product, instrumentality, and service that is similar to, or performs similar functions as, the products, instrumentalities and services identified in subparts (a) to (d) to this definition, that are sold by, provided by, manufactured by, employed by, imported and/or exported by, or otherwise associated with Defendant, including but not limited to commercial or pre-commercial variants thereof. This includes, in addition to the foregoing products, all products identified in response to any of Plaintiff's Interrogatories.

7.    "Asserted Claims" is defined as the claims of the Asserted Patents that Autonomous identified in its Complaint and Infringement Contentions.  Any additional claims identified by Autonomous in any amended version(s) of his Infringement Contentions are within the meaning of the term as of the date that such amended version is served on Defendant.

8.    "Communication" or "Communications" means, unless otherwise specified, any of the following:

a)      any written letter, memorandum, email or other document;

b)      any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal;

c)      any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and

d)       any transmittal of information (in the form of facts, ideas, inquiries, or otherwise), oral or written.

9.      "Concerning" or "Relating to" means referring to, concerning, mentioning, reflecting, summarizing, evidencing, involving, describing, discussing, showing, pertaining to, responding to, supporting, contradicting, constituting, consisting, containing, comprising, composing, embodying, or commenting on, in whole or in part.

10.      "Document" or "Documents" are used herein in their broadest sense as set forth in the Federal Rules of Civil Procedure.  These words mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, within your possession, custody, or control.  Without limiting the foregoing, the terms "Document" and "Documents" shall include all agreements, contracts, communications, correspondence, facsimile, letters, opinion letters, telegrams, telefaxes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations or interviews, minutes, summaries, other records of meetings and conferences, statements obtained from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, work sheets, work papers,

drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' reports, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, lists, journals, printouts, compilations, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, programs, electronic mail ("e-mail") and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.   The words "Document" and "Documents" also include all copies of Documents by whatever means made, except that where a Document is produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

11.     "Identification," "Identify," "Identity," or "Identifying" when used in reference to:

a)      a natural person, means: to the extent known, (1) the person's full name or title, last known address, e-mail address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held.

b)      an entity, other than a natural person, means: to the extent known, (1) the name or title of the entity; (2) the type of entity; and (3) the present or last known address and telephone number of its business and/or organizational offices.

c)      a statement, either written or spoken, means: (1) the substance of each such statement; (2) the exact words used by each person participating

5

in the statement; (3) to identify each person engaging in the statement; (4) the identity of each person present at the making or reception of such statement; (5) the time and place of the statement; (6) the means of such statement (e.g., written, telephone, face-to-face, etc.).

12.    "Including" means including, but not limited to.

13.    The terms "infringe" or "infringement" should be understood to include direct infringement, contributory infringement, inducement of infringement, literal infringement, and infringement by the doctrine of equivalents.

14.    The term "Infringement Contentions" is defined as Plaintiff's infringement contentions, including any amended or supplemented version(s) of the infringement contentions as of the date that such amended or supplemented version is served on Defendant.

15.    "Parties" means the terms "Plaintiff" and "Defendant" as defined herein.

16.    "Person" means all natural persons, male or female, and all types and kinds of business or other entities, including, but not limited to, corporations, partnerships, joint ventures, associations, and sole proprietorships and any reference to an individual person, either singularly or as part of a defined group, including that person's employees, agents, legal representatives, non-legal representatives, personal representatives, attorneys, heirs, successors, assigns, and any other person or entity acting on the behalf of such individual person.

17.    "Foreign Counterpart" refers to any and all non-U.S. patents or patent applications corresponding to, claiming priority from, referring to the subject matter of, or directed to the inventions claimed in the Asserted Patent, any Related Patent, or any Related Application, regardless of whether such application is now abandoned.

18.    "Related Applications" means any and all applications related to the Asserted

6

Patents, including any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, Foreign Counterpart applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Asserted Patents, or claiming the benefit of the filing date of any application whose benefit is claimed in the Asserted Patents, whether or not abandoned and whether or not issued.

19.    "Related Patents" means any and all patents related to the Asserted Patents, including any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, Foreign Counterpart, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Asserted Patents, or claiming the benefit of the filing date of any application whose benefit is claimed in the Asserted Patents, whether or not abandoned and whether or not issued.

20.    "Third Party" means any natural person, corporation, partnership, association, joint venture, government body, or other legal entity other than Plaintiff and Defendant.

21.    The term "each" is defined as including "every," and the term "every" is defined as including "each."

22.    The term "any" is defined as including "all," and the term "all" is defined as including "any."

23.    The term "party" means any natural person, corporation, partnership, association, joint venture, government body, or other legal entity, including Plaintiff and Defendant.

24.    The term "person" means all natural persons, male or female, and all types and kinds of business or other entities, including, but not limited to, corporations, partnerships, joint ventures, associations, and sole proprietorships and any reference to an individual person, either singularly or as part of a defined group, including that person's employees, agents, legal

7

representatives, non-legal representatives, personal representatives, attorneys, heirs, successors, assigns, and any other person or entity acting on the behalf of such individual person.

25.     The disjunctive shall be construed as the conjunctive, and the conjunctive shall be construed as the disjunctive, and the connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

26.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

27.     A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

28.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.


## **INSTRUCTIONS**

1.     The documents produced pursuant to these Requests must be produced in the same form and in the same order in which they existed prior to production or in which they were maintained in the ordinary course of business.  Documents are to be produced in the boxes, file folders, bindings, or other containers in which the documents are found.  The title, labels, or other descriptions of the boxes, file folders, binders, or other containers are to be left intact..

2.     Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and the

terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these Requests any documents that might otherwise be considered outside their purview.

3.      If any document responsive to any of the following Requests is withheld from production on the basis of privilege or otherwise, provide the following information for each such document: (1) its date; (2) its title, if any; (3) its general subject matter; (4) the author; (5) any recipients; and (5) the basis for such claim or privilege or other grounds for withholding production.

4.      If only a portion of the document is responsive, you must produce the entire document in unredacted form, including any exhibits or attachments to the document, unless the redaction is made on the basis of privilege or other legal protection.  Where any redaction is made on the basis of privilege or other legal protection, identify the redaction by stamping the word "redacted" on the document on the place or places where the information has been redacted, and separately provide information Concerning the subject matter of the redaction, the author of the redacted information, any recipient of the redacted information, and the basis for the redaction.

5.      These Requests are continuing for all documents that are sought that may later come into your possession, custody, or control.

6.      If Defendant does not respond to any Request in full, state the precise reason for failing to do so in accordance with Fed. R. Civ. P. 34. For each Request, Your response must either state that inspection will be permitted or You will produce copies of documents or electronically stored information as requested or state with specificity the grounds for objecting to the request, including the reasons. If a legal objection is made, set forth the specific nature of the grounds for that objection. The objection must state whether any responsive materials are being withheld on

the basis of that objection.  An objection to any part of a Request must specify the objectionable part and You must permit inspection or produce responsive documents of the rest.

7.      If any information is withheld on the basis of a claim of privilege or work product, You must provide a privilege log in accordance with Fed. R. Civ. P. 26 that shall: (a) Identify the information withheld to allow Autonomous to assess the claim, including by subject matter, author, addressees, recipient(s), carbon copy recipient(s), and date; and (b) state the basis for the claim of privilege or work product.

8.      Any document responsive to these Requests that was, but no longer is, in your possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

    a.      The manner of disposal, including destruction, loss, discarding, or any other means of disposal;

    b.      The date of disposal;

    c.      The reason for disposal;

    d.      Person disposing of the document; and

    e.      The name and address of the most recent custodian of the document.

9.      If no document exists which is responsive to a particular Request, state that no such document exists. .

10.      With respect to the electronically stored information (ESI) requested herein, you are to include the projections, spreadsheets, models, and linked data sources in native electronic format (as opposed to PDF or similar format).  This definition also incorporates by reference the provisions of any order concerning the production of ESI issued by the Court.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents identified in Tesla's initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Tesla in drafting its initial disclosures.

### REQUEST FOR PRODUCTION NO. 2:

All Documents received by Tesla in response to any subpoenas propounded by Tesla in this litigation.

### REQUEST FOR PRODUCTION NO. 3:

All Documents identified in Tesla's responses to all interrogatories and requests for admissions or used, relied on, or considered by Tesla in drafting its responses to interrogatories or requests for admissions.

### REQUEST FOR PRODUCTION NO. 4:

All Documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

### REQUEST FOR PRODUCTION NO. 5:

All Documents relating to any defense or counterclaim that You have asserted or intend to assert in this litigation.

### REQUEST FOR PRODUCTION NO. 6:

Documents sufficient to describe all Tesla electronic data and document retention policies.

### REQUEST FOR PRODUCTION NO. 7:

For each person Tesla intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other

11

proceeding relating to autonomous driving, or training of vehicles for autonomous driving; (d) all Documents provided to that person in connection with this lawsuit; and (e) all Documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to Jasmin Cosic, or Autonomous Devices.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to Asserted Patents, any Related Patent(s), or any Foreign Counterpart, including any Defendant patent or patent application that have cited the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things referring or relating to any written or oral opinions, including any such opinions and any evaluations, searches, studies, investigations, analyses, reviews, reports, or observations concerning the infringement or non-infringement, validity or invalidity and/or enforceability or unenforceability of the Asserted Patents or any Related Application, or Related Patent.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to any Prior Art collected, identified, or considered in relation to any Asserted Patent or any Related Patent, including existing English translations of any foreign patent or publication.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to any evidence of the obviousness or non-obviousness of any subject matter claimed in any Asserted Patent.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that refer or relate to whether:

- the inventions claimed in the Asserted Patents satisfied one or more long-felt needs in the art;

- each Accused Instrumentality has enjoyed commercial success;

- any person has recognized the significance of the inventions of the Asserted Patents;

- any person has recognized the significance of the contributions of the inventors of the Asserted Patents to the field of the Asserted Patents;

- any person expressed initial skepticism about the inventions of the Asserted Patents;

- any person has acknowledged the validity of the Asserted Patents;

- any person has copied the inventions of the Asserted Patents;

- any person has incorporated the inventions of the Asserted Patents into any subsequent patent filing or device;

- there was a long-felt need in the industry to obtain the Accused Instrumentalities; or

- any documents or things concerning or evidencing a belief that any party or person achieved commercial success using the inventions of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things relating to industry analysis, commentary, or recognition of deficiencies of and/or needs met by the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things relating to the advantages, if any, offered by the Accused Instrumentalities over competitor products and any evidence of such advantages, including communications among Defendants, their customers, or licensees concerning any such advantages as well as any surveys concerning customer preferences.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning the realized or expected commercial success, commercial performance, customer satisfaction, customer demand, critiques, problems, shortcomings, challenges, technical success, technical performance, financial performance, financial impact, suitability, competitive position, and/or market position of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to whether or why any Accused Instrumentality may or may not infringe any Asserted Patent.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to Tesla's first awareness of each Asserted Patent.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to any attempts to design around or modify the Accused Instrumentalities to avoid infringement of any Asserted Patent.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning any effort or analysis by you to or redesign the Accused Instrumentalities so as to avoid infringement of the Asserted Patents, the costs of all design around options analyzed, the time spent on such analysis, the estimated time to market for such a design-around, whether the design-around had or has any potential compatibility issues and, if so, the options analyzed to address those issues, whether the design-around had any impact (however

measured) on the performance of the systems and services, and the estimated costs that such a design would have added to any product or functionality.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning any policies or procedures of Telsa for determining whether any of its products, or its manufacture, offer for sale, sale, or use has infringed, or would or might infringe, the patent rights of another.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to the meaning or scope of the claims in any Asserted Patent, including any documents on which Tesla may rely to support any construction or interpretation of any claim limitation.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject matter claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning feature requests or functionality requests Your customers' have made over the course of the Accused Instrumentalities' development.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the user interface (if any) for each Accused Instrumentality from October 16, 2018 to date.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to the design, development, functionality, or testing of any Accused Instrumentality, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries, programming instructions, and source code.

15

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning improvements, additions, new features, new functionalities, updates, revisions, and alterations to the Accused Instrumentalities, including the reasons, justification, analysis, and basis for any such improvements, additions, new features, new functionalities, updates, revisions, and alterations.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning any expected or realized benefits (to you or to your customers or potential customers) associated with offering the Accused Instrumentalities, whether technical or financial.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to the features and functionality accused of infringement, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries, programming instructions, and source code.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents generated or used during the research and development of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 31:**

All documents, data files, memoranda, slide decks, meeting minutes, white papers, presentations and other records, documenting the research and development of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and things related to investor events and presentations, including earnings conference calls, webcasts, or other events or presentations, concerning the Accused

Instrumentalities, including video or audio recordings, transcripts, outlines, speaking points, slides, posters, or handouts including at least the following:

- Tesla AI Day 2022 (https://www.youtube.com/watch?v=ODSJsviD_SU);

- Tesla AI Day 2021 (https://www.youtube.com/watch?v=j0z4FweCy4M);

- Tesla Autonomy Day (https://www.youtube.com/watch?v=Ucp0TTmvqOE);

- Tesla Unveils Dual Motor and Autopilot (https://www.youtube.com/watch?v=FZ6lZJWL_Xk&list=RDCMUC5WjFrtBduf l6CZojX3D8dQ&index);

- Full Self Driving (https://www.youtube.com/watch?v=tlThdr3O5Qo&list=RDCMUC5WjFrtBdufl6 CZojX3D8dQ&index);

- Tesla Q2 2022 Financial Results and Q&A Webcast (https://www.youtube.com/watch?v=kwpYe1Empwo&list=RDCMUC5WjFrtBdu fl6CZojX3D8dQ&index);

- Tesla Q4 and full year 2021 Financial Results and Q&A Webcast (https://www.youtube.com/watch?v=EMA6myXpfqI&list=RDCMUC5WjFrtBdu fl6CZojX3D8dQ&index);

- Model 3 Guide | Navigate on Autopilot (https://www.youtube.com/watch?v=IkSw2SZQENU&list=RDCMUC5WjFrtBdu fl6CZojX3D8dQ&index);

- Model S+X Guide | Navigate on Autopilot (https://www.youtube.com/watch?v=hif8pe80Xxs&list=RDCMUC5WjFrtBdufl6 CZojX3D8dQ&index);

17

- Enhance your commute with Autopilot

  (https://www.youtube.com/watch?v=jWreyC2l-dw).

**REQUEST FOR PRODUCTION NO. 33:**

Source code, comments, change logs, and notes for each version (including minor releases, bug fixes, and rejected code) of every Accused Instrumentality from October 16, 2018 to date.

**REQUEST FOR PRODUCTION NO. 34:**

Two source code computers with source code for each Accused Instrumentality from October 16, 2018 to date.

**REQUEST FOR PRODUCTION NO. 35:**

All training materials (including videos and wikis) provided to new employees of the software development team regarding the source code, architecture, technology stack, history, and FAQs concerning the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 36:**

A specifications related to the source code of the Accused Instrumentalities (including each version thereof), including software quality assurance specifications, software configuration management specifications, software test documentation specifications, software requirements specifications, software verification and validation specifications, software design description specifications, software project management specifications, software user documentation specifications, software reviews and audit specifications, system requirements specifications, concept of operations specifications, requirements engineering specifications, technical specifications, formal specifications, user stories, user story maps, and use cases.

**REQUEST FOR PRODUCTION NO. 37:**

For each Accused Instrumentality, produce all datasheets, design guides, technical specifications, engineering protocols, product guides, and product manuals created or published for external use, internal use, and/or those that are shared between partner companies.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning each internal product name, designation, product number, version number, and corresponding marketing part number, name, and/or designation of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 39:**

Produce every manual, instruction sheet, brochure, specification, user guide, and customer guide for each commercially available model, and each variation of each model, of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents relating to any advantages or disadvantages of any feature or functionality accused of infringement, including documents relating to any features that drive consumer demand for any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 41:**

All documents comparing, contrasting, weighing, and/or analyzing the relative advantages and disadvantages of the Accused Instrumentalities and other similar products.

**REQUEST FOR PRODUCTION NO. 42:**

All technical papers, reviews white papers, internal memoranda, conference proceedings, book chapters, articles, publications, or technical presentations (published or unpublished) that include discussions, analysis, or any other content concerning the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of Tesla, relating to autonomous driving, or training of a vehicle for autonomous driving or any Accused Instrumentality, or that cites an Asserted Patent or a Related Patent.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning your decision to continue to develop, make, use, sell or offer for sale the Accused Instrumentalities after becoming aware of the Asserted Patents, including whether you may need a license to the Asserted Patents or whether you may have liability with respect to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 46:**

With respect to the Accused Instrumentalities, all documents concerning the first date of the actual or expected:

- use of the Accused Instrumentalities;

- sale of the Accused Instrumentalities;

- offer for sale of the Accused Instrumentalities;

- import of the Accused Instrumentalities into the United States; or

- export of the Accused Instrumentalities from the United States.

**REQUEST FOR PRODUCTION NO. 47:**

All documents that relate to your organizational structure(s) for the (a) engineering, design, and research and development, (b) licensing, (c) manufacture and testing, (d) distribution, and (e) marketing (including through websites, such as Tesla.com), sales, and promotion of the Accused Instrumentalities, including documents identifying all persons in executive or operational management positions.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to the decision to develop any Accused Instrumentality, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to the manufacture of any Accused Instrumentality, including product drawings, schematics, manuals, and test protocols.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning your investment or capital expenditures in the Accused Instrumentalities, including, without limitation, your investment in research and development.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show the locations of each step of the manufacture and testing of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show the locations where the Accused Products are or were manufactured, developed, imported, exported, transmitted, sold, and offered for sale and whether any party other than you was involved in the manufacture, development, importation, exportation, transmission, sale, or offer for sale.

**REQUEST FOR PRODUCTION NO. 53:**

All documents (including videos) reflecting any testing of the Accused Instrumentalities, including any development versions and/or prototypes thereof.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to identify all individuals, persons, or entities, including third parties, who participated in the research, development, testing, production, evaluation, and/or sale of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of products manufactured in whole or in part in the United States.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of products imported into the United States by or on behalf of Tesla.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show, on a quarterly and yearly basis, the following information for each of the Accused Instrumentalities on a product-by-product basis since October 16, 2018:

- the actual or expected total number of units made, developed, sold or offered for sale in the United States or transmitted or sold abroad;

- the per-unit average sales price of the Accused Products made, developed, sold or offered for sale in the United States or transmitted or sold abroad;

- the revenues, net of any returns, allowances, or credits, from the manufacture, development or sales of the Accused Products in the United States or transmitted or sold abroad;

22

- the cost of goods sold relating to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;

- net and gross profits relating to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;

- the general and administrative costs attributable to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;

- the sales and marketing expenses attributable to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;

- the research and development expenses attributable to the Accused Products manufactured, developed, or sold in the United States or transmitted or sold abroad; and

- all other expenses attributable to the Accused Products manufactured, developed, or sold in the United States or transmitted or sold abroad.

## REQUEST FOR PRODUCTION NO. 58:

Documents sufficient to show any plans, analyses, forecasts, and/or projections for the pricing of the Accused Instrumentalities, including documents discussing any list prices, discounts, and/or rebates to be offered for any such Accused Instrumentalities.

## REQUEST FOR PRODUCTION NO. 59:

All documents concerning any expenses that you incurred, by date and type of expense, in implementing the features of the Accused Instrumentalities that are alleged to infringe the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 60:**

All contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing of any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents relating to any application by Tesla to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents relating to how Tesla instructs others on how to manufacture or use any Accused Instrumentality, including any user manuals, articles, data sheets, or product specifications.

**REQUEST FOR PRODUCTION NO. 63:**

All documents (including videos) provided to Your customers or potential customers to whom You sell or offer to sell the Accused Instrumentalities, including without limitation directions or suggestions concerning how to use the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 64:**

All documents concerning your customers' use of the Accused Instrumentalities and/or your potential customers' expected use of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 65:**

All training materials (including videos) provided to customers, employees, contractors, or representatives to the extent such training materials (including videos) related to the sale or use of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents relating to the advertising or promotion of any Accused Instrumentality, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to identify any internal code names for each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents relating to autonomous driving market, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents relating to any conference, seminar, exhibition, convention, video, commercial, or trade show at which any Accused Instrumentality was discussed, referred to, advertised, displayed, demonstrated, or shown, including, but not limited to, each transcript associated with the conference, seminar, exhibition, convention, video, commercial, or trade show.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents relating to any products that compete with any Accused Instrumentality, including any analyses of the strengths or weaknesses of those products compared to any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show the profitability of each Accused Instrumentality, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**REQUEST FOR PRODUCTION NO. 73:**

Documents sufficient to show royalties paid by Defendants, or paid to Defendants, for the licensing of any patent or technology relating to the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 74:**

All documents concerning the financial reports produced, maintained, or run by you in the ordinary course of your business concerning the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 75:**

All of your periodic (monthly, quarterly, annual) financial statements, from October 16, 2018 to the present, including, but not limited to, statements showing realized or expected sales revenue, cost of goods sold, selling expenses, general expenses, administrative expenses, and income, on a product-by-product basis.

**REQUEST FOR PRODUCTION NO. 76:**

All business plans relating to each of the Accused Instrumentalities, including but not limited to, strategic plans, operating plans, marketing plans or studies, sales plans, financial plans, surveys, sales forecasts, budgets, and/or other evaluations, analyses, or assessments concerning the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 77:**

All documents concerning Defendants' future plans for the Accused Instrumentalities, including sales projections, future plans for the development of the Accused Instrumentalities and any planned or contemplated improvements, additions, new features, new functionality, updates, revisions, and alterations of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 78:**

All documents concerning your marketing, sales, promotion, and advertisement of the Accused Instrumentalities, including all documents, bids, requests for proposal, marketing studies, promotional material, presentations, videos, television advertisements, magazine and/or trade journal advertisements, internet advertising, and radio advertisements concerning said advertising and marketing.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Tesla relating to any Accused Instrumentality, autonomous driving, or training of a vehicle for autonomous driving.

**REQUEST FOR PRODUCTION NO. 80:**

All license agreements relating to the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 81:**

All license agreements that you contend to be for use of technologies that are comparable or analogous to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents relating to any patent infringement indemnification provisions or agreements between Tesla and any other person relating to any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents concerning Tesla's decision to use the Dojo.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents concerning Tesla's praise of the Dojo.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and information gathered for the NHTSA relating to the tweet below:

27



## REQUEST FOR PRODUCTION NO. 86:

All Documents provided to NHTSA relating to Full Self-Driving and/or Enhanced Auto Pilot.

## REQUEST FOR PRODUCTION NO. 87:

All Documents supporting Mr. Musk's statement that "Tesla Full Self-Driving will work at a safety level well above that of the average driver" in 2021 as shown in the tweet below.



## REQUEST FOR PRODUCTION NO. 88:

All Documents concerning the safety of Tesla's Full Self-Driving and/or Enhanced Autopilot.

## REQUEST FOR PRODUCTION NO. 89:

All Documents concerning Tesla's fleet being "the biggest asset value increase of anything in history" as stated by Mr. Musk during Tesla's Q4 2022 results conference call:

> Something that I think some of these smart retail investors understand but I think a lot of others maybe don't – is that every time we sell a car, it has the ability, just from uploading software, to have full self-driving enabled, and full self-driving is obviously getting better very rapidly. So that's actually a tremendous upside

28

potential because all of those cars, with a few exceptions, only a small percentage of cars don't have Hardware 3, so that means that there are millions of cars where full self-driving can be sold at essentially 100% gross margin. And the value of it grows as the autonomous capability grows. And then, when it becomes fully autonomous, that is a value increase in the fleet. That might be the biggest asset value increase of anything in history. Yes.


                                          /s/ Emily S. DiBenedetto
                                          Karen E. Keller (No. 4489)
OF COUNSEL:                               Emily S. DiBenedetto (No. 6779)
Blair Jacobs                              SHAW KELLER LLP
Christina A. Ondrick                      I.M. Pei Building
John S. Holley                            1105 North Market Street, 12th Floor
Elizabeth Bernard                         Wilmington, DE 19801
MCKOOL SMITH, P.C.                        (302) 298-0700
1999 K Street, NW Suite 600               kkeller@shawkeller.com
Washington, D.C. 20006                    edibenedetto@shawkeller.com
(202) 370-8300                            *Attorneys for Autonomous Devices LLC*

George T. Fishback, Jr.
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX 78701
(512) 692-8756

Dated: April 7, 2023

## CERTIFICATE OF SERVICE

I, Emily S. DiBenedetto, hereby certify that on April 7, 2023, this document was served

on the persons listed below in the manner indicated:

### BY EMAIL

| | |
|---|---|
| Jack B. Blumenfeld | Anish Desai |
| Brian P. Egan | Ian Moore |
| MORRIS, NICHOLS, ARSHT | WEIL, GOTSHAL & MANGES LLP |
|   & TUNNELL LLP | 767 Fifth Avenue |
| 1201 North Market Street | New York, NY 10153-0119 |
| P.O. Box 1347 | (212) 310-8000 |
| Wilmington, DE 19899 | anish.desai@weil.com |
| (302) 658-9200 | ian.moore@weil.com |
| jblumenfeld@morrisnichols.com | |
| began@morrisnichols.com | Christopher Pepe |
| | Matthew D. Sieger |
| Adrian C. Percer | Allison Herzig |
| WEIL, GOTSHAL & MANGES LLP | Eric C. Westerhold |
| 201 Redwood Shores Parkway | WEIL, GOTSHAL & MANGES LLP |
| Redwood Shores, CA 94065-1175 | 2001 M Street, NW, Suite 600 |
| (650) 802-3000 | Washington, DC 20036 |
| adrian.percer@weil.com | (202) 682-7000 |
| | christopher.pepe@weil.com |
| | matthew.sieger@weil.com |
| | allison.herzig@weil.com |
| | eric.westerhold@weil.com |

*/s/ Emily S. DiBenedetto*
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Autonomous Devices LLC*