# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTONOMOUS DEVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1466-MN |
| | ) | |
| TESLA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF AUTONOMOUS DEVICES, LLC**
**FIRST SET OF INTERROGATORIES TO DEFENDANT TESLA, INC. (NOS. 1-10)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Autonomous Devices, LLC ("Plaintiff") hereby requests that Tesla, Inc. ("Defendant" or "Tesla") answer these interrogatories separately, fully, and under oath in the manner required by the Federal Rules of Civil Procedure within thirty (30) days of service.

**DEFINITIONS**

The following terms and definitions shall apply to each Interrogatory contained herein:

1. The use of any term in the Definitions section of these Interrogatories should be understood to include any and all variations of that term necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

2. The term "this litigation" refers to the above-captioned action, *Autonomous Devices, LLC v. Tesla, Inc.*, C.A. No. 22-1466 (D. Del).

3. The term "Autonomous" or "Plaintiff" is defined as Autonomous Devices, LLC, the Plaintiff in this litigation, and should be understood to include any and all past and present officers, directors, partners, associates, employees, staff members, agents, representatives,

attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, brokers, servants, and all persons acting directly or indirectly under its control, including any attorney.

4. The terms "Defendant," "You," "Your," or "Tesla," refers to Defendant Tesla, Inc. and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under their control, including any attorney and including Defendant's parents, subsidiaries, or affiliated companies, and other related entities, including all assets or companies that Defendant has acquired or with respect to which has succeeded to rights or obligations.

5. The term "Asserted Patents" means the patents asserted by Autonomous in its Complaint in this litigation, including United States Patent Nos. 10,452,974 ("the '974 Patent"); 11,238,344 ("the '344 Patent"); 11,055,583 ("the '583 Patent"); and 10,102,449 ("the '449 Patent") (collectively, the "Autonomous Vehicle Patents"); 10,607,134 ("the '134 Patent"); and 11,113,585 ("the '585 Patent") (collectively, the "Autonomous Vehicle Simulation Patents"), and any other patent(s) that are asserted by Plaintiff in this lawsuit.

6. The terms "Accused Instrumentality" and "Accused Instrumentalities" refer to:

    a) each product, instrumentality, and service identified in Plaintiff's Complaint, any subsequent amendments thereto, Plaintiff's Infringement Contentions, and any subsequent amendments thereto, and any future Tesla product that is added to this case;

    b) Tesla's Software Version 9.0 and later, Enhanced Autopilot feature, Full Self-Driving ("FSD") feature, and Dojo supercomputer;

    c) each product made, used, sold, imported, offered of sale, and/or in development in the United States receiving, incorporating, using, or

        capable of receiving, incorporating, or using Tesla's Software Version 9.0 and later, Enhanced Autopilot, FSD, or Dojo;

    d)    each version, model, or variation of such products, instrumentalities, and services; and

    e)    each product, instrumentality, and service that is similar to, or performs similar functions as, the products, instrumentalities and services identified in subparts (a) to (d) to this definition, that are sold by, provided by, manufactured by, employed by, imported and/or exported by, or otherwise associated with Defendant, including but not limited to commercial or pre-commercial variants thereof. This includes, in addition to the foregoing products, all products identified in response to any of Plaintiff's Interrogatories.

7. "Asserted Claims" is defined as the claims of the Asserted Patents that Autonomous identified in its Infringement Contentions. Any additional claims identified by Autonomous in any amended version(s) of his Infringement Contentions are within the meaning of the term as of the date that such amended version is served on Defendant.

8. "Communication" or "Communications" means, unless otherwise specified, any of the following:

    (i)    any written letter, memorandum, email or other document;

    (ii)    any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal;

    (iii)    any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and

(iv)    (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise), oral or written.

9.    "Concerning" or "Relating to" means referring to, concerning, mentioning, reflecting, summarizing, evidencing, involving, describing, discussing, showing, pertaining to, responding to, supporting, contradicting, constituting, consisting, containing, comprising, composing, embodying, or commenting on, in whole or in part.

10.    "Document" or "Documents" are used herein in their broadest sense as set forth in the Federal Rules of Civil Procedure.  These words mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, within your possession, custody, or control.  Without limiting the foregoing, the terms "Document" and "Documents" shall include all agreements, contracts, communications, correspondence, facsimile, letters, opinion letters, telegrams, telefaxes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations or interviews, minutes, summaries, other records of meetings and conferences, statements obtained from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' reports, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, lists, journals, printouts, compilations, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, programs, electronic mail

("e-mail") and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The words "Document" and "Documents" also include all copies of Documents by whatever means made, except that where a Document is produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

11. "Identification," "Identify," "Identity," or "Identifying" when used in reference to:

a) a natural person, means: to state, to the extent known, (1) the person's full name or title, last known address, e-mail address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held.

b) an entity, other than a natural person, means: to state, to the extent known, (1) the name or title of the entity; (2) the type of entity; and (3) the present or last known address and telephone number of its business and/or organizational offices.

c) a Document, means: to identify the Document by (1) its date, author, and addressee(s); (2) state the type of Document (e.g., letter, memorandum, etc.); (3) identify its present location and identity of its custodian; and (4) identify the Document by its Bates number range.

d) a statement, either written or spoken, means: (1) the substance of each such statement; (2) the exact words used by each person participating in the statement; (3) to identify each person engaging in the statement; (4) the identity of each person present at the making or reception of such statement; (5) the time and place of the

statement; (6) the means of such statement (e.g., written, telephone, face-to-face, etc.).

12. "Including" means including, but not limited to.

13. The terms "infringe" or "infringement" should be understood to include direct infringement, contributory infringement, inducement of infringement, literal infringement, and infringement by the doctrine of equivalents.

14. The term "Infringement Contentions" is defined as Plaintiff's infringement contentions, including any amended or supplemented version(s) of the infringement contentions as of the date that such amended or supplemented version is served on Defendant.

15. "Parties" means the terms "Plaintiff" and "Defendant" as defined herein.

16. "Person" means all natural persons, male or female, and all types and kinds of business or other entities, including, but not limited to, corporations, partnerships, joint ventures, associations, and sole proprietorships and any reference to an individual person, either singularly or as part of a defined group, including that person's employees, agents, legal representatives, non-legal representatives, personal representatives, attorneys, heirs, successors, assigns, and any other person or entity acting on the behalf of such individual person.

17. "Related Applications" means any and all applications related to the Asserted Patents, including any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, Foreign Counterpart applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Asserted Patents, or claiming the benefit of the filing date of any application whose benefit is claimed in the Asserted Patents, whether or not abandoned and whether or not issued.

18. "Related Patent" means any or all patents based upon any Related Application,

including any patents that may have been opposed, contested, or subjected to any nullity proceedings.

19. "Third Party" means any natural person, corporation, partnership, association, joint venture, government body, or other legal entity other than Plaintiff and Defendant.

20. The term "each" is defined as including "every," and the term "every" is defined as including "each."

21. The term "any" is defined as including "all," and the term "all" is defined as including "any."

22. The term "party" means any natural person, corporation, partnership, association, joint venture, government body, or other legal entity, including Plaintiff and Defendant.

23. The term "person" means all natural persons, male or female, and all types and kinds of business or other entities, including, but not limited to, corporations, partnerships, joint ventures, associations, and sole proprietorships and any reference to an individual person, either singularly or as part of a defined group, including that person's employees, agents, legal representatives, non-legal representatives, personal representatives, attorneys, heirs, successors, assigns, and any other person or entity acting on the behalf of such individual person.

24. Whenever Defendant is asked to identify and/or describe an event or chain of events, such identification and description of the event or chain of events should be understood to include: (i) a statement of the date(s) of each occurrence relevant to the event; (ii) identification of all individuals having information about any aspect of the event including, but not limited to, those involved in witnessing, supervising, controlling, supporting, requesting, or otherwise participating in the event and/or those who can corroborate or refute the described circumstances of the event; and (iii) a description of the role and/or contribution of each person so identified.

25.     The disjunctive shall be construed as the conjunctive, and the conjunctive shall be construed as the disjunctive, and the connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

26.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

27.     A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

28.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

## INSTRUCTIONS

1.      In construing these Interrogatories: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine, or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this request all information that might otherwise be construedto be outside its scope; (iv) each of the words "all," "each," "any," and "every" shall be deemed to include each of the other functional words; (v) the definition of each term defined above shall be used regardless of whether the term is capitalized; and (vi) the past tense of a verb used hereinincludes the present tense and the present tense includes the past tense.

2.      For each of the Interrogatories contained herein, the information sought is that

which is current to the date of your response. All the Interrogatories contained herein are of a continuing nature and supplemental responses are required in accordance with Fed. R. Civ. P. 26(e).

3. If Defendant does not answer any Interrogatory in full, state the precise reason for failing to do so. If a legal objection is made, set forth the specific nature of the grounds for that objection. If only a portion of any Interrogatory cannot or will not be answered, (i) provide a full answer to the remaining portion, and (ii) specifically set forth (a) the fact that the answer is incomplete and (b) the reasons or grounds for any omission or for Defendant's inability or refusal to complete the answer. If an Interrogatory can be answered only in part on the basis of information available at the time of the response, (i) provide an answer on the basis of that information, (ii) indicate that Defendant's answer is so limited, and (iii) provide a further response, in accordance with paragraph 1 of these Instructions, when further information becomes available. If any information is withheld on the basis of a claim of privilege or work product, then the answer shall: (i) generally identify the information withheld by subject matter, author, addressees, and carbon copy recipient(s), (ii) state the basis for withholding the information, and (iii) identify the person(s) knowledgeable about the subject matter of the withheld information.

4. If any document referred to in Defendant's response to these Interrogatories was, but is no longer in Defendant's possession, custody, or control, state what disposition was made of each document and when such disposition was made. If any document referred to in response to these Interrogatories has been lost or destroyed, describe in detail the circumstances of such loss or destruction and Identify each lost or destroyed document, including all files that contained such document.

5. If no document exists which is responsive to a particular Interrogatory, state that no such document exists.

6. All Interrogatories must be answered fully and in writing in accordance with Fed. R. Civ. P. 11 and 33.

7. Each Interrogatory shall be set forth immediately prior to the response thereto.

8. If the procedure for answering Interrogatories as authorized by Fed. R. Civ. P. 33(d) is used, for each Interrogatory and subpart thereof, specify the production (*i.e.*, Bates) numbers of the specific Document or group of Documents.

9. The obligation to answer these interrogatories is continuing pursuant to Federal Rule of Civil Procedure 26(e). If at any time after answering these interrogatories you discover additional information that will make your answers to these interrogatories more complete or correct, amend your answers as soon as practicable.

10. To the extent that You contend that the request for Identification of person(s) most knowledgeable about Your answer and/or request for Identification of Documents that relate to, support, or refute Your answer within any Interrogatory constitute discrete subparts under Fed. R. Civ. P. 33(a) that count as separate Interrogatories, do not respond to those parts of the Interrogatory that You contend are discrete subparts until that issue is either (a) resolved by agreement of the Parties or (b) resolved by the Court.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Accused Instrumentality made, used, offered to sell, sold, and/or imported, by You or at Your behest, within the United States since October 16, 2018. Your identification should include each Accused Instrumentality's name, model number, internal name(s)/designation(s), manufacturer, an identification of all software and hardware versions supported by each Accused Instrumentalitiy including whether they are trained using Tesla's Dojo and/or Tesla's Fleet. Your answer should use the format of the following table, and identify the three current Tesla employees most knowledgeable about such operation.

| Name of Product / Equipment | Internal Name(s) | Identification of Hardware Version No. and Software Version No. | Trained using Dojo (y/n) | Trained using Tesla Fleet (y/n) | Individuals Most Knowledgeable |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

### INTERROGATORY NO. 2:

Separately for each product or service identified in your response to Interrogatory No. 1, identify the financial information generated from sales of these products or services (including support services for these products) to customers in the United States since October 16, 2018 on a monthly basis (or quarterly if monthly does not exist, or annually if neither monthly nor quarterly exist), including but not limited to the number of units sold, revenues, gross profits, net profits, the

costs associated with making and selling each such product or service, and projected future sales in the United States.

**INTERROGATORY NO. 3:**

Describe in detail the technical operation and training of the neutral networks of each product identified in Interrogatory No. 1, including the architecture, labeling of data, training and technical operation of the neural networks, and the identification of internal documentation demonstrating or showing the architecture, labeling of data, training and technical operation of the neural networks. Your answer should also include an Identification of the person(s) most knowledgeable about Your answer and an Identification of Documents (by Bates number) that relate to, support, or refute Your answer.

**INTERROGATORY NO. 4:**

Separately for each product or service identified in Your response to Interrogatory No. 1, identify every fact and explain every basis for your contention that You have not infringed and do not infringe each of the Asserted Patents, including identifying each claim element on an element-by-element basis that You claim that You do not practice and identifying all facts and Documents (by Bates number) that you intend to rely on to support Your claim.

**INTERROGATORY NO. 5:**

Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**INTERROGATORY NO. 6:**

Identify (including by Bates number) all product requirement documents, market studies, consumer surveys, or other reports or analyses prepared by you, prepared on your behalf, or known

by you identifying customer or industry preferences concerning the features, value, and/or functionality of each product or service identified in Your response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

To the extent that You claim there are one or more acceptable non-infringing alternatives to the systems, devices, and/or methods claimed in the Asserted Patents, identify and describe all facts (including the technical and financial details) for Your contention, including (i) the nature of the alleged non-infringing alternative, whether previously implemented or not; (ii) Your basis for contending the alleged non-infringing alternative is an acceptable alternative, including any differences between the functionality of the Accused Instrumentalities and any identified non-infringing alternatives; (iii) the identity of any product, whether made by You or any other person, that You contend is as an example of a non-infringing alternative; (iv) Your basis for contending the alleged non-infringing alternative was available to you, including the date range within which You contend the alleged non-infringing alternative was or is available to You; (v) the reason You did not or have not incorporated and/or implemented each identified non-infringing alternative, (vi) identify each change and/or modification that You have made, or plan to make, to the design, operation, or use of each Accused Instrumentality as a result of or in relation to any litigation by Autonomous, and (vii) identify all persons with knowledge, and sources of information relied upon in answering this Interrogatory.

**INTERROGATORY NO. 8:**

Identify by Bates number and Describe the content of all patent or product license agreements, settlement agreements, technology transfer agreements, covenants-not-to-sue, or any other agreements that have been produced by You in this Action or are in Your possession, custody, or control, or of which You are aware that (a) relate to technology similar (in part or in

13

full) to the Asserted Patents; (b) relate to the Accused Instrumentalities; (c) relate to the Accused Instrumentalities Identified in Your response to Interrogatory No. 1; or (d) that You contend are comparable to a license that You would have taken in a hypothetical negotiation in this Action. Your answer should also include an Identification of the person(s) most knowledgeable about Your answer and an Identification of Documents (by Bates number) that relate to, support, or refute Your answer.

**INTERROGATORY NO. 9:**

Describe each and every attempt (whether successful or not) by Tesla or Tesla's agents to gain regulatory approval for Full Self Driving and/or Enhanced Autopilot.  Your answer should also include an Identification of the person(s) most knowledgeable about Your answer, the regulatory agency from which approval was sought, whether or not approval was granted, and an Identification of Documents (by Bates number) that relate to, support, or refute Your answer.

**INTERROGATORY NO. 10:**

Identify each former employee who held a managerial or supervisory role at Tesla related to Tesla's Full Self Driving technology, Tesla's Enhanced Autopilot technology, or Tesla's Dojo technology.  Your answer should identify each former employee by name, provide their last known contact information, provide their last title at Tesla, provide their dates of employement by Tesla, and state whether that employee was fired, laid off, or resigned.

|  |  |
|---|---|
| OF COUNSEL:<br>Blair Jacobs<br>Christina A. Ondrick<br>John S. Holley<br>Elizabeth Bernard<br>MCKOOL SMITH, P.C.<br>1999 K Street, NW Suite 600<br>Washington, D.C. 20006<br>(202) 370-8300<br><br>George T. Fishback, Jr.<br>MCKOOL SMITH, P.C.<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>(512) 692-8756<br><br>Dated: April 7, 2023 | */s/ Emily S. DiBenedetto*<br>Karen E. Keller (No. 4489)<br>Emily S. DiBenedetto (No. 6779)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>edibenedetto@shawkeller.com<br>*Attorneys for Autonomous Devices LLC* |

15

## **CERTIFICATE OF SERVICE**

I, Emily S. DiBenedetto, hereby certify that on April 7, 2023, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Jack B. Blumenfeld | Anish Desai |
| Brian P. Egan | Ian Moore |
| MORRIS, NICHOLS, ARSHT | WEIL, GOTSHAL & MANGES LLP |
| & TUNNELL LLP | 767 Fifth Avenue |
| 1201 North Market Street | New York, NY 10153-0119 |
| P.O. Box 1347 | (212) 310-8000 |
| Wilmington, DE 19899 | anish.desai@weil.com |
| (302) 658-9200 | ian.moore@weil.com |
| jblumenfeld@morrisnichols.com | |
| began@morrisnichols.com | Christopher Pepe |
| | Matthew D. Sieger |
| Adrian C. Percer | Allison Herzig |
| WEIL, GOTSHAL & MANGES LLP | Eric C. Westerhold |
| 201 Redwood Shores Parkway | WEIL, GOTSHAL & MANGES LLP |
| Redwood Shores, CA 94065-1175 | 2001 M Street, NW, Suite 600 |
| (650) 802-3000 | Washington, DC 20036 |
| adrian.percer@weil.com | (202) 682-7000 |
| | christopher.pepe@weil.com |
| | matthew.sieger@weil.com |
| | allison.herzig@weil.com |
| | eric.westerhold@weil.com |

*/s/ Emily S. DiBenedetto*
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Autonomous Devices LLC*