# Exhibit 5

# Elizabeth Bernard

| | |
|---|---|
| **From:** | Elizabeth Bernard |
| **Sent:** | Wednesday, August 2, 2023 7:45 PM |
| **To:** | Sieger, Matthew; Tesla_AD_Attorneys; Tesla_AD |
| **Cc:** | Autonomous_Tesla; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P.; Clark, Cameron |
| **Subject:** | RE: AD v. Tesla: Discovery Deficiencies |

Matt,

Thank you for your email. We appreciate Tesla finally indicating its willingness to provide discovery regarding predecessors to Dojo following a meet and confer and multiple emails on this issue. Without supplemental discovery responses, however, the scope of Tesla's agreement is unclear. Is Tesla now willing to identify predecessors to Dojo in response to Interrogatory No. 1? Several of Tesla's responses to Autonomous' requests for production limited Tesla's document search and production to FSD, EAP and Dojo. Will Tesla now supplement those responses to make clear it will also produce documents regarding any predecessors to Dojo?

With respect to the safety RFPs, it is not relevant that Tesla agreed to produce documents in response to another request for production regarding NHTSA. Tesla should supplement its responses to the specific RFPs to indicate that it will produce responsive documents.

Because Tesla's discovery responses do not reflect an agreement to produce this discovery, Autonomous today filed a request for a teleconference to address these and other issues pertaining to Tesla's responses to written discovery with the Court. Autonomous cannot continue to wait and see whether Tesla will in fact provide the requested discovery, as Tesla has repeatedly delayed in responding to Autonomous' requests and Autonomous remains without key discovery for its case.

If Tesla does supplement the relevant discovery requests in an appropriate manner that comports with the Rules, Autonomous will withdraw these issues from the discovery disputes raised with the Court. But, at this time, we must move forward as these issues have been pending for weeks and must be resolved.

Best regards,
Elizabeth

---

**McKool Smith** | Elizabeth Bernard
Senior Counsel | Washington, D.C. | Tel: (202) 370-8319

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Sieger, Matthew <Matthew.Sieger@weil.com>
**Sent:** Wednesday, August 2, 2023 3:56 PM
**To:** Elizabeth Bernard <ebernard@McKoolSmith.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD

<Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P. <began@morrisnichols.com>; Clark, Cameron <cclark@morrisnichols.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Elizabeth,

Subject to Tesla's objections to AD's discovery requests, Tesla intends to provide discovery regarding the supercomputer powered by NVIDIA GPUs. Tesla has already produced documents falling into this category. See, e.g., TESLA-005354; TESLA-0002057; TESLA-0005092; TESLA-0005170; TESLA-0005241; TESLA-0005324; TESLA-0005435; TESLA-0005689.

Regarding the safety RFPs, we disagree that the parties are at an impasse. Tesla has agreed to produce documents provided to NHTSA relating to the operation of FSD and EAP and has been diligently working to do so. We anticipate producing these documents soon.

We will follow up regarding the 30(b)(6) notice.

Thanks,
Matt

**From:** Elizabeth Bernard <ebernard@McKoolSmith.com>
**Sent:** Wednesday, August 2, 2023 9:39 AM
**To:** Sieger, Matthew <Matthew.Sieger@weil.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P. <began@morrisnichols.com>; Clark, Cameron <cclark@morrisnichols.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Matt,

Please immediately send Tesla's availability for the teleconference regarding Tesla's deficient discovery responses. If we do not receive dates today, we will pick a date and inform the Court that we have repeatedly reached out to Tesla with no response.

As we did not hear from you on the noticed Rule 30(b)(6) deposition and an alternative date, we have taken steps to line up the court reporter and are planning to proceed with the deposition virtually at the noticed time. Please also provide a time today or tomorrow when Tesla is available to discuss Autonomous' Rule 30(b)(6) deposition notice, as the Rule requires.

Best,
Elizabeth


**McKool Smith** | Elizabeth Bernard
Senior Counsel | Washington, D.C. | Tel: (202) 370-8319

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Sieger, Matthew <Matthew.Sieger@weil.com>
**Sent:** Tuesday, August 1, 2023 11:31 AM
**To:** Elizabeth Bernard <ebernard@McKoolSmith.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P. <began@morrisnichols.com>; Clark, Cameron <cclark@morrisnichols.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Elizabeth,

We are in receipt of your messages and are endeavoring to provide a response by COB today.

Regarding AD's 30(b)(6) notice, Tesla will not be making a witness available on August 4. We intend to serve our responses and objections to the notice later this week. Once our responses have been served, we will follow up regarding scheduling.

Thanks,
Matt

**From:** Elizabeth Bernard <ebernard@McKoolSmith.com>
**Sent:** Tuesday, August 1, 2023 6:45 AM
**To:** Sieger, Matthew <Matthew.Sieger@weil.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P. <began@morrisnichols.com>; Clark, Cameron <cclark@morrisnichols.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Counsel,

I sent a message early yesterday requesting the courtesy of hearing dates for deficiencies in Tesla's discovery responses. No response was received. Please respond to this message by 12:00pm ET today, so we can contact the Court.

Additionally, as I mentioned in my message, the noticed Rule 30(b)(6) deposition for August 4th is readily approaching, and we have logistical plans that must be made. Please respond and provide the requested information as soon as possible.

Best,
Elizabeth

**McKool Smith** | Elizabeth Bernard
Senior Counsel | Washington, D.C. | Tel: (202) 370-8319

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Elizabeth Bernard <ebernard@McKoolSmith.com>
**Sent:** Monday, July 31, 2023 9:48 AM

**To:** Sieger, Matthew <Matthew.Sieger@weil.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P. <began@morrisnichols.com>; Clark, Cameron <cclark@morrisnichols.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Counsel,

As we did not hear from you Friday, we understand that the parties are also at an impasse regarding discovery on predecessors of Dojo and the safety RFPs identified below. We are available August 24-25 and August 28-31 for a teleconference with the Court. Please provide Tesla's availability by close of business today.

Please further confirm by close of business today the name of Tesla's witness(es) for the noticed Rule 30(b)(6) deposition this Friday, August 4th and whether Tesla has a preferred location for an in-person deposition(s).

Best,
Elizabeth

**McKool Smith** | Elizabeth Bernard
Senior Counsel | Washington, D.C. | Tel: (202) 370-8319

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Elizabeth Bernard <ebernard@McKoolSmith.com>
**Sent:** Friday, July 28, 2023 11:23 AM
**To:** Sieger, Matthew <Matthew.Sieger@weil.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P. <began@morrisnichols.com>; Clark, Cameron <cclark@morrisnichols.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Matt,

Thank you for your email. We understand that the parties are at an impasse regarding Interrogatory Nos. 1 and 10, the scope of license agreement production, and RFP No. 35. Your email does not address the other RFPs the parties discussed regarding safety (Nos. 85, 87, 88, 89). It is our understanding from this omission that the parties are also at an impasse regarding these discovery requests, but if that is not correct, please let us know by close of business today as we intend to go to the Court on these issues.

Tesla's position regarding predecessors to Dojo (identified as accused products in Autonomous' Paragraph 6(A) disclosures) is unclear. Does Tesla intend to provide discovery regarding predecessors to Dojo in response to Autonomous' requests? Please let us know Tesla's position by close of business today so we can seek the Court's assistance if necessary.

We look forward to receiving Tesla's complete responses to Interrogatory Nos. 6 and 8 before or on August 4. If we do not receive complete responses before or on that date, we will also seek the Court's assistance.

Best regards,

Elizabeth

**McKool Smith** | Elizabeth Bernard
Senior Counsel | Washington, D.C. | Tel: (202) 370-8319

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Sieger, Matthew <Matthew.Sieger@weil.com>
**Sent:** Wednesday, July 26, 2023 6:06 PM
**To:** Elizabeth Bernard <ebernard@McKoolSmith.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>; kkeller@shawkeller.com; edibenedetto@shawkeller.com; Egan, Brian P. <began@morrisnichols.com>; Clark, Cameron <cclark@morrisnichols.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Counsel,

Pursuant to our discussions during Monday's meet and confer, Tesla's positions are as follows:

Interrogatory 1: Interrogatory No. 1 as written does not encompass neural networks or AI training supercomputers other than Dojo, and therefore, Tesla does not intend to supplement its response at this time.

Interrogatories 2 and 3: Tesla intends to supplement its responses today.

Interrogatories 6 and 8: Tesla is diligently endeavoring to provide supplemental responses on or before August 4, 2023.

Requests for Production 30 and 31: Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, nonprivileged documents within its possession, custody, or control sufficient to sufficient to show Tesla's research and development of relevant aspects of Enhanced Autopilot, FSD, and training Neural Networks used for Tesla vehicles sold by or for Tesla. Tesla has already produced documents falling into this category. *See generally* Tesla Production Vol. 1 served on June 30, 2023. Tesla will amend its RFP responses accordingly.

Request for Production 35: Tesla does not intend to search for and produce documents. Tesla maintains its position that this request is irrelevant and not proportional to the needs of the case.

AD's Expert Disclosures: In light of AD's representation that only Dr. Saber, Dr. Rubin, and one support staff will view Source Code, Tesla will drop its objection. Please let us know the name of the support staff. Please also confirm that none of the individuals is a foreign national – your previous email on this point only stated the individuals were U.S. citizens, not whether they had foreign citizenship.

Best,
Matt

**From:** Sieger, Matthew <Matthew.Sieger@weil.com>
**Sent:** Friday, July 21, 2023 5:41 PM
**To:** Elizabeth Bernard <ebernard@McKoolSmith.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Hi Elizabeth,

We are available on Monday at 2:30 pm ET.

Thanks,
Matt

**From:** Elizabeth Bernard <ebernard@McKoolSmith.com>
**Sent:** Thursday, July 20, 2023 8:58 PM
**To:** Sieger, Matthew <Matthew.Sieger@weil.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Matt,

We are available to meet and confer next Monday, July 24 at 1:30 or 2:30 EST regarding the deficiencies in Tesla's discovery responses. Please let us know what works for you and we will send an invite. Thank you.

Best regards,
Elizabeth

**McKool Smith** | Elizabeth Bernard
Senior Counsel | Washington, D.C. | Tel: (202) 370-8319

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Sieger, Matthew <Matthew.Sieger@weil.com>
**Sent:** Thursday, July 20, 2023 4:36 PM
**To:** Elizabeth Bernard <ebernard@McKoolSmith.com>; Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>
**Subject:** RE: AD v. Tesla: Discovery Deficiencies

Elizabeth,

Tesla disagrees with your characterizations below.

Tesla's response to Interrogatory No. 1 is not "deficient and evasive." Interrogatory No. 1 requests, *inter alia*, that Tesla "[i]dentify each Accused Instrumentality…including whether they are trained using Tesla's Dojo…" Tesla thoroughly investigated whether any accused Tesla vehicles are trained using Tesla's Dojo and confirmed that they have not. Moreover, Tesla's Dojo supercomputer is not merely an updated version of "a simulator," and AD has not specifically requested information related to different simulators used by Tesla until now. The only "simulator" AD identified in its complaint as an accused product is Dojo, and AD fails to explain why it is "entitled to information about each version of the simulator," (in effect, any simulator that Tesla has ever used), or how that information is relevant and proportional to the needs of the case.

Regarding interrogatory No. 2, Tesla intends to serve updated financial information today.

Regarding Interrogatory No. 3, Tesla is continuing to work with the business unit with respect to this interrogatory.

Tesla's response to Interrogatory No. 6 is not nonresponsive. As you note in your email, this interrogatory requests the identification of, *inter alia*, "market studies, consumer surveys or other reports." Tesla identified information responsive to this request and directed AD to responsive database. Tesla also responded that "Tesla will produce additional documents from which Plaintiffs may ascertain information responsive to this interrogatory," and is in the process of collecting and reviewing those additional documents. With respect to the remaining information requested in this Interrogatory, Tesla noted that "Tesla's investigation is ongoing" and reserved the right to supplement and/or amend its response as further information becomes available.

Interrogatory No. 10 remains unduly burdensome, irrelevant, and not proportional to the needs of the case.

Regarding Tesla's responses to AD's requests for production, Tesla's initial and supplemental responses are compliant with the Federal Rules and well within the bounds of routine discovery practice. Tesla's refusals to produce and otherwise appropriately limit the scope of the production in response to certain requests are properly supported by Tesla's general and specific objections.

Tesla disagrees that these issues are ripe for the Court and would like to conduct an additional meet and confer. Please let us know your availability.

Best,
Matt

---

**From:** Elizabeth Bernard <ebernard@McKoolSmith.com>
**Sent:** Wednesday, July 19, 2023 2:59 PM
**To:** Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>
**Subject:** AD v. Tesla: Discovery Deficiencies

Counsel:

We are in receipt of Tesla's July 7th supplemental RFP responses and July 14th supplemental interrogatory responses. Tesla's responses remain deficient for the reasons stated in Autonomous' June 8th letter and during the parties' June 16th meet and confer.

Specifically, Tesla's response to Interrogatory No. 1 regarding Dojo remains deficient and evasive. Information produced in this case indicates that Tesla uses a simulator (the current version is code named "DOJO") to train its neural networks and software, contrary to Tesla's response. We are entitled to information about each version of the simulator regardless of Tesla's internal code name. Tesla's response to Interrogatory No. 2 also remains deficient as Tesla has not identified complete financial information. Tesla's response to Interrogatory No. 3 invoking Rule 33(d) is improper. Tesla has clear superiority of knowledge of its internal documents, and

7

Autonomous is unable to ascertain an answer from the internal documents cited. Tesla should provide a response describing in detail the technical operation and training of its neural networks as requested. Tesla's response to Interrogatory No. 6 is nonresponsive. Autonomous seeks the identification of product requirement documents, market studies, consumer surveys or other reports, not merely the identity of teams or third-parties creating such studies, reports, or surveys at Tesla's request. Finally, Tesla improperly refuses to answer Autonomous' Interrogatory No. 10, even following Autonomous' good-faith effort to narrow the scope as the parties discussed during the meet and confer.

Regarding Tesla's responses to Autonomous' requests for production, Tesla improperly refuses to produce documents in response to several requests (*e.g.*, Nos. 4, 25, 30, 31, 35, 61, 77, 85, 87, 88, 89). Tesla improperly limits the scope of its response to several requests for production (*e.g.*, Nos. 28 (limiting to FSD or EAP), 48 (same), 51 (same), 53 (same), 60 (limiting scope of relevant agreements), 80 (same)).  It also appears that Tesla is further limiting its responses to Autonomous' requests for production to its Dojo supercomputer, improperly excluding any documents related to Dojo predecessors or other supercomputers that analyze fleet data. Similarly, it appears that Tesla is selectively producing old versions of Confluence documents. For example, one document references a functional architecture. Tesla produced four versions of that document from 2016 and earlier.

We believe that these issues are ripe for the Court, but please let us know by close of business tomorrow if you would like to conduct an additional meet and confer. If we do not hear from you, we will initiate the dispute process regarding these deficiencies. Thank you.

Best regards,
Elizabeth



Elizabeth Bernard
Senior Counsel

Washington, D.C.
Tel: (202) 370-8313
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.