# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AUTONOMOUS DEVICES, LLC,              )
                                      )
              Plaintiff,              )
                                      )
       v.                             )     C.A. No. 22-1466 (MN)
                                      )
TESLA, INC.,                          )
                                      )
              Defendant.              )

**TESLA'S 1ST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF
DOCUMENTS AND THINGS
(NOS. 4, 9, 24, 25, 27, 28, 30, 31, 41, 48, 51-53, 58, 60, 61, 70, 76, 77, 80, and 85-89)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Tesla, Inc., ("Defendant" or "Tesla") hereby provides the following supplemental responses and objections to Autonomous Devices LLC's, ("Plaintiff" or "Autonomous") First Set of Requests for Production of Documents to Tesla. The following responses are based upon the present information and belief and are made subject to the General Objections and Specific Objections stated below. Tesla reserves the right to amend or supplement any of its discovery responses. The following responses shall not be construed as a waiver of any objection.

## GENERAL STATEMENTS AND OBJECTIONS

1.      Tesla objects to each request, definition, and instruction to the extent it seeks to impose any burdens inconsistent with or in addition to Tesla's obligations under the applicable rules, including the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, any order concerning the production of ESI issued by the Court, and/or any other applicable Orders or Rules.

2.    Tesla objects to each request, definition, and instruction to the extent it seeks information that is protected under, without limitation, the attorney-client privilege, the work product immunity doctrine, common interest, and/or any other applicable privilege, prohibition, limitation, or immunity from disclosure. Inadvertent production of such information shall not constitute the waiver of any applicable privilege, doctrine, immunity, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work product, privilege, and/or admissibility as evidence.

3.    Tesla objects to each request, definition, and instruction to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

4.    Tesla objects to each request, definition, and instruction to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. To the extent that Tesla agrees to produce documents containing such information, it will only do so subject to a Protective Order that is entered.

5.    Tesla objects to each request, definition, and instruction to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Plaintiff further objects to each request, definition, and instruction to the extent it calls for Tesla to produce back to Plaintiff the same documents that Plaintiff has produced to Tesla.

6.    Tesla objects to each request, definition, and instruction to the extent it is overly broad, unduly burdensome, oppressive, and/or irrelevant to the subject matter of this action. Tesla further objects to each request, definition, and instruction to the extent it is not proportional to the needs of this case. Tesla specifically objects to each document request as overly broad, unduly

burdensome, and not proportional to the needs of this case to the extent that it is unlimited in temporal/geographic scope and/or seeks production of "all" and "any" documents on a particular topic.

7.      Tesla objects to each document request, instruction or definition to the extent that it requires Tesla to draw or render a legal conclusion and/or expert opinion.

8.      Tesla objects to each request, definition, and instruction to the extent it calls for production of documents or things not in Tesla's possession, custody, or control. Tesla further objects to each request, definition, and instruction to the extent it calls for production of documents not obtainable by means of a reasonably diligent search, including without limitation documents or things that are not maintained by Tesla in the normal course of business, that are no longer maintained by Tesla, or that are not reasonably accessible because of undue burden or cost.

9.      By responding to Plaintiff's First Set of Requests for Production, Tesla does not waive any objection that may be applicable to: (a) the use, for any purpose, by Intuitive of any document provided in response; or (b) the admissibility, relevance, or materiality of any of the documents provided in response. Moreover, a response stating that Tesla will produce documents does not constitute an admission that the documents exist, can be located after a reasonable search, or are reasonably available to Plaintiff.

10.     Tesla objects to each request as unduly burdensome to the extent that it seeks to compel the production of documents concurrent with the date on which these responses are due. Tesla will produce the documents it has agreed to produce reasonably as they are collected after a Protective Order is entered.

11.     Discovery is ongoing in this action, and Tesla has not completed its discovery or investigation into the parties' claims and defenses. Tesla therefore objects and responds to these

document requests based upon information in its possession after diligent inquiry at the time of preparation of these responses. Tesla reserves the right to amend, supplement, and/or correct its objections or responses as additional information becomes available to Tesla in the course of its ongoing discovery and investigation.

## OBJECTIONS TO DEFINITIONS

12.     Tesla objects to definitions ¶¶ 1, 3–6, 8–12, 16 and 20–27 on the grounds and to the extent that they are overbroad, unduly burdensome, vague and ambiguous, and seek irrelevant information.

13.     Tesla further objects to definition ¶ 5 ("Asserted Patents") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

14.     Tesla further objects to definition ¶ 6 ("Accused Instrumentality" and "Accused Instrumentalities") as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

15.     Tesla further object to definition ¶ 9 ("Concerning" or "Relating to") as vague and ambiguous, overbroad, and unduly burdensome.

16.     Tesla further object to definition ¶ 10 ("Documents") as vague and ambiguous, overbroad, and unduly burdensome.

17.     Tesla further objects to definition ¶ 17 ("Foreign Counterpart") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

18.     Tesla further objects to definition ¶ 18 ("Related Applications") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

19.     Tesla further objects to definition ¶ 18 ("Related Patents") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

**REQUEST FOR PRODUCTION NO. 1:**

All Documents identified in Tesla's initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Tesla in drafting its initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as overly broad, vague and ambiguous with respect to the phrase "used, relied on or considered."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control constituting documents referred to or cited in its initial disclosures. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents received by Tesla in response to any subpoenas propounded by Tesla in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce non-privileged documents within its possession, custody, or control constituting documents received in response to any subpoenas propounded by Tesla in this litigation.

Tesla will produce the identified documents on a rolling basis as they are received from third parties.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents identified in Tesla's responses to all interrogatories and requests for admissions or used, relied on, or considered by Tesla in drafting its responses to interrogatories or requests for admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as overly broad, vague and ambiguous with respect to the phrase "used, relied on or considered." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

6

Tesla agrees to produce non-privileged documents within its possession, custody, or control identified in Tesla's responses to Plaintiff's interrogatories and requests for admissions. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relate to" and "any claim, defense, allegation, or potential remedy." Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4 (7/7/2025):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: This request effectively seeks all documents potentially within the scope of

FRCP 26(b)(1) without regard to proportionality, subsuming the entire scope of discovery in this case. This request provides no guidance as to what specific documents AD is requesting that Tesla actually search for. This request is vague, seeks legal conclusions, and is disproportionate to the needs of this case. Tesla will produce documents in support of its legal contentions pursuant to the Scheduling Order.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents relating to any defense or counterclaim that You have asserted or intend to assert in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this request as premature to the extent it seeks production of documents relating to any defenses or counterclaims Tesla has not yet asserted before Plaintiff has provided adequate discovery. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce non-privileged documents within its possession, custody, or control that it intends to rely on in support its defenses in this litigation.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to describe all Tesla electronic data and document retention policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case with respect to the phrase "all Tesla electronic data and document retention policies."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control sufficient to describe the electronic data and document retention policies of Tesla's Autonomous Driving group. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 7:**

For each person Tesla intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to autonomous driving, or training of vehicles for autonomous driving; (d) all Documents provided to that person in connection with this lawsuit; and (e) all Documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Tesla incorporates by reference its General Objections. Tesla further objects to this request as premature to the extent it seeks identification of experts before expert discovery. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to disclose its expert witnesses in accordance with the Scheduling Order (D.I. 25) and Protective Order in this case. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to Jasmin Cosic, or Autonomous Devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control relating to Jasmin Cosic or Autonomous Devices.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to Asserted Patents, any Related Patent(s), or any Foreign Counterpart, including any Tesla patent or patent application that have cited the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.  Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation. Subject to its objections, Tesla responds as follows:

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9 (7/7/2025):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to non-public documents referring to the asserted patents or referring to patents and applications directly related to the asserted patents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things referring or relating to any written or oral opinions, including any such opinions and any evaluations, searches, studies, investigations, analyses, reviews, reports, or observations concerning the infringement or non-infringement, validity or invalidity and/or enforceability or unenforceability of the Asserted Patents or any Related Application, or Related Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things". Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "referring or relating to," "concerning" and "any evaluations, searches, studies, investigations, analyses, reviews, reports or observations." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.  Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to any Prior Art collected, identified, or considered in relation to any Asserted Patent or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case with respect to the phrase "collected, identified or considered" and "in relation to." Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this Request to the extent it seeks

production of documents protected by attorney-client privilege or work product privilege. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control constituting prior art to the Asserted Patents.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to any evidence of the obviousness or non-obviousness of any subject matter claimed in any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to" and "any evidence." Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control constituting evidence of the obviousness of the Asserted Patents.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 13:

All documents that refer or relate to whether:

- the inventions claimed in the Asserted Patents satisfied one or more long-felt needs in the art;
- each Accused Instrumentality has enjoyed commercial success;
- any person has recognized the significance of the inventions of the Asserted Patents;
- any person has recognized the significance of the contributions of the inventors of the Asserted Patents to the field of the Asserted Patents;
- any person expressed initial skepticism about the inventions of the Asserted Patents;
- any person has acknowledged the validity of the Asserted Patents;
- any person has copied the inventions of the Asserted Patents;
- any person has incorporated the inventions of the Asserted Patents into any subsequent patent filing or device;
- there was a long-felt need in the industry to obtain the Accused Instrumentalities; or
- any documents or things concerning or evidencing a belief that any party or person achieved commercial success using the inventions of the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents or "any documents or things." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "refer or relate to;" "any person" or "concerning or evidencing." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the

scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it requires Tesla to draw a legal conclusion. Subject to its objections, Tesla responds as follows:

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control constituting objective indicia of non-obviousness of the Asserted Patents.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things relating to industry analysis, commentary, or recognition of deficiencies of and/or needs met by the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the

extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show industry analysis, commentary, or recognition of deficiencies of and/or needs met by Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things relating to the advantages, if any, offered by the Accused Instrumentalities over competitor products and any evidence of such advantages, including communications among Tesla's, their customers, or licensees concerning any such advantages as well as any surveys concerning customer preferences.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to" and "communications." Tesla further objects to the phrase "Accused Instrumentalities" as

overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's

requests to include documents unrelated to the accused products and functionality, or any relevant

issues in this case.  Tesla further objects to this Request to the extent it seeks information that is

already in Plaintiff's possession or available from a public source as to which the burden of

obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects

to Request to the extent it seeks information that is trade secret and/or confidential or proprietary

business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to

produce information in violation of a legal or contractual obligation of nondisclosure or

confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as

follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-

privileged documents within its possession, custody, or control sufficient to show the advantages,

if any, offered by Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and

produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 16:

All documents concerning the realized or expected commercial success, commercial
performance, customer satisfaction, customer demand, critiques, problems, shortcomings,
challenges, technical success, technical performance, financial performance, financial impact,
suitability, competitive position, and/or market position of the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request

as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent

it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous

and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the commercial success of Enhanced Autopilot and FSD. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to whether or why any Accused Instrumentality may or may not infringe any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad,

unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contention ns and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce, to the extent any non-privileged documents within its possession, custody, or control that it intends to rely on to show why the accused products do not infringe asserted claims of the Asserted Patents. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to Tesla's first awareness of each Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows

Tesla first became aware of the Asserted Patents upon the filing of the complaint in this case. Aside from the complaint, Tesla is not aware of any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to any attempts to design around or modify the Accused Instrumentalities to avoid infringement of any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning any effort or analysis by you to or redesign the Accused Instrumentalities so as to avoid infringement of the Asserted Patents, the costs of all design around options analyzed, the time spent on such analysis, the estimated time to market for such a design-around, whether the design-around had or has any potential compatibility issues and, if so, the options analyzed to address those issues, whether the design-around had any impact (however measured) on the performance of the systems and services, and the estimated costs that such a design would have added to any product or functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "any effort or analysis by you." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning any policies or procedures of Tesla for determining whether any of its products, or its manufacture, offer for sale, sale, or use has infringed, or would or might infringe, the patent rights of another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "any policies or procedures." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents that are responsive to this Request.


**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to the meaning or scope of the claims in any Asserted Patent, including any documents on which Tesla may rely to support any construction or interpretation of any claim limitation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents" and "any documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case

with respect to the phrase "relating to"; "meaning or scope"; "rely on to support" and "any construction or interpretation." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla further objects to this request as premature to the extent it seeks production of documents relating to claim construction before Plaintiff has provided adequate discovery. Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla will produce any documents Tesla may rely on to support any construction or interpretation of any claim limitation in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 23:

All Documents relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject matter claimed in the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client

privilege or work product privilege. Tesla further objects to this request as premature to the extent it seeks production of documents relating to level of skill in the art prior to expert discovery. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion and render an expert opinion.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to show the level of ordinary skill in the art and will do so in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning feature requests or functionality requests Your customers' have made over the course of the Accused Instrumentalities' development.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning;" "feature requests or functionality requests" and "over the course of." Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla objects to this Request to the extent it requests information about features of

the Accused Instrumentality Plaintiff does not allege infringe the asserted patents, which are outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to feature requests or functionality requests by Tesla's customers for FSD or EAP.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the user interface (if any) for each Accused Instrumentality from October 16, 2018 to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25 (7/7/2025):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce documents "sufficient to show the user interface" of its products, as this information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to the design, development, functionality, or testing of any Accused Instrumentality, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries, programming instructions, and source code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the design and functionality of relevant aspects of Enhanced Autopilot, FSD, and Dojo in accordance with the

Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning improvements, additions, new features, new functionalities, updates, revisions, and alterations to the Accused Instrumentalities, including the reasons, justification, analysis, and basis for any such improvements, additions, new features, new functionalities, updates, revisions, and alterations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "reasons, justification, analysis, and basis". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27 (7/7/2025):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any

exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show "improvements, additions, new features, new functionalities, updates, revisions, and alterations" that have been implemented in FSD or EAP.

## REQUEST FOR PRODUCTION NO. 28:

All documents concerning any expected or realized benefits (to you or to your customers or potential customers) associated with offering the Accused Instrumentalities, whether technical or financial.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "expected or realized benefits". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28 (7/7/2025):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show benefits associated with FSD or EAP.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to the features and functionality accused of infringement, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries, programming instructions, and source code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the features and functionality accused of infringement and will do so in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents generated or used during the research and development of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "generated or used." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce documents "generated or used during the research and development of the Accused Instrumentalities," as this information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 31:**

All documents, data files, memoranda, slide decks, meeting minutes, white papers, presentations and other records, documenting the research and development of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "documenting". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce documents "All documents . . . documenting the research and development of the Accused Instrumentalities," as this

information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and things related to investor events and presentations, including earnings conference calls, webcasts, or other events or presentations, concerning the Accused Instrumentalities, including video or audio recordings, transcripts, outlines, speaking points, slides, posters, or handouts including at least the following:

- Tesla AI Day 2022 (https://www.youtube.com/watch?v=ODSJsviD_SU);
- Tesla AI Day 2021 (https://www.youtube.com/watch?v=j0z4FweCy4M);
- Tesla Autonomy Day (https://www.youtube.com/watch?v=Ucp0TTmvqOE);
- Tesla Unveils Dual Motor and Autopilot (https://www.youtube.com/watch?v=FZ6lZJWL_Xk&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Full Self Driving (https://www.youtube.com/watch?v=tlThdr3O5Qo&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Tesla Q2 2022 Financial Results and Q&A Webcast (https://www.youtube.com/watch?v=kwpYe1Empwo&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Tesla Q4 and full year 2021 Financial Results and Q&A Webcast (https://www.youtube.com/watch?v=EMA6myXpfqI&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Model 3 Guide | Navigate on Autopilot (https://www.youtube.com/watch?v=IkSw2SZQENU&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Model S+X Guide | Navigate on Autopilot (https://www.youtube.com/watch?v=hif8pe80Xxs&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Enhance your commute with Autopilot (https://www.youtube.com/watch?v=jWreyC2l-dw).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "related to" and "investor events and presentations". Tesla further objects to the phrase "Accused Instrumentalities" as

overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the investor events and presentations listed in this Request. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 33:**

Source code, comments, change logs, and notes for each version (including minor releases, bug fixes, and rejected code) of every Accused Instrumentality from October 16, 2018 to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the

extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

## REQUEST FOR PRODUCTION NO. 34:

Two source code computers with source code for each Accused Instrumentality from October 16, 2018 to date.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All training materials (including videos and wikis) provided to new employees of the software development team regarding the source code, architecture, technology stack, history, and FAQs concerning the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "regarding" and "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

A specifications related to the source code of the Accused Instrumentalities (including each version thereof), including software quality assurance specifications, software configuration management specifications, software test documentation specifications, software requirements specifications, software verification and validation specifications, software design description specifications, software project management specifications, software user documentation specifications, software reviews and audit specifications, system requirements specifications, concept of operations specifications, requirements engineering specifications, technical specifications, formal specifications, user stories, user story maps, and use cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "related to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

For each Accused Instrumentality, produce all datasheets, design guides, technical specifications, engineering protocols, product guides, and product manuals created or published for external use, internal use, and/or those that are shared between partner companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for

Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case.  Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning each internal product name, designation, product number, version number, and corresponding marketing part number, name, and/or designation of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the internal names and designations for Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

### REQUEST FOR PRODUCTION NO. 39:

Produce every manual, instruction sheet, brochure, specification, user guide, and customer guide for each commercially available model, and each variation of each model, of the Accused Instrumentalities.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "every". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show user manuals

and guides relating to Enhanced Autopilot and FSD. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents relating to any advantages or disadvantages of any feature or functionality accused of infringement, including documents relating to any features that drive consumer demand for any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "any advantages or disadvantages" or "any feature or functionality". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the advantages or disadvantages of the features and functionalities accused of infringement. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 41:**

All documents comparing, contrasting, weighing, and/or analyzing the relative advantages and disadvantages of the Accused Instrumentalities and other similar products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relative advantages and disadvantages". Tesla further objects to the phrase "Accused Instrumentalities and other similar products" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to comparisons of FSD or EAP with other products.

## REQUEST FOR PRODUCTION NO. 42:

All technical papers, reviews, white papers, internal memoranda, conference proceedings, book chapters, articles, publications, or technical presentations (published or unpublished) that include discussions, analysis, or any other content concerning the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to sufficient to show the design and functionality of relevant aspects of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 43:

All Documents relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of Tesla, relating to autonomous driving, or training of a vehicle for autonomous driving or any Accused Instrumentality, or that cites an Asserted Patent or a Related Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects

to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the first use and sale of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning your decision to continue to develop, make, use, sell or offer for sale the Accused Instrumentalities after becoming aware of the Asserted Patents, including whether you may need a license to the Asserted Patents or whether you may have liability with respect to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or

work product privilege. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 46:

With respect to the Accused Instrumentalities, all documents concerning the first date of the actual or expected:

- use of the Accused Instrumentalities;
- sale of the Accused Instrumentalities;
- offer for sale of the Accused Instrumentalities;
- import of the Accused Instrumentalities into the United States; or
- export of the Accused Instrumentalities from the United States.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the first use and

sale of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 47:**

All documents that relate to your organizational structure(s) for the (a) engineering, design, and research and development, (b) licensing, (c) manufacture and testing, (d) distribution, and (e) marketing (including through websites, such as Tesla.com), sales, and promotion of the Accused Instrumentalities, including documents identifying all persons in executive or operational management positions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relate to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this request as overly broad and not proportional to the needs of the case to the extent it is unbounded in time.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the current organizational structure(s) of Tesla relating to sales, Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to the decision to develop any Accused Instrumentality, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Subject to its objections, Tesla responds as follows:

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited the decision to develop FSD or EAP.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to the manufacture of any Accused Instrumentality, including product drawings, schematics, manuals, and test protocols.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to sufficient to show the design and functionality of relevant aspects of Enhanced Autopilot, FSD, and Dojo.  Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning your investment or capital expenditures in the Accused Instrumentalities, including, without limitation, your investment in research and development.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "concerning" and "investment or capital expenditures". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's investment in research and development relating to the functionalities accused of infringement. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show the locations of each step of the manufacture and testing of each Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to the locations of manufacture for the accused products and the testing of FSD or EAP.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show the locations where the Accused Products are or were manufactured, developed, imported, exported, transmitted, sold, and offered for sale and whether any party other than you was involved in the manufacture, development, importation, exportation, transmission, sale, or offer for sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Products" as vague, ambiguous, and undefined.  Tesla objects to this Request to the

extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request.

## REQUEST FOR PRODUCTION NO. 53:

All documents (including videos) reflecting any testing of the Accused Instrumentalities, including any development versions and/or prototypes thereof.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show the testing of FSD or EAP.

Tesla does not agree to search for and produce "All . . . videos" reflecting such testing, as this request is not relevant to any party's claim or defense and is disproportionate to the needs of the case. Tesla is willing to meet and confer on the proper scope of this portion of the request, if any.

## REQUEST FOR PRODUCTION NO. 54:

Documents sufficient to identify all individuals, persons, or entities, including third parties, who participated in the research, development, testing, production, evaluation, and/or sale of the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of

Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show individuals, persons, or entities who participated in the development or testing of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of products manufactured in whole or in part in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the number of

Model S, Model X, Model Y, and Model 3 vehicles including Enhanced Autopilot and/or FSD

sold in the United States since October 16, 2018. Tesla does not agree to search for and produce

additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 56:

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of products imported into the United States by or on behalf of Tesla.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase

"Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it

broadens the scope of Plaintiff's requests to include documents unrelated to the accused products

and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it

seeks information that is trade secret and/or confidential or proprietary business information of

Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as

follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-

privileged documents within its possession, custody, or control sufficient show the number of

Model S, Model X, Model Y, and Model 3 vehicles including Enhanced Autopilot and/or FSD

imported into the United States by or on behalf of Tesla since October 16, 2018. Tesla does not

agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show, on a quarterly and yearly basis, the following information for each of the Accused Instrumentalities on a product-by-product basis since October 16, 2018:

- the actual or expected total number of units made, developed, sold or offered for sale in the United States or transmitted or sold abroad;
- the per-unit average sales price of the Accused Products made, developed, sold or offered for sale in the United States or transmitted or sold abroad;
- the revenues, net of any returns, allowances, or credits, from the manufacture, development or sales of the Accused Products in the United States or transmitted or sold abroad;
- the cost of goods sold relating to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- net and gross profits relating to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- the general and administrative costs attributable to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- the sales and marketing expenses attributable to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- the research and development expenses attributable to the Accused Products manufactured, developed, or sold in the United States or transmitted or sold abroad; and
- all other expenses attributable to the Accused Products manufactured, developed, or sold in the United States or transmitted or sold abroad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show, since October

16, 2018, show revenues, costs, profits, and pricing for Tesla products including Enhanced

Autopilot and/or FSD sold in the United States.  Tesla does not agree to search for and produce

additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 58:

Documents sufficient to show any plans, analyses, forecasts, and/or projections for the
pricing of the Accused Instrumentalities, including documents discussing any list prices, discounts,
and/or rebates to be offered for any such Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase

"Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it

broadens the scope of Plaintiff's requests to include documents unrelated to the accused products

and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it

seeks information that is trade secret and/or confidential or proprietary business information of

Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as

follows:

Tesla does not agree to search for and produce documents that may be responsive to this

Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58 (7/72023):

Subject to and without waiving its general and specific objections, Tesla supplements its

response as follows: Tesla will conduct a reasonable search for and produce, to the extent any

exist, non-privileged documents within its possession, custody, or control responsive to this

request, limited to plans, analyses, forecasts, and/or projections for the pricing of FSD or EAP.

**REQUEST FOR PRODUCTION NO. 59:**

All documents concerning any expenses that you incurred, by date and type of expense, in implementing the features of the Accused Instrumentalities that are alleged to infringe the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show expenses that Tesla incurred in implementing the relevant aspects of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 60:**

All contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing of any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it

broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to patent licenses or settlements executed by Tesla relating to autonomous driving, or training of a vehicle for autonomous driving.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents relating to any application by Tesla to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products

and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents relating to any application by Tesla to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality," as this information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents relating to how Tesla instructs others on how to manufacture or use any Accused Instrumentality, including any user manuals, articles, data sheets, or product specifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the

extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show user manuals and product specifications relating to Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All documents (including videos) provided to Your customers or potential customers to whom You sell or offer to sell the Accused Instrumentalities, including without limitation directions or suggestions concerning how to use the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "potential customers" and "directions or suggestions." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source

as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show documents or videos provided to Tesla customers or potential customers for Tesla products including Enhanced Autopilot and/or FSD. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 64:**

All documents concerning your customers' use of the Accused Instrumentalities and/or your potential customers' expected use of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents". Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning"; "potential customers" and "expected use". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show how often Tesla's customers use Enhanced Autopilot and FSD. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 65:

All training materials (including videos) provided to customers, employees, contractors, or representatives to the extent such training materials (including videos) related to the sale or use of the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "related to" and "customers, employees, contractors, or representatives". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show training materials provided to customers related to the sale or use of Enhanced Autopilot and FSD. Tesla

does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 66:

All Documents relating to the advertising or promotion of any Accused Instrumentality, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 67:

Documents sufficient to identify any internal code names for each Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the internal code names for Enhanced Autopilot, FSD, and Dojo, to the extent such code names exist. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents relating to autonomous driving market, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to" and "autonomous driving market". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further

objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 69:

All Documents relating to any conference, seminar, exhibition, convention, video, commercial, or trade show at which any Accused Instrumentality was discussed, referred to, advertised, displayed, demonstrated, or shown, including, but not limited to, each transcript associated with the conference, seminar, exhibition, convention, video, commercial, or trade show.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show conferences, seminars, exhibitions, conventions, videos, commercials, or trade shows at which the relevant functionalities of Enhanced Autopilot, FSD, or Dojo were discussed, referred to, advertised, displayed, demonstrated, or shown. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents relating to any products that compete with any Accused Instrumentality, including any analyses of the strengths or weaknesses of those products compared to any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show comparisons of FSD or EAP with other products.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla refers Plaintiff to its Response to Request for Production No. 57.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show the profitability of each Accused Instrumentality, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it

broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla refers Plaintiff to its Response to Request for Production No. 57.

## REQUEST FOR PRODUCTION NO. 73:

Documents sufficient to show royalties paid by Tesla, or paid to Tesla, for the licensing of any patent or technology relating to the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show royalties paid by Tesla, or paid to Tesla, for the licensing of any patents that relate to the subject matter of the Asserted Patents. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 74:

All documents concerning the financial reports produced, maintained, or run by you in the ordinary course of your business concerning the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the financial reports produced, by Tesla in the ordinary course of business concerning Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 75:**

All of your periodic (monthly, quarterly, annual) financial statements, from October 16, 2018 to the present, including, but not limited to, statements showing realized or expected sales revenue, cost of goods sold, selling expenses, general expenses, administrative expenses, and income, on a product-by-product basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects this Request as unduly burdensome to the extent it seeks information outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla refers Plaintiff to its Response to Request for Production No. 57.

**REQUEST FOR PRODUCTION NO. 76:**

All business plans relating to each of the Accused Instrumentalities, including but not limited to, strategic plans, operating plans, marketing plans or studies, sales plans, financial plans, surveys, sales forecasts, budgets, and/or other evaluations, analyses, or assessments concerning the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "all business plans relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to "strategic plans, operating plans, marketing plans or studies, sales plans, financial plans, surveys, sales forecasts, [and] budgets" for FSD or EAP.

## REQUEST FOR PRODUCTION NO. 77:

All documents concerning Defendants' future plans for the Accused Instrumentalities, including sales projections, future plans for the development of the Accused Instrumentalities and any planned or contemplated improvements, additions, new features, new functionality, updates, revisions, and alterations of the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "future plans". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to sales projections for FSD or EAP.

Tesla does not agree to search for and produce "All documents concerning . . . future plans for the development of the Accused Instrumentalities and any planned or contemplated improvements, additions, new features, new functionality, updates, revisions, and alterations of the Accused Instrumentalities," as this request is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

## REQUEST FOR PRODUCTION NO. 78:

All documents concerning your marketing, sales, promotion, and advertisement of the Accused Instrumentalities, including all documents, bids, requests for proposal, marketing studies, promotional material, presentations, videos, television advertisements, magazine and/or trade journal advertisements, internet advertising, and radio advertisements concerning said advertising and marketing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further

objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's marketing, promotion, and advertisement of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Tesla relating to any Accused Instrumentality, autonomous driving, or training of a vehicle for autonomous driving.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "autonomous driving" or "training of a vehicle for autonomous driving". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business

information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show any patent licenses or settlements executed by Tesla relating to autonomous driving, or training of a vehicle for autonomous driving. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 80:**

All license agreements relating to the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "autonomous driving" or "training of a vehicle for autonomous driving". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to patent licenses or settlements executed by Tesla relating to autonomous driving, or training of a vehicle for autonomous driving.

**REQUEST FOR PRODUCTION NO. 81:**

All license agreements that you contend to be for use of technologies that are comparable or analogous to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "technologies that are comparable or analogous." Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla will produce any comparable license agreements it intends to rely on in accordance with Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents relating to any patent infringement indemnification provisions or agreements between Tesla and any other person relating to any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any indemnification provisions or agreements between Tesla and any other person relevant to this matter.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents concerning Tesla's decision to use the Dojo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning".

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's decision to use the Dojo.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents concerning Tesla's praise of the Dojo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's praise of the Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and information gathered for the NHTSA relating to the tweet below:



**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and information." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents and information gathered for" the above-referenced tweet, as this request is vague, is not relevant to any party's claim or defense, and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents provided to NHTSA relating to Full Self-Driving and/or Auto Pilot.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to".

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents provided to NHTSA that describe the technical operation of FSD or EAP.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents supporting Mr. Musk's statement that "Tesla Full Self-Driving will work at a safety level well above that of the average driver" in 2021 as shown in the tweet below.



## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "supporting."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents supporting Mr. Musk's statement" in the above-referenced tweet, as this request is vague, is not relevant to any party's claim or defense, and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents concerning the safety of Tesla's Full Self-Driving and/or Enhanced Autopilot.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning".

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents concerning the safety of Tesla's Full Self-Driving and/or Enhanced Autopilot," as this request is vague ("concerning the safety of"), is not relevant to any party's claim or defense, and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents concerning Tesla's fleet being "the biggest asset value increase of anything in history" as stated by Mr. Musk during Tesla's Q4 2022 results conference call:

> Something that I think some of these smart retail investors understand but I think a lot of others maybe don't – is that every time we sell a car, it has the ability, just from uploading software, to have full self-driving enabled, and full self-driving is obviously getting better very rapidly. So that's actually a tremendous upside potential because all of those cars, with a few exceptions, only a small percentage of cars don't have Hardware 3, so that means that there are millions of cars where

full self-driving can be sold at essentially 100% gross margin. And the value of it grows as the autonomous capability grows. And then, when it becomes fully autonomous, that is a value increase in the fleet. That might be the biggest asset value increase of anything in history. Yes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents concerning Tesla's fleet being 'the biggest asset value increase of anything in history,'" as this request is vague (seeking documents "concerning" a statement) and is disproportionate to the needs of the case. Tesla is willing to meet and confer on the proper scope of this request, if any.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Anish Desai
Ian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
(212) 310-8000

Christopher Pepe
Matthew D. Sieger
Eric C. Westerhold
Allison Herzig
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000

Adrian C. Percer
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
(650) 802-3000

July 7, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Tesla, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2023, copies of the foregoing were caused to be served upon

the following in the manner indicated:

Karen E. Keller, Esquire                                             *VIA ELECTRONIC MAIL*
Emily S. DiBenedetto, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Blair Jacobs, Esquire                                               *VIA ELECTRONIC MAIL*
Christina A. Ondrick, Esquire
John S. Holley, Esquire
MCKOOL SMITH, P.C.
1999 K Street, NW Suite 600
Washington, D.C.  20006
*Attorneys for Plaintiff*

George T. Fishback, Jr., Esquire                                    *VIA ELECTRONIC MAIL*
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX  78701
*Attorneys for Plaintiff*

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)