# Exhibit 8

# Elizabeth Bernard

| | |
|---|---|
| **From:** | Sieger, Matthew <Matthew.Sieger@weil.com> |
| **Sent:** | Thursday, July 20, 2023 4:36 PM |
| **To:** | Elizabeth Bernard; Tesla_AD_Attorneys; Tesla_AD |
| **Cc:** | Autonomous_Tesla |
| **Subject:** | RE: AD v. Tesla: Discovery Deficiencies |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Elizabeth,

Tesla disagrees with your characterizations below.

Tesla's response to Interrogatory No. 1 is not "deficient and evasive." Interrogatory No. 1 requests, *inter alia*, that Tesla "[i]dentify each Accused Instrumentality…including whether they are trained using Tesla's Dojo…" Tesla thoroughly investigated whether any accused Tesla vehicles are trained using Tesla's Dojo and confirmed that they have not. Moreover, Tesla's Dojo supercomputer is not merely an updated version of "a simulator," and AD has not specifically requested information related to different simulators used by Tesla until now. The only "simulator" AD identified in its complaint as an accused product is Dojo, and AD fails to explain why it is "entitled to information about each version of the simulator," (in effect, any simulator that Tesla has ever used), or how that information is relevant and proportional to the needs of the case.

Regarding interrogatory No. 2, Tesla intends to serve updated financial information today.

Regarding Interrogatory No. 3, Tesla is continuing to work with the business unit with respect to this interrogatory.

Tesla's response to Interrogatory No. 6 is not nonresponsive. As you note in your email, this interrogatory requests the identification of, *inter alia*, "market studies, consumer surveys or other reports." Tesla identified information responsive to this request and directed AD to responsive database. Tesla also responded that "Tesla will produce additional documents from which Plaintiffs may ascertain information responsive to this interrogatory," and is in the process of collecting and reviewing those additional documents. With respect to the remaining information requested in this Interrogatory, Tesla noted that "Tesla's investigation is ongoing" and reserved the right to supplement and/or amend its response as further information becomes available.

Interrogatory No. 10 remains unduly burdensome, irrelevant, and not proportional to the needs of the case.

Regarding Tesla's responses to AD's requests for production, Tesla's initial and supplemental responses are compliant with the Federal Rules and well within the bounds of routine discovery practice. Tesla's refusals to produce and otherwise appropriately limit the scope of the production in response to certain requests are properly supported by Tesla's general and specific objections.

Tesla disagrees that these issues are ripe for the Court and would like to conduct an additional meet and confer. Please let us know your availability.

Best,
Matt

**From:** Elizabeth Bernard <ebernard@McKoolSmith.com>
**Sent:** Wednesday, July 19, 2023 2:59 PM
**To:** Tesla_AD_Attorneys <Tesla.AD.Attorneys@weil.com>; Tesla_AD <Tesla.AD@weil.com>
**Cc:** Autonomous_Tesla <Autonomous_Tesla@mckoolsmith.com>
**Subject:** AD v. Tesla: Discovery Deficiencies

Counsel:

We are in receipt of Tesla's July 7th supplemental RFP responses and July 14th supplemental interrogatory responses. Tesla's responses remain deficient for the reasons stated in Autonomous' June 8th letter and during the parties' June 16th meet and confer.

Specifically, Tesla's response to Interrogatory No. 1 regarding Dojo remains deficient and evasive. Information produced in this case indicates that Tesla uses a simulator (the current version is code named "DOJO") to train its neural networks and software, contrary to Tesla's response. We are entitled to information about each version of the simulator regardless of Tesla's internal code name. Tesla's response to Interrogatory No. 2 also remains deficient as Tesla has not identified complete financial information. Tesla's response to Interrogatory No. 3 invoking Rule 33(d) is improper. Tesla has clear superiority of knowledge of its internal documents, and Autonomous is unable to ascertain an answer from the internal documents cited. Tesla should provide a response describing in detail the technical operation and training of its neural networks as requested. Tesla's response to Interrogatory No. 6 is nonresponsive. Autonomous seeks the identification of product requirement documents, market studies, consumer surveys or other reports, not merely the identity of teams or third-parties creating such studies, reports, or surveys at Tesla's request. Finally, Tesla improperly refuses to answer Autonomous' Interrogatory No. 10, even following Autonomous' good-faith effort to narrow the scope as the parties discussed during the meet and confer.

Regarding Tesla's responses to Autonomous' requests for production, Tesla improperly refuses to produce documents in response to several requests (*e.g.*, Nos. 4, 25, 30, 31, 35, 61, 77, 85, 87, 88, 89). Tesla improperly limits the scope of its response to several requests for production (*e.g.*, Nos. 28 (limiting to FSD or EAP), 48 (same), 51 (same), 53 (same), 60 (limiting scope of relevant agreements), 80 (same)).  It also appears that Tesla is further limiting its responses to Autonomous' requests for production to its Dojo supercomputer, improperly excluding any documents related to Dojo predecessors or other supercomputers that analyze fleet data. Similarly, it appears that Tesla is selectively producing old versions of Confluence documents. For example, one document references a functional architecture. Tesla produced four versions of that document from 2016 and earlier.

We believe that these issues are ripe for the Court, but please let us know by close of business tomorrow if you would like to conduct an additional meet and confer. If we do not hear from you, we will initiate the dispute process regarding these deficiencies. Thank you.

Best regards,
Elizabeth



Elizabeth Bernard
Senior Counsel
Washington, D.C.
Tel (202) 370-8319
www.mckoolsmith.com

2

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.