# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTONOMOUS DEVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1466 (MN) |
| | ) | |
| TESLA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TESLA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES (NOS. 1-10)**

Pursuant to Federal Rules of Civil Procedure 26 and 33 of the Federal Rules of Civil

Procedure, Tesla, Inc., ("Defendant" or "Tesla") hereby responds and objects to Autonomous

Devices LLC's, ("Plaintiff" or "Autonomous") First Set of Interrogatories (Nos. 1-10) to

Tesla. The following responses are based upon the present information and belief and are

made subject to the General Objections and Specific Objections stated below. Tesla reserves

the right to amend or supplement any of its discovery responses. The following responses

shall not be construed as a waiver of any objection.

**GENERAL STATEMENTS AND OBJECTIONS**

1.      Tesla objects to each and every Interrogatory, definition, and instruction to the

extent it seeks to impose any burdens inconsistent with or in addition to Tesla's obligations under

the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the District

of Delaware, any order concerning the production of ESI issued by the Court, and/or any other

applicable Orders or Rules.

2.      Tesla objects to each and every Interrogatory, definition, and instruction to the

extent it seeks information that is protected under, without limitation, the attorney-client privilege,

the work product immunity doctrine, and/or any other applicable privilege, prohibition, limitation,

or immunity from disclosure. Inadvertent production of such information shall not constitute the waiver of any applicable privilege, doctrine, immunity, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work product, privilege, and/or admissibility as evidence.

3.      Tesla objects to each and every Interrogatory, definition, and instruction to the extent it calls for production of documents or things not in Tesla's possession, custody, or control and/or not obtainable by means of a reasonably diligent search, including without limitation documents or things that are not maintained by Tesla in the normal course of business or that no longer are maintained by Tesla.

4.      Tesla objects to each and every Interrogatory, definition, and instruction to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

5.      Tesla objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. To the extent that Tesla agrees to produce documents containing such information, it will only do so subject to a Protective Order that is entered in this action.

6.      Tesla objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is already in Plaintiff's possession or available from a public source such that the burden of obtaining the information is the same for Plaintiff as it would be for Tesla. Tesla further objects to each Interrogatory, definition, and instruction to the extent that it calls for Tesla to produce back to Plaintiff the same documents that Plaintiff has produced to Tesla.

7.      Tesla objects to each and every Interrogatory, definition, and instruction to the extent it is overly broad, unduly burdensome, oppressive, and/or irrelevant to the subject matter of

this action. Tesla further objects to each and every Interrogatory, definition, and instruction to the extent it is not proportional to the needs of this case.

8.      Tesla objects to each and every Interrogatory, definition, and instruction to the extent that it requires Tesla to draw or render a legal conclusion and/or expert opinion.

9.      Tesla objects to each and every Interrogatory to the extent that it is compound and contains discrete subparts that in fairness should be counted as distinct interrogatories under Federal Rule of Civil Procedure 33(a)(1). Tesla reserves the right to separately count such interrogatories against the numerical limit agreed to by the Parties.

10.     By responding to Plaintiff's First Set of Interrogatories, Tesla does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information provided in response; or (b) the admissibility, relevance, or materiality of any of the information to any issue in this case. Moreover, a response stating that Tesla will provide information regarding an Interrogatory does not constitute an admission that any information regarding that Interrogatory exists or can be located after a reasonable search, or is known or reasonably available to Tesla.

11.     Each and every General Objection shall be deemed to be incorporated in full into each of the individual responses set forth below. Any Specific Objections to an Interrogatory are made in addition to the General Objections, not as a replacement for them.

## OBJECTIONS TO DEFINITIONS

12.     Tesla objects to definitions ¶¶ 1, 3–6, 8–12, 16 and 19–27 on the grounds and to the extent that they are overbroad, unduly burdensome, compound, vague and ambiguous, and seek irrelevant information.

13.     Tesla objects to Plaintiff's definition of "Tesla," "You," "Your," or "Tesla," to the extent that it seeks to compel Tesla to collect or produce documents from parties from whom Tesla has no right or obligation to collect documents.

14.     Tesla further objects to definition ¶ 5 ("Asserted Patents") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

15.     Tesla further objects to definition ¶ 6 ("Accused Instrumentality" and "Accused Instrumentalities") as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

16.     Tesla further object to definition ¶ 9 ("Concerning" or "Relating to") as vague and ambiguous, overbroad, compound, and unduly burdensome.

17.     Tesla further object to definition ¶ 10 ("Documents") as vague and ambiguous, overbroad, compound, and unduly burdensome.

18.     Tesla further objects to definition ¶ 17 ("Related Applications") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

19.     Tesla further objects to definition ¶ 18 ("Related Patents") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

## INTERROGATORY NO. 1:

Identify each Accused Instrumentality made, used, offered to sell, sold, and/or imported, by You or at Your behest, within the United States since October 16, 2018. Your identification should include each Accused Instrumentality's name, model number, internal name(s)/designation(s), manufacturer, an identification of all software and hardware versions supported by each Accused Instrumentality including whether they are trained using Tesla's Dojo and/or Tesla's Fleet. Your answer should use the format of the following table, and identify the three current Tesla employees most knowledgeable about such operation.

**RESPONSE TO INTERROGATORY NO. 1:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent the definition is not narrowly tailored to the needs of this litigation and broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "trained using . . . Tesla's Fleet." Tesla further objects to this Interrogatory to the extent it seeks production of information outside the scope of the litigation. Tesla further objects that this Interrogatory is compound and counts it as three interrogatories towards Plaintiff's limit of 25. Tesla further objects to this Interrogatory to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects to this Interrogatory to the extent it seeks information better determined by examining a party's business records. Tesla further objects to Interrogatory to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Since October 16, 2018, Tesla has sold the following vehicles in the United States: Model S, Model 3, Model X, and Model Y.

Since October 16, 2018, Tesla vehicles sold in the United States have used the following autopilot hardware versions: HW2.5 (released in August 2017), HW3 (released in March 2019), and HW4 (released in March 2023). On October 16, 2018, version 2018.39.8 was the latest release of Tesla firmware.

Since October 16, 2018, Dojo has not been used to train any Tesla vehicles sold in the United States.

Tesla identifies Lane McIntosh and Phil Duan as knowledgeable regarding autopilot software.

## INTERROGATORY NO. 2:

Separately for each product or service identified in your response to Interrogatory No. 1, identify the financial information generated from sales of these products or services (including support services for these products) to customers in the United States since October 16, 2018 on a monthly basis (or quarterly if monthly does not exist, or annually if neither monthly nor quarterly exist), including but not limited to the number of units sold, revenues, gross profits, net profits, the costs associated with making and selling each such product or service, and projected future sales in the United States.

## RESPONSE TO INTERROGATORY NO. 2:

Tesla incorporates by reference its General Objections. Tesla further objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "financial information." Tesla further objects to this Interrogatory to the extent it seeks production of information outside the scope of the litigation. Tesla further objects that this Interrogatory is compound. Tesla further objects to this Interrogatory to the extent it seeks information better determined by examining a party's business records. Tesla further objects to Interrogatory to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

The burden of deriving and ascertaining the answer to this Interrogatory is substantially the same for either party. Thus, Tesla expressly reserves the right to respond to this Interrogatory by producing documents from which responsive information may be ascertained pursuant to Fed. R. Civ. P. 33(d). Tesla will provide these documents in accordance with the Scheduling Order (D.I.

25) in this case. Discovery and Tesla's investigation in this case are on-going, and Tesla reserves

its rights to modify, supplement, and/or amend its response as appropriate.

**INTERROGATORY NO. 3:**

Describe in detail the technical operation and training of the neutral networks of each product identified in Interrogatory No. 1, including the architecture, labeling of data, training and technical operation of the neural networks, and the identification of internal documentation demonstrating or showing the architecture, labeling of data, training and technical operation of the neural networks. Your answer should also include an Identification of the person(s) most knowledgeable about Your answer and an Identification of Documents (by Bates number) that relate to, support, or refute Your answer.

**RESPONSE TO INTERROGATORY NO. 3:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "technical operation and training." Tesla further objects to this Interrogatory to the extent it seeks production of information outside the scope of the litigation. Tesla further objects that this Interrogatory is compound and counts it as two interrogatories towards Plaintiff's limit of 25. Tesla further objects to Interrogatory to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

The burden of deriving and ascertaining the answer to this Interrogatory is substantially the same for either party. Thus, Tesla expressly reserves the right to respond to this Interrogatory by producing documents from which responsive information may be ascertained pursuant to Fed. R. Civ. P. 33(d). Tesla will produce these documents in accordance with the Scheduling Order (D.I. 25) in this case. Discovery and Tesla's investigation in this case are on-going, and Tesla reserves its rights to modify, supplement, and/or amend its response as appropriate.

**INTERROGATORY NO. 4:**

Separately for each product or service identified in Your response to Interrogatory No. 1, identify every fact and explain every basis for your contention that You have not infringed and do not infringe each of the Asserted Patents, including identifying each claim element on an element-by-element basis that You claim that You do not practice and identifying all facts and Documents (by Bates number) that you intend to rely on to support Your claim.

**RESPONSE TO INTERROGATORY NO. 4:**

Tesla incorporates by reference its General Objections. Tesla further objects that this Interrogatory is compound. Tesla further objects to Interrogatory to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objections to this Interrogatory as premature to the extent it seeks Tesla's contentions concerning infringement before they are required by the parties' Scheduling Order (D.I. 25) and before discovery is complete. Tesla further objects to this Interrogatory to the extent that it attempts to shift the burden of proof to Tesla with regard to infringement. Tesla further objects to this Interrogatory to the extent it calls for premature disclosure of expert opinions. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla will provide its non-infringement contentions in accordance with the Scheduling Order (D.I. 25) in this case. Discovery and Tesla's investigation in this case are on-going, and Tesla reserves its rights to modify, supplement, and/or amend its response as appropriate.

**INTERROGATORY NO. 5:**

Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**RESPONSE TO INTERROGATORY NO. 5:**

Tesla incorporates by reference its General Objections. Tesla further objects that this Interrogatory is compound. Tesla further objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "knowledge of relevant facts." Tesla further objects to this Interrogatory as unduly burdensome and overly broad with respect to the phrase "all persons." The scope of such information is disproportionate to the needs of the case pursuant to Rule 26.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla directs Plaintiff to the persons identified in its Rule 26(a)(1) Initial Disclosures. Discovery and Tesla's investigation in this case are on-going, and Tesla reserves its rights to modify, supplement, and/or amend its response as appropriate.

**INTERROGATORY NO. 6:**

Identify (including by Bates number) all product requirement documents, market studies, consumer surveys, or other reports or analyses prepared by you, prepared on your behalf, or known by you identifying customer or industry preferences concerning the features, value, and/or functionality of each product or service identified in Your response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 6:**

Tesla incorporates by reference its General Objections. Tesla further objects that this Interrogatory is compound. Tesla further objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "customer or industry preferences." Tesla further objects to Interrogatory to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

The burden of deriving and ascertaining the answer to this Interrogatory is substantially the same for either party. Thus, Tesla expressly reserves the right to respond to this Interrogatory by producing documents from which responsive information may be ascertained pursuant to Fed. R. Civ. P. 33(d). Tesla will provide these documents in accordance with the Scheduling Order (D.I. 25) in this case. Discovery and Tesla's investigation in this case are on-going, and Tesla reserves its rights to modify, supplement, and/or amend its response as appropriate.

**INTERROGATORY NO. 7:**

To the extent that You claim there are one or more acceptable non-infringing alternatives to the systems, devices, and/or methods claimed in the Asserted Patents, identify and describe all facts (including the technical and financial details) for Your contention, including (i) the nature of the alleged non-infringing alternative, whether previously implemented or not; (ii) Your basis for contending the alleged non-infringing alternative is an acceptable alternative, including any differences between the functionality of the Accused Instrumentalities and any identified non-infringing alternatives; (iii) the identity of any product, whether made by You or any other person, that You contend is as an example of a non-infringing alternative; (iv) Your basis for contending the alleged non-infringing alternative was available to You, including the date range within which You contend the alleged non-infringing alternative was or is available to You; (v) the reason You did not or have not incorporated and/or implemented each identified non-infringing alternative, (vi) identify each change and/or modification that You have made, or plan to make, to the design, operation, or use of each Accused Instrumentality as a result of or in relation to any litigation by Autonomous, and (vii) identify all persons with knowledge, and sources of information relied upon in answering this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 7:**

Tesla incorporates by reference its General Objections. Tesla further objects that this Interrogatory is compound. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla further objections to this Interrogatory as premature to the extent it seeks Tesla's contentions before they are required by the parties' Scheduling Order (D.I. 25) and before discovery is complete. Tesla further objects to this Interrogatory to the extent it calls for premature disclosure of expert opinions. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome,

and irrelevant to the extent the definition is not narrowly tailored to the needs of this litigation and broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

To the extent Tesla does have any contention related to non-infringing alternatives, Tesla will provide its contentions in accordance with the Scheduling Order (D.I. 25) in this case, and not before Plaintiff has provided adequate contentions regarding infringement and damages. Discovery and Tesla's investigation in this case are on-going, and Tesla reserves its rights to modify, supplement, and/or amend its response as appropriate.

## INTERROGATORY NO. 8:

Identify by Bates number and Describe the content of all patent or product license agreements, settlement agreements, technology transfer agreements, covenants-not-to-sue, or any other agreements that have been produced by You in this Action or are in Your possession, custody, or control, or of which You are aware that (a) relate to technology similar (in part or in full) to the Asserted Patents; (b) relate to the Accused Instrumentalities; (c) relate to the Accused Instrumentalities Identified in Your response to Interrogatory No. 1; or (d) that You contend are comparable to a license that You would have taken in a hypothetical negotiation in this Action. Your answer should also include an Identification of the person(s) most knowledgeable about Your answer and an Identification of Documents (by Bates number) that relate to, support, or refute Your answer.

## RESPONSE TO INTERROGATORY NO. 8:

Tesla incorporates by reference its General Objections. Tesla further objects that this Interrogatory is compound and counts it as two interrogatories towards Plaintiff's limit of 25. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.   Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent the definition is

not narrowly tailored to the needs of this litigation and broadens the scope of Plaintiff's requests

to include documents unrelated to the accused products and functionality, or any relevant issues in

this case. Tesla further objections to this Interrogatory as premature to the extent it seeks Tesla's

damages contentions before they are required by the parties' Scheduling Order (D.I. 25) and before

discovery is complete. Tesla further objects to this Interrogatory as vague and ambiguous,

including with respect to the phrase "relate to."

Subject to and without waiving its General and Specific objections, Tesla responds as

follows:

Tesla will provide any agreements it contends are comparable licenses for a hypothetical

negotiation in this Action in accordance with the Scheduling Order (D.I. 25) in this case, and not

before Plaintiff has provided adequate contentions regarding infringement and damages.

Otherwise, the burden of deriving and ascertaining the answer to this Interrogatory is substantially

the same for either party. Thus, Tesla expressly reserves the right to respond to this Interrogatory

by producing documents from which responsive information may be ascertained pursuant to Fed.

R. Civ. P. 33(d). Discovery and Tesla's investigation in this case are on-going, and Tesla reserves

its rights to modify, supplement, and/or amend its response as appropriate.

## INTERROGATORY NO. 9:

Describe each and every attempt (whether successful or not) by Tesla or Tesla's agents to gain
regulatory approval for Full Self Driving and/or Enhanced Autopilot. Your answer should also
include an Identification of the person(s) most knowledgeable about Your answer, the regulatory
agency from which approval was sought, whether or not approval was granted, and an
Identification of Documents (by Bates number) that relate to, support, or refute Your answer.

## RESPONSE TO INTERROGATORY NO. 9:

Tesla incorporates by reference its General Objections. Tesla further objects that this

Interrogatory is compound counts it as two interrogatories towards Plaintiff's limit of 25. Tesla

further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla has not sought regulatory approval for Full Self Driving or Enhanced Autopilot in the United States.

**INTERROGATORY NO. 10:**

Identify each former employee who held a managerial or supervisory role at Tesla related to Tesla's Full Self Driving technology, Tesla's Enhanced Autopilot technology, or Tesla's Dojo technology. Your answer should identify each former employee by name, provide their last known contact information, provide their last title at Tesla, provide their dates of employment by Tesla, and state whether that employee was fired, laid off, or resigned.

**RESPONSE TO INTERROGATORY NO. 10:**

Tesla incorporates by reference its General Objections. Tesla further objects that this Interrogatory is compound. Tesla further objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "related to." Tesla further objects to this Interrogatory as unduly burdensome and overly broad regarding identification of third-party "former employee[s]" who have no current affiliation with Tesla. The scope of such information is disproportionate to the needs of the case pursuant to Rule 26. Tesla further object to this interrogatory to the extent Plaintiff intends to use the information requested to needlessly harass and impose undue burden on non-parties. Tesla further objects to this Interrogatory to the extent it requests information related to the reasons why former employees left Tesla, which is unrelated to the accused products and functionality or any relevant issues in this case.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Anish Desai
Ian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
(212) 310-8000

Christopher Pepe
Matthew D. Sieger
Eric C. Westerhold
Allison Herzig
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000

Adrian C. Percer
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
(650) 802-3000

May 15, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Tesla, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Karen E. Keller, Esquire                                    *VIA ELECTRONIC MAIL*
Emily S. DiBenedetto, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*


Blair Jacobs, Esquire                                       *VIA ELECTRONIC MAIL*
Christina A. Ondrick, Esquire
John S. Holley, Esquire
MCKOOL SMITH, P.C.
1999 K Street, NW Suite 600
Washington, D.C.  20006
*Attorneys for Plaintiff*


George T. Fishback, Jr., Esquire                            *VIA ELECTRONIC MAIL*
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX  78701
*Attorneys for Plaintiff*


                                            */s/ Brian P. Egan*
                                            _____
                                            Brian P. Egan (#6227)