IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTONOMOUS DEVICES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1466 (MN) |
| | ) |
| TESLA, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>NOTICE OF AMENDED THIRD PARTY SUBPOENA FOR DOCUMENTS</u>**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendant Tesla, Inc. will serve the subpoena and accompanying on iRobot Corporation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

/s/ *Brian P. Egan*

Anish Desai
Ian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
(212) 310-8000

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

Christopher Pepe
Matthew D. Sieger
Eric C. Westerhold
Allison Herzig
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000

*Attorneys for Defendant Tesla, Inc.*

Adrian C. Percer
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
(650) 802-3000

August 29, 2023

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| AUTONOMOUS DEVICES, LLC<br>*Plaintiff*<br>v.<br>TESLA, INC.<br>*Defendant* | Civil Action No. 22-1466-MN |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  iRobot Corporation,
8 Crosby Drive, Bedford, MA 01730

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, NY 10153 | Date and Time: 9/12/2023 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/29/2023

*CLERK OF COURT*

OR

_____        /s/ Anish R. Desai
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tesla Inc. , who issues or requests this subpoena, are:

Anish R. Desai; Weil, Gotshal & Manges, LLP, 767 Fifth Ave., New York, NY 10153; anish.desai@weil.com; (212) 310-8730

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-1466-MN

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-cv-01466-MN   Document 81   Filed 08/29/23   Page 4 of 13 PageID #: 4601

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Tesla, Inc. requests that iRobot Corporation produce the following documents and things to the Defendant's counsel, Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, NY 10153, within fourteen (14) days of service hereof.

The following definitions and instructions apply to the requests for production below and should be considered as part of each such request for production.

## DEFINITIONS

1. "iRobot," "You," or "Your" means iRobot Corporation, and each of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, partners, corporate parents, subsidiaries, affiliates, divisions, predecessors-in-interest, or successors-in-interest and any person or entity, past or present, acting on its behalf.

2. "iRobot Autonomous Robot" means any robot, vehicle, or other device manufactured or modified for autonomous navigation by iRobot Corporation.

3. "Autonomous Devices," "AD," or "Plaintiff" means Autonomous Devices, LLC, and each of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, partners, corporate parents, subsidiaries, affiliates, divisions, predecessors-in-interest, or successors-in-interest and any person or entity, past or present, acting on its behalf.

4. "Defendant" or "Tesla" means Tesla, Inc.

5. "Action" means the above-captioned civil action, *Autonomous Devices, LLC, v. Tesla, Inc.,* Case No. 22-1466 (MN) in the United States District Court for the District of Delaware.

6. "Third Party" or "Third Parties" means any person or entity other than Tesla or Autonomous Devices.

7. "Person" is defined as any natural person or any legal entity, including, without limitation, any reference to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and includes, without limitation, any written, printed, recorded, electronic, or graphic matter that is or has been in Plaintiffs' actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including, without limitation, originals, drafts (sent or unsent), electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represent a distinct version).

9. When referring to a person, "to identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. When referring to documents, "to identify" means to provide, to the extent known, the document's date of creation, bates number, storage location, and custodian, as well as the nature of and a summary of the relevant information contained within the identified document.

11. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) between individuals or companies whether oral, written, electronic, in-person, telephonically, directly, through an intermediary or otherwise.

12. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

13. "Including" means including without limitation.

14. "State" or "describe" means to set forth a complete and detailed statement of all information (legal and factual), circumstances, events, date, persons and facts that refer to, relate to, reflect, comprise, or bear upon the matter concerning which information is requested.

15. "Refer," "relate," "relating," "respecting," or "concerning" shall be construed in the broadest sense to mean information (1) which contains or comprises any representations, requests, demands, studies, or analyses referred to in these requests, or (2) information which discusses, mentions, or refers, whether directly or indirectly, to the subject matter of the request.

16. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17. The use of the singular form of any word includes the plural and vice versa.

18. The present tense includes the past and future tenses, and vice-versa.

## INSTRUCTIONS

1. In the event that any response is limited or documents called for by a request are withheld from disclosure on a claim of attorney-client privilege, attorney work product, or any other privilege or immunity, identify: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time

of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "work product," etc.).

2. State, for each request, whether or not any documents within the scope of the request exist and whether any such documents are in your possession, custody, or control.

3. As to any portion of the requests that seek documents that were once in your possession, custody, or control, but which are not now within or subject to you possession, custody, or control, you are directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena *duces tecum*, and to give the name, telephone number, and address of the person last known by you to have been in possession, custody, or control of such documents.

4. If any document, thing, or source of information that is identified in response to a request has been destroyed or lost or is otherwise missing, state: (a) the date of such destruction or loss; (b) the reason for such destruction or loss; (c) the identity of the person or persons who destroyed or lost the document, thing, or source of information; and (d) the identity of the person or persons who authorized such destruction.

5. You are required to respond to each request set forth below, regardless of whether the information is possessed by Plaintiff or its respective predecessors, successors, parents, affiliates, subsidiaries, present and former officers, directors, general partners, limited partners, trustees, managers, employees, representatives, agents, sub-agents, distributors, attorneys, attorneys-in-fact, accountants, investigators, advisors, consultants, or any other person acting or purporting to act, exercising discretion, and/or making decisions on their behalf.

6. In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

Documents and Things sufficient to show all versions, models, or variations of iRobot Autonomous Robots operated in public spaces or demonstrated to a member of the public prior to November 26, 2017, including Roombas and unmanned vehicles compatible with the uPoint MRC system. *See* iRobot Brings Visual Mapping and Navigationto the Roomba 980, *https://spectrum.ieee.org/irobot-brings-visual-mapping-and-navigation-to-the-roomba-980*; iRobot Unveils Its First Multi-Robot Tablet Controller for First Responders, Defense Forces and Industrial Customers, *https://media.irobot.com/2014-10-09-iRobot-Unveils-Its-First-Multi-Robot-Tablet-Controller-for-First-Responders-Defense-Forces-and-Industrial-Customers* ("Every aspect of controlling robots is made easier with the uPoint MRC system, with features that include: … Autonomous driving modes").

**REQUEST FOR PRODUCTION 2:**

Documents and Things sufficient to show the level of autonomous operation of each iRobot Autonomous Robot operated in public spaces or warehouses or demonstrated to a member of the public prior to November 26, 2017.

**REQUEST FOR PRODUCTION 3:**

Documents and Things sufficient to show when and where iRobot Autonomous Robots were operated in public spaces or warehouses or demonstrated to a member of the public prior to November 26, 2017.

**REQUEST FOR PRODUCTION 4:**

Documents and Things sufficient to identify the individuals that were involved in the operation of an iRobot Autonomous Robot in public spaces or the demonstration of an iRobot Autonomous Robot to a member of the public prior to November 26, 2017.

**REQUEST FOR PRODUCTION 5:**

Documents and Things sufficient to show the pathing functionality, including but not limited to mapping, especially including vision simultaneous localization and mapping (VSLAM) parameters, of iRobot Autonomous Robots operated in public spaces or demonstrated to a member of the public prior to November 26, 2017. *See* iRobot Brings Visual Mapping and Navigationto the Roomba 980, *https://spectrum.ieee.org/irobot-brings-visual-mapping-and-navigation-to-the-roomba-980*.

**REQUEST FOR PRODUCTION 6:**

Documents and Things sufficient to show the object detection and avoidance system functionality, including personnel "tech vests," for iRobot Autonomous Robots operated in public spaces or demonstrated to a member of the public prior to November 26, 2017. *See Id.*

**REQUEST FOR PRODUCTION 7:**

Documents and Things sufficient to identify the type of artificial intelligence models and/or techniques used by iRobot Autonomous Robots operated in public spaces or demonstrated to a member of the public prior to November 26, 2017, including but not limited to neural networks.

**REQUEST FOR PRODUCTION 8:**

Documents and Things sufficient to show presentations or publications given or available to any member of the public prior to November 26, 2017 regarding the design and operation of iRobot Autonomous Robots.

**REQUEST FOR PRODUCTION 9:**

For any presentation or publication produced in response to Request for Production 8, documents and things sufficient to show when the presentation or publication was given or available to a member of the public, and the individuals involved in the presentation or publication.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 29, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Blair Jacobs, Esquire<br>Christina A. Ondrick, Esquire<br>John S. Holley, Esquire<br>MCKOOL SMITH, P.C.<br>1999 K Street, NW Suite 600<br>Washington, D.C.  20006<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| George T. Fishback, Jr., Esquire<br>MCKOOL SMITH, P.C.<br>303 Colorado Street, Suite 2100<br>Austin, TX  78701<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)