# IN THE UNITED STATES DISTRICT COURT
## FOR DELAWARE

AUTONOMOUS DEVICES LLC,

§
§
§

*Plaintiff*,

§
§

C.A. No. 22-1466-MN

v.

§
§

TESLA, INC.,

§
§
§

█████████████████████

*Tesla*.

§
§
§

**REDACTED -
PUBLIC VERSION**

---

## TESLA'S LETTER TO THE HONORABLE LAURA D. HATCHER IN OPPOSITION TO AUTONOMOUS DEVICES LLC'S LETTER <u>REGARDING DISCOVERY DISPUTES (D.I. 66, 75)</u>

OF COUNSEL:

Anish Desai
Ian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
(212) 310-8000

Christopher Pepe
Matthew D. Sieger
Eric C. Westerhold
Allison Herzig
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000

Adrian C. Percer
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
(650) 802-3000

August 23, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Tesla, Inc.*

**Confidential Version Filed: 8/23/23
Redacted Version Filed: 9/1/23**

Dear Judge Hatcher:

Pursuant to the Court's Order (D.I. 67), Defendant Tesla, Inc. ("Tesla") provides this response to Plaintiff Autonomous Device's ("AD") August 21, 2023 discovery letter (D.I. 75). The relief sought in AD's letter should be denied in its entirety.

## I.    DISCOVERY REGARDING "PREDECESSOR SUPERCOMPUTERS"

AD seeks discovery on "Tesla's neural network and AI training computers, for example, the Dojo and predecessor supercomputers." Tesla operates a supercomputer powered by Nvidia GPUs that can be used for ███████ and training. The Nvidia supercomputer is not a "predecessor" to Dojo, making discovery into the Nvidia supercomputer non-responsive to AD's request as worded.

Nevertheless, as noted in AD's letter, Tesla already agreed on August 2nd in writing to provide discovery regarding its Nvidia supercomputer. Indeed, even before that email, Tesla's core technical production on June 30, 2023 included hundreds of documents relating to ███████ running on the Nvidia GPUs, in addition to source code that is used for ███████ on the Nvidia GPUs. *E.g.*, Exs. 5, 15. Tesla has not withheld documents regarding its Nvidia supercomputer. To avoid all doubt, Tesla today served supplemental discovery responses repeating this representation, rendering this issue moot. Ex. 17.

## II.    TRAINING MATERIALS (RFP NO. 35)

AD's request for internal wikis and training materials fails for three reasons: (i) employee training materials are not relevant; (ii) AD's request is overbroad; and (iii) Tesla has already produced internal wikis and training materials to the extent they exist and described the relevant functionality of the accused products.

First, training materials for new employees are not relevant to any parties' claims. Tesla has produced documents (including training materials) and interrogatory responses explaining how its products operate. AD complains that reviewing Tesla's code has been challenging due to its complexity and size (while also complaining it is inadequate), but AD has spent less than five hours reviewing it—review by one attorney, no experts. *See* D.I. 64-2. AD cites two cases for the notion that Tesla must provide a "road map" to its source code, but neither case is applicable here. In *Facedouble, Inc. v. Face.com, Inc.*, the defendant was ordered to provide a "road map" to its source code *in response to an interrogatory*. 2014 WL 585868, at *2 (S.D. Cal. Feb. 13, 2014). Likewise, in *Personal Audio, LLC v. Apple, Inc.*, the defendant was ordered to respond *to an interrogatory* about how its products worked. Tesla already provided a comprehensive narrative interrogatory response supported by documents, as is proper, describing how Tesla's products work. Ex. 13 (ROG 3). AD is not herein challenging the adequacy of that response.

Second, AD's request is overbroad, seeking "[a]ll training materials . . . ***concerning the Accused Instrumentalities***." This request encompasses irrelevant documents related to, for example, Bluetooth & WiFi, powertrain thermal and HVAC controls, measurement processes for battery products, and Mobile (iOS/Android) Apps for Tesla vehicles. *See* Exs. 1-4.

Third, after conducting a reasonable search, Tesla confirms that it does not maintain or provide formal training materials to new employees relating to FSD, EAP, or Simulators. Over the years, some employees have created, on an ad hoc basis, documents reflecting instructions and training materials related to FSD, EAP, and Simulators, but these documents are not necessarily current nor accurate. Tesla produced such documents as part of its core technical document production. *See*, *e.g.*, Ex. 5 (internal wiki providing instructions for ███████████████████ ); Ex.

6 ████████████████ presentation); Ex. 7 (internal wiki providing instructions for ████████████ ); Ex. 8 (internal wiki providing instructions for ████████████ ); Ex. 9 (internal wiki providing ████████████ ); Ex. 10 (TESLA-SCT-0000393) (presentation re ████████████ provided for *in camera* review).

## III.    DOCUMENTS RELATED TO SAFETY (RFP NOS. 85, 87, 88, 89)

AD claims that "Tesla has not argued that the requested documents [in RFP Nos. 85, 87, 88, and 89] are irrelevant or not proportional to the needs of the case." That is incorrect. In response to RFP No. 85, for example, Tesla objected to the Request as "overly burdensome, vague, ambiguous and ***not proportional to the needs of this case*** to the extent it seeks production of 'all documents and information.'" D.I. 75-6 at 78. Tesla supplemented its response on July 7, 2023 stating that "Tesla does not agree to search for and produce 'All Documents and information gathered for' the above-referenced tweet, as this request is vague, is ***not relevant to any party's claim or defense***, and ***is disproportionate to the needs of the case***." *Id.*; *see also id.* at 80-82 (objecting to RFP Nos. 87, 88, and 89). Tesla stands by these objections.

Documents related to the safety of Tesla vehicles are not relevant to any parties' claim in this case. The patents-in-suit have nothing to do with safety. AD contends that safety documents may be relevant to damages, as "Tesla's touts the safety and value of its use of the patented technology." AD Ltr. at 2. But that stretches relevance beyond any coherent boundary, and even if that were true, Tesla has already agreed to produce documents—to the extent they exist and subject to its objections—showing benefits associated with the accused functionalities. AD, Ex. 6 at 29 (Supp. Resp. to RFP No. 28). AD otherwise cites no case law for the proposition that safety is relevant to damages, especially for a product already on the market. Thus, the burden on Tesla to collect all documents related to the safety of its vehicles outweighs their marginal relevance, if any.

Moreover, RFP Nos. 85, 87, 88, and 89 are overbroad: RFP No. 85: "***All Documents and information gathered*** for the NHTSA relating to the tweet below"; RFP No. 87: "***All Documents supporting Mr. Musk's statement*** that 'Tesla Full Self-Driving will work at a safety level well above that of the average driver' in 2021 as shown in the tweet below"; RFP No. 88: "***All Documents concerning the safety*** of Tesla's Full Self-Driving and/or Enhanced Autopilot"; and RFP No. 89: "***All Documents concerning*** Tesla's fleet being "the biggest asset value increase of anything in history" as stated by Mr. Musk during Tesla's Q4 2022 results conference call." It would be impossible for Tesla to meet AD's demand of finding and producing "All Documents" relating to vague tweets and statements, as well as "All Documents concerning the safety" of Tesla's FSD and EAP.

Nevertheless, in response to RFP No. 86, Tesla agreed to produce "documents provided to NHTSA that describe the technical operation of FSD or EAP." AD neglects to mention that on August 4, Tesla produced nearly 3,500 pages of NHTSA documents, many of which discuss safety relating to FSD and EAP. *E.g.*, Ex. 11. In total, Tesla has produced about 325 documents where "safety" is mentioned, including an internal wiki page dedicated to "████████████." *See* Ex. 12.

## IV.    FORMER EMPLOYEES WITH SUPERVISORY OR MANAGEMENT ROLES FOR FLEET LEARNING (ROG NO. 10)

Interrogatory No. 10 requests that Tesla identify all "former employee[s] who held a managerial or supervisory role at Tesla related to Tesla's Full Self Driving technology, Tesla's Enhanced

Autopilot technology, or Tesla's Dojo technology" including stating "whether that employee was fired, laid off, or resigned." Tesla objected to this Interrogatory as "unduly burdensome and overly broad regarding identification of third-party 'former employee[s]' who have no current affiliation with Tesla," "disproportionate to the needs of the case pursuant to Rule 26," objected "to the extent Plaintiff intends to use the information requested to needlessly harass and impose undue burden on non-parties," and further objected on the grounds that "information related to the reasons why former employees left Tesla … is unrelated to the accused products and functionality or any relevant issues in this case." Ex. 13 at 17-18.

Even if former Tesla employees had relevant information, AD is not entitled to discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). Due to the manner in which Tesla maintains historic information, creating a list of former employees by subject matter expertise would be difficult and burdensome. Tesla has identified current employees knowledgeable about the accused products (*e.g.*, Ex. 14 (Paragraph 3 Disclosures)), and AD has yet to exhaust less burdensome avenues of discovery. Indeed, AD offers no explanation for what unique information is missing from Tesla's current employees. AD made its true intentions clear in requesting whether each former employee was "fired" or "laid off": to seek potentially disgruntled former Tesla employees. Tesla should not be burdened with expending resources to satisfy AD's fishing expedition.

AD cites to a Special Master's findings in *Frontier Comm'ns Corp. v. Google Inc.*, but that case supports Tesla's position. The Special Master found that an interrogatory seeking "the identity of all individuals involved in the development of the relevant technology" was "overbroad." Ex. 16 at 5. The Special Master found that "Google can meet its reasonable discovery obligations by identifying those individuals who are most knowledgeable about or primarily responsible for" the design of the relevant technology. *Id.* This issue should be decided the same way.

## V. "LICENSE AGREEMENTS" RELATED TO THE ACCUSED INSTRUMENTALITIES (ROG NO. 8; RFP NOS. 60, 79, 80)

Interrogatory No. 8 and RFP Nos. 60, 79, and 80 are overbroad and unduly burdensome, seeking a tremendous amount of irrelevant documents. Contrary to AD's letter, these requests are not limited to "patent license agreements." For example, RFP No. 60 requests "***All contracts and agreements*** . . . related to the manufacture, testing, sale, development, or marketing of any Accused Instrumentality." Collectively, these requests cover any contract that Tesla has ever entered. During the meet and confer, Tesla inquired if a hypothetical agreement related to a wheel design for a Tesla vehicle would be responsive. AD responded affirmatively. AD's overreaching discovery into any and every agreement relating to Tesla vehicles is simply not relevant and should be barred. It has no purpose other than to annoy and harass Tesla.

Tesla has agreed to search for and produce patent licenses or settlements related to autonomous driving or the training of a vehicle for such driving—i.e., the technology accused of infringement—to the extent such documents exist. License agreements for unrelated technology, let alone manufacturing agreements, are simply not relevant, and AD cites no case law showing that such agreements are discoverable.

Respectfully submitted,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

BPE/bac
Attachments

cc:    Clerk of the Court (via CM/ECF; w/attachments)
        All Counsel of Record (via CM/ECF and electronic mail; w/attachments)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 23, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Blair Jacobs, Esquire<br>Christina A. Ondrick, Esquire<br>John S. Holley, Esquire<br>MCKOOL SMITH, P.C.<br>1999 K Street, NW Suite 600<br>Washington, D.C.  20006<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| George T. Fishback, Jr., Esquire<br>MCKOOL SMITH, P.C.<br>303 Colorado Street, Suite 2100<br>Austin, TX  78701<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

# EXHIBIT 1

T E S L A | Careers

# Tesla Careers

Go to search

# Software Engineer, Bluetooth & Wifi

| | |
|---|---|
| **Job Category** | Engineering & Information Technology |
| **Location** | PALO ALTO, California |
| **Req. ID** | 207419 |
| **Job Type** | Full-time |

**Apply**

Tesla participates in the E-Verify Program

**What to Expect**
Tesla is seeking a rockstar Software Engineer to join our Wireless Software Engineering team. In this role, you will be part of a team responsible for delivering an unparalleled Bluetooth connectivity experience for the next generation of Tesla vehicles. We are looking for a highly motivated, inquisitive, and driven engineer who will take an ownership approach to shaping the user experience.

**What You'll Do**
- Contribute to Tesla's wireless connectivity stack – Bluetooth/BLE, Wi-Fi.
- New feature development, Bluetooth profile connectivity management, and integration with smartphone ecosystems Develop telemetry and analytics platform enabling data collection, analysis and visualization of data reported from Tesla fleet.
- Contribute to test automation frameworks to validate existing and new connectivity features.
- Provide support to QA, manufacturing, and other software teams. Root-cause issues reported by QA teams and customer feedback.
- Contribute to rapid prototyping and evaluation of Tesla's next generation wireless platforms. Implement continuous improvements and best practices within the team, and larger organization.

**What You'll Bring**

- Experience in computer science, computer engineering, electrical engineering, or equivalent experience

- Strong coding skills in C and C++. 4+ years' experience in developing, integrating, and debugging any wireless protocol stack

- High expertise in embedded systems design, including real time operating systems

- Familiarity with open-source tools and Linux systems Knowledge of computer architectures, such as ARM or x86

- Expertise in analysis and debugging hardware level issues requiring familiarity with hardware interfaces such as I2C, UART, SPI etc.

- Attention to details in designing the user facing features Bluetooth and audio experience preferred but not required

**Compensation and Benefits**

Benefits

Along with competitive pay, as a full-time Tesla employee, you are eligible for the following benefits at day 1 of hire:

- Aetna PPO and HSA plans > 2 medical plan options with $0 payroll deduction

- Family-building, fertility, adoption and surrogacy benefits

- Dental (including orthodontic coverage) and vision plans, both have options with a $0 paycheck contribution

- Company Paid (Health Savings Account) HSA Contribution when enrolled in the High Deductible Aetna medical plan with HSA

- Healthcare and Dependent Care Flexible Spending Accounts (FSA)

- LGBTQ+ care concierge services

- 401(k) with employer match, Employee Stock Purchase Plans, and other financial benefits

- Company paid Basic Life, AD&D, short-term and long-term disability insurance

- Employee Assistance Program

- Sick and Vacation time (Flex time for salary positions), and Paid Holidays

- Back-up childcare and parenting support resources

- Voluntary benefits to include: critical illness, hospital indemnity, accident insurance, theft & legal services, and pet insurance

- Weight Loss and Tobacco Cessation Programs

- Tesla Babies program

- Commuter benefits

- Employee discounts and perks program

Expected Compensation

$104,000 - $348,000/annual salary + cash and stock awards + benefits

Pay offered may vary depending on multiple individualized factors, including market location, job-related knowledge, skills, and experience. The total compensation package for this position may also include other elements dependent on the position offered. Details of participation in these benefit plans will be provided if an employee receives an offer of employment.

Tesla is an Equal Opportunity / Affirmative Action employer committed to diversity in the workplace. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, sexual orientation, age, national origin, disability, protected veteran status, gender identity or any other factor protected by applicable federal, state or local laws.

Tesla is also committed to working with and providing reasonable accommodations to individuals with disabilities. Please let your recruiter know if you need an accommodation at any point during the interview process.

For quick access to screen reading technology compatible with this site click here to download a free compatible screen reader (free step by step tutorial can be found here). Please contact accommodationrequest@tesla.com for additional information or to request accommodations.

Privacy is a top priority for Tesla. We build it into our products and view it as an essential part of our business. To understand more about the data we collect and process as part of your application, please view our Tesla Talent Privacy Notice

Tesla © 2023

Privacy & Legal

Tesla Connect

# EXHIBIT 2

T Ξ S L Λ | Careers

Menu

# Tesla Careers

Go to search

# Software Validation Engineer, Thermal Systems

| | |
|---|---|
| **Job Category** | Vehicle Software |
| **Location** | PALO ALTO, California |
| **Req. ID** | 123212 |
| **Job Type** | Full-time |

**Apply**

Tesla participates in the E-Verify Program

**What to Expect**

*Role will be based in Palo Alto, CA with potential regular travel to Grand Rapids, MI and other Tesla facilities.

Tesla is looking for a highly motivated individual to join the Vehicle Software organization's Systems Validation Team with a focus on powertrain thermal and HVAC controls. It is the responsibility of this team to validate all software driven, system level, vehicle requirements prior to any new hardware or software release or new product introduction.

As a systems validation engineer you are expected to be an expert in your domain, have a deep understanding of the software/hardware dependencies in your system, and ensure our products achieve Tesla's high standards for safety and customer experience prior to release.

Tesla is continuously making improvements to its existing product line, as well as launching new products at a breakneck pace. As a validation engineer you must maintain a close relationship with all members of the design cycle to guarantee you are prepared to rigorously and comprehensively test all new features and changes made in your area of responsibility.

**What You'll Do**

- Work with hardware and software, modeling, controls and development teams, to maintain an expert understanding of thermal systems including: Powertrain thermal management, heat pump process control, and cabin HVAC controls.

- Develop and execute comprehensive system and sub-system level test specifications and test plans and provide feedback to development teams.

- Invent methods and build tools to execute tests and evaluate results efficiently and repeatably.

- Develop prototype test setups to integrate new subsystems with simulated or actual vehicle components – utilizing software driven test automation.

- Investigate field issues through data analysis and issue reproduction.

- Dig into data and source code to identify and debug issues and propose robust solutions.

- Continuously look for ways to improve the safety, performance and customer satisfaction with Tesla products.

- Promote and protect Tesla's reputation as a cutting-edge company producing the world's most exciting cars and shifting the paradigm of personal transportation worldwide.

**What You'll Bring**

- BS or MS degree in Computer Science, Mechatronics, Electrical, Mechanical or Systems Engineering or equivalent, with practical software engineering experience or proof of exceptional skills in related fields

- Hands-on technical experience debugging complex systems involving networked microprocessors and software-controlled electrical or electromechanical devices

- Strong fundamentals in heat-transfer and thermodynamics and devices like pumps, radiators, and refrigerant systems

- Experience with CAN and Vector tools

- Experience analyzing and parsing data to develop technical insights and make decisions

- Experience with Python or other scripting languages

- Experience with C and/or C++ for embedded systems

- Minimum 2 years' experience utilizing the essential skills above

**Compensation and Benefits**

Benefits

Along with competitive pay, as a full-time Tesla employee, you are eligible for the following benefits at day 1 of hire:

- Aetna PPO and HSA plans > 2 medical plan options with $0 payroll deduction

- Family-building, fertility, adoption and surrogacy benefits

- Dental (including orthodontic coverage) and vision plans, both have options with a $0 paycheck contribution

- Company Paid (Health Savings Account) HSA Contribution when enrolled in the High Deductible Aetna medical plan with HSA

- Healthcare and Dependent Care Flexible Spending Accounts (FSA)

- LGBTQ+ care concierge services

- 401(k) with employer match, Employee Stock Purchase Plans, and other financial benefits

- Company paid Basic Life, AD&D, short-term and long-term disability insurance

- Employee Assistance Program

- Sick and Vacation time (Flex time for salary positions), and Paid Holidays

- Back-up childcare and parenting support resources

- Voluntary benefits to include: critical illness, hospital indemnity, accident insurance, theft & legal services, and pet insurance

- Weight Loss and Tobacco Cessation Programs

- Tesla Babies program

- Commuter benefits

- Employee discounts and perks program

Expected Compensation

$96,000 - $282,000/annual salary + cash and stock awards + benefits

Pay offered may vary depending on multiple individualized factors, including market location, job-related knowledge, skills, and experience. The total compensation package for this position may also include other elements dependent on the position offered. Details of participation in these benefit plans will be provided if an employee receives an offer of employment.

Tesla is an Equal Opportunity / Affirmative Action employer committed to diversity in the workplace. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, sexual orientation, age, national origin, disability, protected veteran status, gender identity or any other factor protected by applicable federal, state or local laws.

Tesla is also committed to working with and providing reasonable accommodations to individuals with disabilities. Please let your recruiter know if you need an accommodation at any point during the interview process.

For quick access to screen reading technology compatible with this site click here to download a free compatible screen reader (free step by step tutorial can be found here). Please contact accommodationrequest@tesla.com for additional information or to request accommodations.

Privacy is a top priority for Tesla. We build it into our products and view it as an essential part of our business. To understand more about the data we collect and process as part of your application, please view our Tesla Talent Privacy Notice

EXHIBIT 3

 | Careers                                    Menu

# Tesla Careers

Go to search

# Sr. Software Development Engineer, Battery Vision Lead

| | |
|---|---|
| **Job Category** | Manufacturing |
| **Location** | Palo Alto, California |
| **Req. ID** | 206738 |
| **Job Type** | Full-time |

**Apply**

Tesla participates in the E-Verify Program

**What to Expect**
Tesla is looking to hire a Staff Software Development Engineer to lead a team focused on advanced vision and measurement processes for our cutting-edge battery products. This position will drive technological advancement in this area while growing a small, specialized team. It includes personnel management responsibilities. Battery development is at the heart of our company, and this is an exciting opportunity to work directly on the central challenges with electric vehicles – battery cost and performance. Tesla is a demanding and fast-paced environment where you will work with a highly motivated team on extremely challenging projects.

**What You'll Do**
· Evaluate needs and opportunities for value-add vision and measurement processes across new battery products

· Perform proof-of-concept to green light new and novel methods, technologies, and suppliers

· Guide cross-functional selection of optimal strategy and provide input to product interface design for complex applications

· Collaborate with internal and external equipment groups on custom automation

· Rigorous process and equipment development to achieve target efficacy, repeatability, and performance

· Continue application development through maturity and handoff. Support release to production

· Establish standards and support downstream factory launch and improvement projects

· Act as a subject matter expert for industrial imaging and measurement technologies

**What You'll Bring**
· BS, MS, and/or PhD in Engineering, Computer Science, Physics, Material Science or equivalent

· 5+ years of engineering or equivalent relevant experience

· 1+ year leading and/or mentoring personnel (informal required; formal preferred)

· Expertise in the development and implementation of high-volume 2D and 3D machine vision (Keyence, Cognex, Halcon, other) – application design, programming, validation, and troubleshooting

· Expertise in other measurement and inspection technologies (at least one, multiple preferred): optical sensors, diodes, profilometry, laser measurement, optical scanning, optical metrology, LVDT, CMM, thermal imaging, ultrasonic measurement, X-ray, other)

· Programming experience with Python and C++. Additional programming languages a plus

· Experience with Python libraries (openCV, Pandas) a plus

· Relational database experience (SQL, MySQL) a plus

· FTP expertise a plus

· Experience with PLC programming, integration, and machine safety systems (Siemens, Beckhoff, Allen-Bradley, other) a plus

**Compensation and Benefits**
Benefits
Along with competitive pay, as a full-time Tesla employee, you are eligible for the following benefits at day 1 of hire:

- Aetna PPO and HSA plans > 2 medical plan options with $0 payroll deduction

- Family-building, fertility, adoption and surrogacy benefits

- Dental (including orthodontic coverage) and vision plans, both have options with a $0 paycheck contribution

- Company Paid (Health Savings Account) HSA Contribution when enrolled in the High Deductible Aetna medical plan with HSA

- Healthcare and Dependent Care Flexible Spending Accounts (FSA)

- LGBTQ+ care concierge services

- 401(k) with employer match, Employee Stock Purchase Plans, and other financial benefits
- Company paid Basic Life, AD&D, short-term and long-term disability insurance
- Employee Assistance Program
- Sick and Vacation time (Flex time for salary positions), and Paid Holidays
- Back-up childcare and parenting support resources
- Voluntary benefits to include: critical illness, hospital indemnity, accident insurance, theft & legal services, and pet insurance
- Weight Loss and Tobacco Cessation Programs
- Tesla Babies program
- Commuter benefits
- Employee discounts and perks program

Expected Compensation
$104,000 - $348,000/annual salary + cash and stock awards + benefits

Pay offered may vary depending on multiple individualized factors, including market location, job-related knowledge, skills, and experience. The total compensation package for this position may also include other elements dependent on the position offered. Details of participation in these benefit plans will be provided if an employee receives an offer of employment.

Tesla is an Equal Opportunity / Affirmative Action employer committed to diversity in the workplace. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, sexual orientation, age, national origin, disability, protected veteran status, gender identity or any other factor protected by applicable federal, state or local laws.

Tesla is also committed to working with and providing reasonable accommodations to individuals with disabilities. Please let your recruiter know if you need an accommodation at any point during the interview process.

For quick access to screen reading technology compatible with this site click here to download a free compatible screen reader (free step by step tutorial can be found here). Please contact accommodationrequest@tesla.com for additional information or to request accommodations.

Privacy is a top priority for Tesla. We build it into our products and view it as an essential part of our business. To understand more about the data we collect and process as part of your application, please view our Tesla Talent Privacy Notice

Tesla © 2023

Privacy & Legal

Tesla Connect

# EXHIBIT 4

T E S L A | Careers

Menu

# Tesla Careers

Go to search

## Software Engineer, Mobile

| | |
|---|---|
| **Job Category** | Vehicle Software |
| **Location** | PALO ALTO, California |
| **Req. ID** | 108805 |
| **Job Type** | Full-time |

Apply

Tesla participates in the E-Verify Program

**What to Expect**

The Role

We are looking for a highly motivated mobile engineer specializing in creating exceptional user experiences for our users. You will need strong software engineering skills, excellent interpersonal communication, and experience accepting and giving meaningful feedback on technical designs. You will be responsible for the look and feel of the user experience, architecture, and front-end graphics. You will need to collaborate with our top-notch design team and back end developers. Our goal is to set the bar for what vehicle mobile user experience can be. We want to work with people who are excited by this goal and have the talent to deliver on it.

**What You'll Do**
- Design, code and maintain mobile user experiences end-to-end.
- Optimize code for performance, stability and maintainability.
- Work with a cross-functional team of hardware engineers, application/UI software engineers, QA/Validation, and designers

**What You'll Bring**
- Bachelor's Degree in Computer Science, Software Engineering, or similar areas of study. Minimum 2 years' experience in Mobile (iOS/Android) development.
- Proficient in at least one of the following: Swift, Kotlin, Objective-C, or Java
- Familiar with JavaScript/TypeScript. Experience with React/React Native is preferred.
- Excellent grasp of fundamental computer science concepts, good at solving complex technical problems.
- Experience using common design patterns. High standards for code quality, maintainability, and performance.
- Experience creating, maintaining and shipping top-ranking mobile apps is preferred.

**Compensation and Benefits**
Benefits
Along with competitive pay, as a full-time Tesla employee, you are eligible for the following benefits at day 1 of hire:
- Aetna PPO and HSA plans > 2 medical plan options with $0 payroll deduction
- Family-building, fertility, adoption and surrogacy benefits
- Dental (including orthodontic coverage) and vision plans, both have options with a $0 paycheck contribution
- Company Paid (Health Savings Account) HSA Contribution when enrolled in the High Deductible Aetna medical plan with HSA

- Healthcare and Dependent Care Flexible Spending Accounts (FSA)
- LGBTQ+ care concierge services
- 401(k) with employer match, Employee Stock Purchase Plans, and other financial benefits
- Company paid Basic Life, AD&D, short-term and long-term disability insurance
- Employee Assistance Program
- Sick and Vacation time (Flex time for salary positions), and Paid Holidays
- Back-up childcare and parenting support resources
- Voluntary benefits to include: critical illness, hospital indemnity, accident insurance, theft & legal services, and pet insurance
- Weight Loss and Tobacco Cessation Programs
- Tesla Babies program
- Commuter benefits
- Employee discounts and perks program

Expected Compensation
$96,000 - $336,000/annual salary + cash and stock awards + benefits

Pay offered may vary depending on multiple individualized factors, including market location, job-related knowledge, skills, and experience. The total compensation package for this position may also include other elements dependent on the position offered. Details of participation in these benefit plans will be provided if an employee receives an offer of employment.

Tesla is an Equal Opportunity / Affirmative Action employer committed to diversity in the workplace. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, sexual orientation, age, national origin, disability, protected veteran status, gender identity or any other factor protected by applicable federal, state or local laws.

Tesla is also committed to working with and providing reasonable accommodations to individuals with disabilities. Please let your recruiter know if you need an accommodation at any point during the interview process.

For quick access to screen reading technology compatible with this site click here to download a free compatible screen reader (free step by step tutorial can be found here). Please contact accommodationrequest@tesla.com for additional information or to request accommodations.

Privacy is a top priority for Tesla. We build it into our products and view it as an essential part of our business. To understand more about the data we collect and process as part of your application, please view our Tesla Talent Privacy Notice

Tesla © 2023

Privacy & Legal

Tesla Connect

# EXHIBIT 5

# FULLY REDACTED

# EXHIBIT 6

# FULLY REDACTED

# EXHIBIT 7

# FULLY REDACTED

# EXHIBIT 8

# FULLY REDACTED

# Exhibit 9

# Fully Redacted

# EXHIBIT 10

# FULLY REDACTED

# EXHIBIT 11

# FULLY REDACTED

# EXHIBIT 12

# FULLY REDACTED

# EXHIBIT 13

# FULLY REDACTED

EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AUTONOMOUS DEVICES, LLC,      )
                                        )
         Plaintiff,           )
                                        )
     v.                       )    C.A. No. 22-1466 (MN)
                                        )
TESLA, INC.,                 )
                                        )
         Defendant.       )

**TESLA, INC.'S INITIAL DISCLOSURES PURSUANT TO PARAGRAPH 3
OF THE DEFAULT STANDARD FOR DISCOVERY**

Pursuant to Paragraph 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information (Default Standard), Defendant Tesla, Inc. ("Tesla" or "Defendant") makes the following disclosures based upon information presently available to it. These disclosures are based on information now reasonably available to Tesla, without the benefit of discovery or specific identification or explanation by Plaintiff Autonomous Devices LLC ("AD" or "Plaintiff") of their contentions as to U.S. Patent Nos. 10,102,449; 11,055,583; 10,452,974; 11,238,344; 10,607,134; and 11,113,585 (collectively, the "Asserted Patents"). Investigation into these matters is ongoing, and Tesla reserves the right to supplement or amend these disclosures as discovery and its investigation proceeds.

I.     **CUSTODIANS**

Tesla identifies the following custodians likely to have discoverable information in their possession, custody, or control. Tesla does not represent that these custodians have relevant documents in their possession, custody, or control, and does not waive its right to object to the production of any document or tangible thing in the possession of the custodians on the basis of any privilege, the work product doctrine, relevance, or any other valid objection. Moreover, discovery in this case is just beginning, and Tesla's investigation is ongoing. Accordingly, Tesla

reserves the right to amend or supplement this list of custodians as discovery continues. Tesla has attempted to rank these custodians from most likely to possess discoverable information to least likely, but given the status of discovery, Tesla is unable to rank the relative importance of these custodians with certainty:

| Name | Title | Potential Subject Matter of Information |
|------|-------|----------------------------------------|
| Lane McIntosh | Staff Autopilot Machine Learning Engineer in Autopilot | Design, development, and operation of the accused products |
| Charlie Haley | Sr. Manager, Finance in FP&A and Business Operations | Financials, sales, and marketing of the accused products |
| Phil Duan | Sr. Staff Autopilot Machine Learning Engineer in Autopilot | Design, development, and operation of the accused products |
| Shawn Fox | Sr. Manager, Business Planning in North America Sales Operations | Sales and marketing of the accused products |
| Paul Miranda | Principal Hardware Design Engineer in Silicon Development | Design, development, and operation of the accused products |
| Alex Volante | Associate, Business Operations in FP&A and Business Operations | Financials of the accused products |
| Steven Gilbert | Senior Group Manager, Global Supply Management in Purchasing | Components of the accused products |
| Sean Singh | Manager, Sales & Delivery Operations in North America Sales Operations | Sales and marketing of the accused products |

## II.      NON-CUSTODIAL DATA SOURCES

Tesla identifies the following non-custodial data sources that are most likely to contain non-duplicative discoverable information, ordered from the most likely to the least likely:

1.      Tesla's internal Confluence system;

2.      Tesla's public website (https://www.tesla.com/).

### III.    NOTICE

Pursuant to Paragraph 3(c)(i) of the Default Standard and subject to and without waiving the limitations set forth above, Tesla is presently unaware of any relevant, discoverable and proportional ESI apart from those categories listed in Schedule A of the Default Standard that is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

Pursuant to Paragraph 3(c)(ii) of the Default Standard and subject to and without waiving the limitations set forth above, Tesla identifies the following third parties that it may seek discovery from: third parties having discoverable information relating to products that embody one or more aspects of the Asserted Patents; third parties having discoverable information relating to licensing of the Asserted Patents or related patents, patent applications, and technology; third parties responsible for and/or substantively involved in the preparation and/or prosecution of the Asserted Patents or related patents and patent applications; and inventors and authors of prior art to the Asserted Patents. Tesla does not yet have insight into the timing or sequencing of any such discovery.

Tesla is currently not aware of any privacy protections that will impact the production of ESI.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Anish Desai
Ian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY    10153-0119
(212) 310-8000

Christopher Pepe
Matthew D. Sieger
Eric C. Westerhold
Allison Herzig
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000

Adrian C. Percer
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA    94065-1175
(650) 802-3000

April 21, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Tesla, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Karen E. Keller, Esquire                                                           *VIA ELECTRONIC MAIL*
Emily S. DiBenedetto, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE    19801
*Attorneys for Plaintiff*

Blair Jacobs, Esquire                                                             *VIA ELECTRONIC MAIL*
Christina A. Ondrick, Esquire
John S. Holley, Esquire
MCKOOL SMITH, P.C.
1999 K Street, NW Suite 600
Washington, D.C.   20006
*Attorneys for Plaintiff*

George T. Fishback, Jr., Esquire                                          *VIA ELECTRONIC MAIL*
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX   78701
*Attorneys for Plaintiff*


                                                               */s/ Brian P. Egan*
                                                      _____
                                                               Brian P. Egan (#6227)

# EXHIBIT 15

# FULLY REDACTED

# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRONTIER COMMUNICATIONS )
CORPORATION, )          C.A. No.: 10-545-GMS
                          )
        Plaintiff,        )
                          )
v.                        )
                          )
GOOGLE INC.,              )
                          )
        Defendant.        )

## SPECIAL MASTER'S FINDINGS AND DECISION

**UPON CONSIDERATION** of Plaintiff Frontier Communications Corporation's Motion to Compel (the "Motion"), the responsive papers filed thereto and oral argument from the parties, the Special Master finds the following:

### BACKGROUND

1.     On June 22, 2010, Plaintiff Frontier Communications Corporation ("Frontier") filed this action against Defendant Google Inc. ("Google"), alleging, among other things, that Google infringed on Patent No. 7,742,468 (the "Patent") [D.I. 1].

2.     Frontier purportedly incorporated the technology referenced in the Patent into a certain product called Frontier 1 which, in short, allows an individual to manage each of his or her telephones as a single unit.

3.     Frontier alleges that Google purchased an entity named GrandCentral Communications, Inc. ("GCC").  GCC purportedly worked on a technology similar to that covered in the Patent which it included in a product named GrandCentral.  Thereafter, GCC

sought to patent the technology covered in GrandCentral, but the application was denied by the United States Patent and Trademark Office (USPTO) on or about April 19, 2007.

4.     In June 2007, Google purchased GCC. Frontier alleges that Google infringed on the Patent where Google included the technology from GrandCentral in a product named Google Voice, including, the capability for simultaneous ring, challenge, call jump and teleconferencing. Frontier maintains that Google Voice is the embodiment of Frontier 1, i.e., the technology covered in the Patent.

5.     On or about February 15, 2013, the Court entered a scheduling order which set forth the critical deadlines governing this litigation (the "Scheduling Order") [D.I. 38]. The Scheduling Order also provided the parties with guidance on resolving discovery disputes and presenting such issues to the Court. With respect to discovery disputes, the Scheduling Order states that "[u]nless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's 'Default Standard for Discovery, Including Discovery of Electronically Stored Information' ('ESI') shall govern." *Id.*

6.     The parties have exchanged written discovery requests. The Motion concerns Google's response to Frontier's First Set of Interrogatories and Requests for Production of Documents, in which Frontier seeks an order compelling Google to (a) supplement its response to Interrogatory No. 1; (b) increase the number of record custodians whose files will be searched for nonprivileged, responsive documents; (c) expand the number of search terms to be employed in locating nonprivileged, responsive documents; (d) produce the source code for Google Voice in its entirety; and (e) produce all documents related to the unsuccessful patent application filed by GCC [*see* Op. Br. at p. 14].

7.      On November 26, 2013, the Special Master held oral argument on the Motion. Following oral argument, the Special Master afforded the parties several additional days to meet and confer and discuss the present dispute with the hope that an agreement might be reached. *See* Transcript of Oral Argument at 111-15, *Frontier Commc'n Corp. v. Google Inc.*, C.A. No. 10-545-GMS (D. Del. Nov. 26, 2013), S.M. White ("Tr. #1" or "Transcript #1").

8.      On December 5, 2013, a follow-up conference with the Special Master was held concerning the outstanding discovery dispute.  *See* Transcript of Status Conference, *Frontier Commc'n Corp. v. Google Inc.,* C.A. No. 10-545-GMS (D. Del. Nov. 26, 2013), S.M. White ("Tr. #2" or "Transcript #2").   The parties reported that they made some progress in their negotiations, but they were unable to reach an agreement, thereby necessitating this order.

### STANDARD OF REVIEW

9.      Rule 26 of the Federal Rules of Civil Procedure ("Federal Rule") permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b).  The scope of discovery, however, is not absolute, as the Court must consider the expense, burden and hardship imposed upon the responding party when crafting its order.  *See Medicis Pharm. Corp., et al. v. Actavis Mid Atlantic LLC*, 282 F.R.D. 395, 397 (D. Del. Apr. 30, 2012) ("[A] court must also 'limit the ... extent of discovery otherwise allowed by these rules' if it finds that 'the burden or expense of the proposed discovery outweighs its likely benefit.'").

ANALYSIS

## I.   Google's Response to Interrogatory No. 1

10.     Frontier requests that Google supplement its response to Interrogatory No. 1.

Interrogatory No. 1 asks Google to:

> Identify all persons employed, contracted, or retained by Google who have participated in the design, development, testing, implementation, marketing, sales, or distribution of the Accused Systems/Services, and for each such person, describe in detail the nature of his or her participation in the design, development, testing, implementation, marketing, sales, or distribution such Google product, system or service, state his or her place of employment, position (if known), name of the product system or service, relationship with Google (if not employed by Google), and an address and telephone number where that person may be contacted.

[Op. Br. at Exh. 12].  Frontier defined the term, 'Accused Systems/Services', as "any Google product, system or service that incorporates the features of simultaneous ring, call jump, and/or teleconferencing, including but not limited to the GV system/service, the Gizmo5 system/service and the GrandCentral system/service." [Ans. Br. at p. 10].

11.     Google initially responded to Interrogatory No. 1 by providing the names of two (2) individuals and directing Frontier to review its document production for the identity of additional persons [*see* Op. Br. at Exh. 12].  Google did not specifically reference those documents which purportedly include the requested information responsive to Interrogatory No. 1; rather, Google left Frontier to review the more than 90,000 pages of documents produced in this litigation for information responsive to this request.[1]

---

[1] Google supplemented its response to Interrogatory No. 1 on or about October 8, 2013 to include the names of five (5) additional individuals [*see* Ans. Br. at pp. 11-12].

ME1 16881126v.1

12.     The Special Master finds Google's response deficient.  Interrogatory No. 1 seeks information relevant to Frontier's case-in-chief, and Google stands in the best position to identify those persons who worked with the relevant technology.  Google maintains Interrogatory No. 1 is overly broad in its request to identify "all persons".  In support, Google states that countless individuals participated in the development of the relevant technology such that naming each and every person would be unduly burdensome.  The Special Master finds that Google can meet its reasonable discovery obligations by identifying those individuals who are most knowledgeable about or primarily responsible for the design, development, testing, implementation, marketing, sales and distribution of the relevant technology.[2]  Google has provided the names of seven (7) individuals and a brief description of their involvement in the relevant technology.  Despite the supplemental response, gaps in Google's response remain.  For example, Google states that Alex Wiesen, the Technical Lead Manager for Google Voice, assumed his current role with the company in 2012.  This information causes the Special Master to question who occupied this position prior to 2012, and why he or she is not identified in Google's response to Interrogatory No. 1 [see Ans. Br. at p. 7].[3]  Federal Rule 26 compels Google to supplement its response to address these deficiencies.

---

[2] The Special Master agrees that scope of Interrogatory No. 1 is overly broad in that the Interrogatory seeks the identity of all individuals involved in the development of the relevant technology.  See FED. R. CIV. P. 26(b).  However, the Special Master finds that the interests of both parties may be respected by requiring Google to identify those individuals who are most knowledgeable about or primarily responsible for each of the activities set forth in the Interrogatory No. 1 [see generally Tr. #2 at 14:18-15:10].

[3] At oral argument, the Special Master inquired as to why another individual who appeared to be involved in the design or implementation of GrandCentral was omitted from Google's response to Interrogatory No. 1 [see Tr. #1 at 58:2-59:13].  Google's counsel stated that he would have to confer with his client as to the role of this individual and other persons who may have been omitted from the response [see id.].

13.     Additionally, Google's generic reference to its document production fails to cure the deficiency. Federal Rule 33(d) provides parties with the option to produce business records in response to an interrogatory. *See* FED. R. CIV. P. 33(d). A production of documents in lieu of a written response is permissible where (a) the interrogatory can be answered through a review, examination and/or summary of the document production; (b) the requesting party is afforded a reasonable opportunity to examine the document production; (c) the producing party specifies which records are responsive, in sufficient detail, "to enable the interrogating party to locate and identify them as readily as the responding party could"; and (d) "the burden of deriving or ascertaining the answer will be substantially the same for either party ..." *Id.* Google did not specify which documents possess the responsive information, and the Special Master is unable to conclude that Google's burden on this point is substantially similar to Frontier. *See Bigband Networks, Inc. v. Imagine Commc'n, Inc.*, C.A. No. 07-351-JJF, 2010 U.S. Dist. LEXIS 72740, at *8 (D. Del. July 20, 2010) ("Fed. R. Civ. P. 33(d) allows reference to records when the burden of finding an answer is substantially the same for either party, but in this situation, the burden of providing greater specificity is not substantially the same between the parties because Imagine has extensive knowledge of its own source code means.") (granting plaintiff's motion to compel source code and further responses).

**WHEREFORE**, it is the finding of the Special Master that Google's response to Interrogatory No. 1 is deficient, and Google should supplement its response to identify those individuals who principally participated in the design, development, testing, implementation, marketing, sales and distribution of the GrandCentral and Google Voice technologies.[4]

---

[4] The Special Master also finds the term, 'Accused Systems/Services', overly broad in the context of Interrogatory No. 1 alone. Nevertheless, if Google refers to GrandCentral and Google Voice by another name, Google's use of a unique nomenclature does not allow it to escape its

ME1 16881126v.1

## II.    The Number of Record Custodians

14.    Frontier seeks to increase the number of record custodians whose electronic files Google has agreed to search for relevant documents.  Through several meet-and-confer sessions, Google indicated that it would search the electronic files of seven (7) record custodians [*see* Op. Br. at Exh. 11].  Frontier maintains that seven (7) record custodians are insufficient based on the size of Google [*see* Op. Br. at pp. 6-10].  In fact, Frontier claims that it identified at least sixty (60) individuals "involved with Google Voice" alone [Op. Br. at p. 9].  In light thereof, Frontier demands that Google designate the same number of record custodians as it has in this litigation - twenty-eight (28) - covering the following topics:  (a) the acquisition of GrandCentral; (b) senior management's role in approving the acquisition of GrandCentral and its strategic decisions related to Google Voice; (c) sales; (d) marketing; (e) legal; (f) software development; (g) pricing; (h) finance; (i) business strategy; (j) billing; and (k) engineering [*see* Op. Br. at pp. 8, 14-15].

15.    Google responds that its number of designations are reasonable "given that [it] has many different employees who had only very limited involvement with some aspect of GV or GrandCentral." [Ans. Br. at pp. 7-8].  Google maintains that its proposed designations include "a core group of ... current and former employees who have had significant, long term and comprehensive involvement with GV and GrandCentral." [Ans. Br. at p. 7].  "To include additional custodians will only lead to redundancy and duplication, significantly increasing the burden and costs to Google." [Ans. Br. at p. 8].  During the follow-up conference call on

---

discovery obligations.  Further, this finding does not preclude Frontier from seeking to expand the scope of the request beyond the GrandCentral and Google Voice technologies based on relevant information learned during discovery.  As required under Federal Rule 26, Frontier bears the initial burden of demonstrating relevance and good cause on this point.  *See* FED. R. CIV. P. 26(b).

December 5, counsel for Google indicated that it would expand the scope of its search to include ten (10) record custodians [*see* Tr. #2 at 16:15-17:7].

16.     The parties have participated in several meet-and-confer sessions on this topic without success.  In light of the disagreement between the parties concerning discovery, the Scheduling Order provides that the Default Standard for Discovery, Including Discovery of Electronically Stored Information (the "Default Standard" shall apply [*see* Op. Br. at Exh. 1, 6]. The Default Standard requires a party to disclose "[t]he 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely." [Op. Br. at Exh. 9].  The Special Master finds that the Default Standard shall apply, and Google shall search the files of ten (10) record custodians for nonprivileged, responsive documents.

17.     The Special Master's finding does not preclude Frontier from seeking additional relief from the Court to compel the production of documents from additional record custodians. At this time, the Special Master lacks specific or particularized information concerning individuals' involvement with GrandCentral and Google Voice to compel Google to exceed the Default Standard. *See, e.g., Eisai Inc., v. Sanofi-Aventis U.S., LLC,* No. 08-4168, 2012 U.S. Dist. LEXIS 52885, at *31 (D.N.J. April 12, 2012).  In the event that Frontier is able to provide particularized information which demonstrates the need for an expanded search, the Court will consider such supplemental application, and Google's response thereto, consistent with the standards set forth in the Federal Rules.[5]

---

[5] *See also* Ans. Br. at 8 ("If, after reviewing Google's documents, Frontier can reasonably show that some issue was not adequately captured from the 7 custodians and 5 search terms suggested by Google, then Frontier can seek additional searches.").

ME1 16881126v.1

**WHEREFORE**, it is the finding of the Special Master that Google shall designate ten (10) individuals as record custodians whose electronic files shall be searched for nonprivileged, responsive documents. The Special Master also finds that this conclusion is without prejudice to Frontier seeking leave to request additional custodial searches consistent with the Federal Rules.

## III.   The Form of Search Terms

18.   Frontier also seeks an order compelling Google to conduct a search of the files of its record custodians through the use of 'reasonable search terms' [*see* Op. Br. at p. 6]. The number of search terms has been the subject of much debate between the parties for several months. Frontier had not been able to discuss this topic with great detail on account of Google's recent disclosure of its search criteria to Frontier on November 20, 2013 in Exhibit 5 to the its Answering Brief [*see* Ans. Br. at Exh. 5]. Exhibit 5 to the Answering Brief includes five (5) string searches with connectors.

19.   Google proposes to use a Boolean search methodology involving "many different terms used alternatively and linked together ..." [Ans. Br. at pp. 8-9, Exh. 5]. Google maintains that this methodology covers a *broad* swath of documents with the objective of identifying those documents *specific* to the relevant topics in this case [*see* Ans. Br. at p. 9 ("By using Boolean searching, Google's proposed search terms could end up including dozens, or even hundreds, of different search terms for each of the 7 relevant custodians."]. Google has identified the relevant topics as "(1) Frontier and the patent in suit; (2) GV or GrandCentral conference call functionality; (3) GV or GrandCentral common number calling or call switch functionality; (4) GV financial documents; and (5) Google's acquisition of GrandCentral." [*Id.*].

20.   While the Special Master finds that Google's use of the Boolean search methodology is reasonable, the proposed search terms and connectors are insufficient.

9

Admittedly, the case law does not provide adequate guidance for deciding how the search terms should be constructed. Nevertheless, with respect to those terms identified on Exhibit 5 to its Answering Brief, Google should expand the connector limit for each of the proposed terms to within ten (10) words.[6] Google should revise proposed string search #2 to include the plaintiff's name and additional variations of the term, Frontier1, in the search, i.e., 'Frontier1' or 'Frontier 1' or 'Frontier#1' or 'Frontier #1' or 'Frontier One' or "FrontierOne". Google should also revise proposed string search #3 to not only include the terminology common to proposed string searches #1-2 and #4-5 ((gv or (google /2 voice)) or (gc or grand central or (grand /2 central)), but also a modifier which encompasses profits, earnings, yield or return on investment. Furthermore, Google should propose a string search which concerns the patent application of GCC rejected by the USPTO:  patent application 11/785,659 [see Op. Br. at p. 3].

21.     In addition to the revisions set forth above, the Default Standard permits Frontier to propose "no more than 10 additional terms to be used in connection with the electronic search." [Op. Br. at Exh. 9]. The Default Standard affords the requesting party the opportunity to propose the additional terms "[a]bsent a showing of good cause."  [Id.].  Google has not proposed specific, detailed information to warrant a deviation from the Default Standard.[7]

---

[6] Exhibit 5 of the Answering Brief currently contains a connector limit of within five (5) words [see Ans. Br. at Exh. 5].

[7] The parties are free to resolve their dispute on this point in light of the Special Master's decision herein. Nevertheless, in the interests of avoiding further dispute, the Special Master does not believe that the Default Standard permits Frontier to propose ten (10) additional string searches. Rather, Frontier may propose ten (10) additional search terms to be used in a string search. To the extent Frontier wishes to use the common terminology proposed by Google in Exhibit 5 to the Answering Brief - ((gv or (google /2 voice)) or (gc or grandcentral or (grand /2 central))) – such terminology will not count towards the ten (10) additional search terms allotted Frontier. For example, ((gv or (google /2 voice)) or (gc or grandcentral or (grand /2 central))) /s 10 (telephone o phone) constitutes one (1) search term, but ((gv or (google /2 voice)) or (gc or

22.    Google has argued that an expanded search will prove duplicative[8] and expensive.[9] While the Special Master is sensitive to the expenses to be incurred by the parties in responding to discovery, costs cannot be the sole or deciding factor. Discovery costs are to be balanced against the requesting party's interest in seeking the discovery of relevant information, *see* FED. R. CIV. P. 26, and the Special Master has attempted to properly weighed these competing positions in resolving this search term dispute. Further, it cannot be ignored that Google stands in a unique position, as the producing party, to control its litigation expenses by, among other things, (a) identifying proper record custodians; and (b) working with Frontier to finalize the search terms for use in responding to discovery requests.

**WHEREFORE**, it is the finding of the Special Master that Google's proposed search terms are deficient for the reasons set forth herein. Frontier may propose no more than ten (10) additional terms related to its allegations of infringement for use in Google's electronic search. The Special Master also finds that the proposal of the additional search terms shall be selected

---

grandcentral or (grand /2 central))) /s 10 (telephone o computer o facsimile) constitutes three (3) search terms.

[8] De-duplication software is commonly used in electronic discovery, and such a program should adequately address Google's concern about duplication.

[9] The Special Master is sensitive to the costs to be incurred by the parties in responding to discovery and Google was afforded an opportunity to provide support for its claim that an expansion of its discovery effort would cost more than $100,000.00 per record custodian [*see* Ans. Br. at p. 10 fn 2; *see also* Tr. #1 at 82:16-83:4]. On December 6, 2013, prior to the follow-up telephone conference, Google submitted the Declaration of Kristin Zmrhal in Support of Google Inc.'s Response to Frontier's Motion to Compel (the "Zmrhal Declaration"). The Zmrhal Declaration provided the Special Master with an estimate of the expenses to be incurred by Google through its collection, review and production of documents. The Zmrhal Declaration did not include a detailed breakdown or itemization of the individual expenses which contribute to the estimated total.

consistent with the express language of the Default Standard that "[f]ocused terms, rather than over-broad terms ... shall be employed."[10]

## IV.     The Production of the Source Code in its Entirety

23.     Frontier requests the opportunity to review the source code for Google Voice in its entirety based on its position that Google Voice is the embodiment of the technology covered in the Patent.  Google disagrees with Frontier's argument, and it is willing to produce those portions of the source code identified by Frontier which purportedly infringe the Patent.[11] Frontier maintains that a piecemeal approach to the dispute limits its ability to evaluate and understand the source code in a broader context.

24.     The parties negotiated a protective order concerning the production and use of confidential information during this litigation (the "Protective Order") [*see* Reply at Exh. 20]. Section C. of the Protective Order concerns source code.  This section sets forth the procedures and protections under which one party may review its opponent's source code.  The procedures are detailed, and the protections are strict.  For example, the source code will be made available at one of the offices of the party's outside counsel on "a single, non-networked computer that is password protected and maintained in a secure, locked area." [*Id.*].  Prior to reviewing the source code, each person[12] must submit him/herself to "reasonable security measures" [*Id.*].   The reviewer may take notes based on his/her review of the source code, but he/she cannot copy the

---

[10] Op. Br. at Exh. 9.

[11] Google represents that Frontier may request the opportunity to review additional source code on a future date upon showing that a particular function of Google Voice infringes the Patent [*see* Tr. #1 at p. 34:13-35:21].

[12] The Protective Order identifies certain persons permitted to review the source code [*see* Reply at Exh. 20].

source code as part of his/her notes. The reviewer is also prohibited from copying – by e-mail, download, photography or otherwise – the source code [*see id.*]. The reviewing party may request prints of portions of the source code, but the prints may not cover more than 25 consecutive pages or total more than 500 pages [*see id.*]. Furthermore, this print option is subject to the written approval of the producing party [*see id.*].

25.     There is precedent in this District to permit a party to review the opposing party's source code in its entirety. *See Leader Techs. Inc. v. Facebook, Inc.*, Civ. No. 08-862-JJF-LPS, 2009 U.S. Dist. LEXIS 93807 (D. Del. Sept. 4, 2009). In *Leader Techs. Inc.*, then Magistrate Judge Stark denied the defendant's request to stay enforcement of the court's prior ruling which provided the plaintiff with access to the defendant's source code. *See id.* at *12-13. The ruling was based, in part, on the Court's comfort with the protections afforded the parties under the protective order. Many, if not all of the protections found in *Leader Techs. Inc.* are included in the Protective Order.[13]  *Compare Forterra Sys., Inc. v. Avatar Factory, et al.*, Case No. C-05-04472 PVT, 2006 U.S. Dist. LEXIS 63100 (N.D. Cal. Aug. 22, 2006) (granting plaintiff's motion to compel production of defendant's source code in the absence of a protective order). The Special Master finds that the protections provided in the Protective Order balance Google's interest in safeguarding its technology against Frontier's interest in pursuing this litigation.

**WHEREFORE**, it is the finding of the Special Master that Google's source code is relevant to Frontier's claims, and Google shall make its source code available to Frontier in accordance with the provisions set forth in the Protective Order. This ruling is without prejudice

---

[13] Counsel for each party were asked if the Protective Order should include additional measures to protect the parties' interest in the source code. No additional measures have been proposed [*see generally* Tr. #1 at p. 28:2-29:8, 46:24-47:14].

ME1 16881126v.1

to Google seeking leave to request the inclusion of additional, reasonable protections based on a showing of good cause.

## V.    Documents Related to GCC's Unsuccessful Patent Application

26.    Frontier also requests the production of all nonprivileged documents related to the patent application filed by GCC related to GrandCentral [*see* Op. Br. at pp. 13-14].   At the outset, Google points out that the patent application is publicly available, and thus, Frontier can obtain certain responsive documents on its own [*see* Ans. Br. at p. 13].   To justify production of the requested documents, Frontier argues that such documents may include intrinsic evidence; however, its counsel previously represented that it had sufficient intrinsic evidence to proceed with the case [*see* Ans. Br. at Exh. 4].   At oral argument, Frontier stated that such materials may include evidence of prior art [*see* Tr. #1 at 9:23-11:5].   Evidence of prior art is explicitly and implicitly referenced in a number of Frontier's Requests for Production of Documents.   Such evidence would likely fall under Google's responsibility to produce documents responsive to these requests.[14]   Further, to the extent that Google intends to introduce, reference, rely and/or admit such evidence of prior art, it will have to produce the materials.   In short, the Special Master finds this request unnecessarily duplicative in light of the fact that Google has produced or will produce documents concerning the design of the relevant technology;[15]  Google has produced technical documents; Google must produce those documents which it seeks to admit, introduce, reference and/or rely to defeat Frontier's claims; Frontier will be able to view the source code in its entirety; and Frontier will be able to depose individuals concerning their

---

[14] Of note, Frontier has not challenged Google's response to these requests in the Motion.

[15] Google indicated that it has produced all non-custodial, GrandCentral documents in its possession, custody or control [*see* Tr. #2 at 10:1-9].   Google anticipates that additional GrandCentral documents will be produced as a result of the custodial search [*see id.*].

14

understanding of the relevant technology and the Patent. *See generally Rochester Drug Cooperative, et al. v. Braintree Labs., Inc.*, C.A. 07-142-SLR, 2011 U.S. Dist. LEXIS 63865, at *6 (D. Del. June 15, 2011). On this issue, interests of costs and proportionality weigh in favor of denying Frontier's request. *See* FED. R. CIV. P. 26(b)(2).

**WHEREFORE**, it is the finding of the Special Master that Google's objections to this discovery request are sustained in light of the existing document production and discovery tools available to Frontier under the Federal Rules.

CONCLUSION

For the Foregoing reasons, Plaintiff Frontier Communications Corporation's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

Special Master David A. White

Dated:  December 6, 2013

# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTONOMOUS DEVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1466 (MN) |
| | ) | |
| TESLA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TESLA'S 2ND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF
DOCUMENTS AND THINGS
(NOS. 30 and 31)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Tesla, Inc., ("Defendant" or "Tesla") hereby provides the following supplemental responses and objections to Autonomous Devices LLC's, ("Plaintiff" or "Autonomous") First Set of Requests for Production of Documents to Tesla. The following responses are based upon the present information and belief and are made subject to the General Objections and Specific Objections stated below. Tesla reserves the right to amend or supplement any of its discovery responses. The following responses shall not be construed as a waiver of any objection.

**GENERAL STATEMENTS AND OBJECTIONS**

1.     Tesla objects to each request, definition, and instruction to the extent it seeks to impose any burdens inconsistent with or in addition to Tesla's obligations under the applicable rules, including the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, any order concerning the production of ESI issued by the Court, and/or any other applicable Orders or Rules.

2.      Tesla objects to each request, definition, and instruction to the extent it seeks information that is protected under, without limitation, the attorney-client privilege, the work product immunity doctrine, common interest, and/or any other applicable privilege, prohibition, limitation, or immunity from disclosure. Inadvertent production of such information shall not constitute the waiver of any applicable privilege, doctrine, immunity, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work product, privilege, and/or admissibility as evidence.

3.      Tesla objects to each request, definition, and instruction to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

4.      Tesla objects to each request, definition, and instruction to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. To the extent that Tesla agrees to produce documents containing such information, it will only do so subject to a Protective Order that is entered.

5.      Tesla objects to each request, definition, and instruction to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Plaintiff further objects to each request, definition, and instruction to the extent it calls for Tesla to produce back to Plaintiff the same documents that Plaintiff has produced to Tesla.

6.      Tesla objects to each request, definition, and instruction to the extent it is overly broad, unduly burdensome, oppressive, and/or irrelevant to the subject matter of this action. Tesla further objects to each request, definition, and instruction to the extent it is not proportional to the needs of this case. Tesla specifically objects to each document request as overly broad, unduly

burdensome, and not proportional to the needs of this case to the extent that it is unlimited in temporal/geographic scope and/or seeks production of "all" and "any" documents on a particular topic.

7.      Tesla objects to each document request, instruction or definition to the extent that it requires Tesla to draw or render a legal conclusion and/or expert opinion.

8.      Tesla objects to each request, definition, and instruction to the extent it calls for production of documents or things not in Tesla's possession, custody, or control. Tesla further objects to each request, definition, and instruction to the extent it calls for production of documents not obtainable by means of a reasonably diligent search, including without limitation documents or things that are not maintained by Tesla in the normal course of business, that are no longer maintained by Tesla, or that are not reasonably accessible because of undue burden or cost.

9.      By responding to Plaintiff's First Set of Requests for Production, Tesla does not waive any objection that may be applicable to: (a) the use, for any purpose, by Intuitive of any document provided in response; or (b) the admissibility, relevance, or materiality of any of the documents provided in response. Moreover, a response stating that Tesla will produce documents does not constitute an admission that the documents exist, can be located after a reasonable search, or are reasonably available to Plaintiff.

10.      Tesla objects to each request as unduly burdensome to the extent that it seeks to compel the production of documents concurrent with the date on which these responses are due. Tesla will produce the documents it has agreed to produce reasonably as they are collected after a Protective Order is entered.

11.      Discovery is ongoing in this action, and Tesla has not completed its discovery or investigation into the parties' claims and defenses. Tesla therefore objects and responds to these

3

document requests based upon information in its possession after diligent inquiry at the time of preparation of these responses. Tesla reserves the right to amend, supplement, and/or correct its objections or responses as additional information becomes available to Tesla in the course of its ongoing discovery and investigation.

## <u>OBJECTIONS TO DEFINITIONS</u>

12.     Tesla objects to definitions ¶¶ 1, 3–6, 8–12, 16 and 20–27 on the grounds and to the extent that they are overbroad, unduly burdensome, vague and ambiguous, and seek irrelevant information.

13.     Tesla further objects to definition ¶ 5 ("Asserted Patents") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

14.     Tesla further objects to definition ¶ 6 ("Accused Instrumentality" and "Accused Instrumentalities") as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

15.     Tesla further object to definition ¶ 9 ("Concerning" or "Relating to") as vague and ambiguous, overbroad, and unduly burdensome.

16.     Tesla further object to definition ¶ 10 ("Documents") as vague and ambiguous, overbroad, and unduly burdensome.

17.     Tesla further objects to definition ¶ 17 ("Foreign Counterpart") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

18.     Tesla further objects to definition ¶ 18 ("Related Applications") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

19.     Tesla further objects to definition ¶ 18 ("Related Patents") insofar as no additional patents have been asserted in this case and are therefore outside the scope of this litigation.

## REQUEST FOR PRODUCTION NO. 1:

All Documents identified in Tesla's initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by Tesla in drafting its initial disclosures.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as overly broad, vague and ambiguous with respect to the phrase "used, relied on or considered."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control constituting documents referred to or cited in its initial disclosures. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 2:

All Documents received by Tesla in response to any subpoenas propounded by Tesla in this litigation.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce non-privileged documents within its possession, custody, or control constituting documents received in response to any subpoenas propounded by Tesla in this litigation.

Tesla will produce the identified documents on a rolling basis as they are received from third parties.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents identified in Tesla's responses to all interrogatories and requests for admissions or used, relied on, or considered by Tesla in drafting its responses to interrogatories or requests for admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as overly broad, vague and ambiguous with respect to the phrase "used, relied on or considered." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

6

Tesla agrees to produce non-privileged documents within its possession, custody, or control identified in Tesla's responses to Plaintiff's interrogatories and requests for admissions. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 4:

All Documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relate to" and "any claim, defense, allegation, or potential remedy." Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce other documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4 (7/7/2025):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: This request effectively seeks all documents potentially within the scope of

FRCP 26(b)(1) without regard to proportionality, subsuming the entire scope of discovery in this case. This request provides no guidance as to what specific documents AD is requesting that Tesla actually search for. This request is vague, seeks legal conclusions, and is disproportionate to the needs of this case. Tesla will produce documents in support of its legal contentions pursuant to the Scheduling Order.

## REQUEST FOR PRODUCTION NO. 5:

All Documents relating to any defense or counterclaim that You have asserted or intend to assert in this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this request as premature to the extent it seeks production of documents relating to any defenses or counterclaims Tesla has not yet asserted before Plaintiff has provided adequate discovery. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce non-privileged documents within its possession, custody, or control that it intends to rely on in support its defenses in this litigation.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to describe all Tesla electronic data and document retention policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case with respect to the phrase "all Tesla electronic data and document retention policies."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control sufficient to describe the electronic data and document retention policies of Tesla's Autonomous Driving group. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 7:**

For each person Tesla intends to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to autonomous driving, or training of vehicles for autonomous driving; (d) all Documents provided to that person in connection with this lawsuit; and (e) all Documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Tesla incorporates by reference its General Objections. Tesla further objects to this request as premature to the extent it seeks identification of experts before expert discovery. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to disclose its expert witnesses in accordance with the Scheduling Order (D.I. 25) and Protective Order in this case. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to Jasmin Cosic, or Autonomous Devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent is seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control relating to Jasmin Cosic or Autonomous Devices.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to Asserted Patents, any Related Patent(s), or any Foreign Counterpart, including any Tesla patent or patent application that have cited the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.  Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation. Subject to its objections, Tesla responds as follows:

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9 (7/7/2025):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to non-public documents referring to the asserted patents or referring to patents and applications directly related to the asserted patents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things referring or relating to any written or oral opinions, including any such opinions and any evaluations, searches, studies, investigations, analyses, reviews, reports, or observations concerning the infringement or non-infringement, validity or invalidity and/or enforceability or unenforceability of the Asserted Patents or any Related Application, or Related Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things". Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "referring or relating to," "concerning" and "any evaluations, searches, studies, investigations, analyses, reviews, reports or observations." Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.  Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to any Prior Art collected, identified, or considered in relation to any Asserted Patent or any Related Patent, including existing English translations of any foreign patent or publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case with respect to the phrase "collected, identified or considered" and "in relation to." Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this Request to the extent it seeks

12

production of documents protected by attorney-client privilege or work product privilege. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control constituting prior art to the Asserted Patents.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to any evidence of the obviousness or non-obviousness of any subject matter claimed in any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to" and "any evidence." Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control constituting evidence of the obviousness of the Asserted Patents.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that refer or relate to whether:

- the inventions claimed in the Asserted Patents satisfied one or more long-felt needs in the art;
- each Accused Instrumentality has enjoyed commercial success;
- any person has recognized the significance of the inventions of the Asserted Patents;
- any person has recognized the significance of the contributions of the inventors of the Asserted Patents to the field of the Asserted Patents;
- any person expressed initial skepticism about the inventions of the Asserted Patents;
- any person has acknowledged the validity of the Asserted Patents;
- any person has copied the inventions of the Asserted Patents;
- any person has incorporated the inventions of the Asserted Patents into any subsequent patent filing or device;
- there was a long-felt need in the industry to obtain the Accused Instrumentalities; or
- any documents or things concerning or evidencing a belief that any party or person achieved commercial success using the inventions of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all" documents or "any documents or things." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "refer or relate to;" "any person" or "concerning or evidencing." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the

scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it requires Tesla to draw a legal conclusion. Subject to its objections, Tesla responds as follows:

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, responsive, non-privileged documents within its possession, custody, or control constituting objective indicia of non-obviousness of the Asserted Patents.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things relating to industry analysis, commentary, or recognition of deficiencies of and/or needs met by the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the

extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show industry analysis, commentary, or recognition of deficiencies of and/or needs met by Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things relating to the advantages, if any, offered by the Accused Instrumentalities over competitor products and any evidence of such advantages, including communications among Tesla's, their customers, or licensees concerning any such advantages as well as any surveys concerning customer preferences.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to" and "communications." Tesla further objects to the phrase "Accused Instrumentalities" as

16

overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's

requests to include documents unrelated to the accused products and functionality, or any relevant

issues in this case. Tesla further objects to this Request to the extent it seeks information that is

already in Plaintiff's possession or available from a public source as to which the burden of

obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects

to Request to the extent it seeks information that is trade secret and/or confidential or proprietary

business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to

produce information in violation of a legal or contractual obligation of nondisclosure or

confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as

follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-

privileged documents within its possession, custody, or control sufficient to show the advantages,

if any, offered by Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and

produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 16:

All documents concerning the realized or expected commercial success, commercial
performance, customer satisfaction, customer demand, critiques, problems, shortcomings,
challenges, technical success, technical performance, financial performance, financial impact,
suitability, competitive position, and/or market position of the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request

as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent

it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous

and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the commercial success of Enhanced Autopilot and FSD. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to whether or why any Accused Instrumentality may or may not infringe any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad,

unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contention ns and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce, to the extent any non-privileged documents within its possession, custody, or control that it intends to rely on to show why the accused products do not infringe asserted claims of the Asserted Patents. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to Tesla's first awareness of each Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

19

Subject to and without waiving its General and Specific objections, Tesla responds as follows

Tesla first became aware of the Asserted Patents upon the filing of the complaint in this case.  Aside from the complaint, Tesla is not aware of any non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 19:

All Documents relating to any attempts to design around or modify the Accused Instrumentalities to avoid infringement of any Asserted Patent.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this Request.

20

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning any effort or analysis by you to or redesign the Accused Instrumentalities so as to avoid infringement of the Asserted Patents, the costs of all design around options analyzed, the time spent on such analysis, the estimated time to market for such a design-around, whether the design-around had or has any potential compatibility issues and, if so, the options analyzed to address those issues, whether the design-around had any impact (however measured) on the performance of the systems and services, and the estimated costs that such a design would have added to any product or functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "any effort or analysis by you." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this request.

21

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning any policies or procedures of Tesla for determining whether any of its products, or its manufacture, offer for sale, sale, or use has infringed, or would or might infringe, the patent rights of another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and things." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "any policies or procedures." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents that are responsive to this Request.


**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to the meaning or scope of the claims in any Asserted Patent, including any documents on which Tesla may rely to support any construction or interpretation of any claim limitation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents" and "any documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case

with respect to the phrase "relating to"; "meaning or scope"; "rely on to support" and "any construction or interpretation." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Tesla further objects to this request as premature to the extent it seeks production of documents relating to claim construction before Plaintiff has provided adequate discovery. Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla will produce any documents Tesla may rely on to support any construction or interpretation of any claim limitation in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject matter claimed in the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to this Request to the extent it seeks production of documents protected by attorney-client

23

privilege or work product privilege. Tesla further objects to this request as premature to the extent it seeks production of documents relating to level of skill in the art prior to expert discovery. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion and render an expert opinion.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to show the level of ordinary skill in the art and will do so in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning feature requests or functionality requests Your customers' have made over the course of the Accused Instrumentalities' development.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning;" "feature requests or functionality requests" and "over the course of." Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla objects to this Request to the extent it requests information about features of

the Accused Instrumentality Plaintiff does not allege infringe the asserted patents, which are outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to feature requests or functionality requests by Tesla's customers for FSD or EAP.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the user interface (if any) for each Accused Instrumentality from October 16, 2018 to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce documents "sufficient to show the user interface" of its products, as this information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to the design, development, functionality, or testing of any Accused Instrumentality, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries, programming instructions, and source code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the design and functionality of relevant aspects of Enhanced Autopilot, FSD, and Dojo in accordance with the

26

Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

### REQUEST FOR PRODUCTION NO. 27:

All documents concerning improvements, additions, new features, new functionalities, updates, revisions, and alterations to the Accused Instrumentalities, including the reasons, justification, analysis, and basis for any such improvements, additions, new features, new functionalities, updates, revisions, and alterations.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "reasons, justification, analysis, and basis". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

### FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any

27

exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show "improvements, additions, new features, new functionalities, updates, revisions, and alterations" that have been implemented in FSD or EAP.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning any expected or realized benefits (to you or to your customers or potential customers) associated with offering the Accused Instrumentalities, whether technical or financial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "expected or realized benefits". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show benefits associated with FSD or EAP.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to the features and functionality accused of infringement, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries, programming instructions, and source code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the features and functionality accused of infringement and will do so in accordance with the Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

Tesla will produce the identified documents on a rolling basis.

29

**REQUEST FOR PRODUCTION NO. 30:**

All Documents generated or used during the research and development of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "generated or used." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce documents "generated or used during the research and development of the Accused Instrumentalities," as this information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (8/23/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's research and development of relevant aspects of Enhanced Autopilot, FSD, Dojo, and the NVIDIA GPU Cluster.

**REQUEST FOR PRODUCTION NO. 31:**

All documents, data files, memoranda, slide decks, meeting minutes, white papers, presentations and other records, documenting the research and development of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "documenting". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

31

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce documents "All documents . . . documenting the research and development of the Accused Instrumentalities," as this information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31 (8/23/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's research and development of relevant aspects of Enhanced Autopilot, FSD, Dojo, and the NVIDIA GPU Cluster.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and things related to investor events and presentations, including earnings conference calls, webcasts, or other events or presentations, concerning the Accused Instrumentalities, including video or audio recordings, transcripts, outlines, speaking points, slides, posters, or handouts including at least the following:

- Tesla AI Day 2022 (https://www.youtube.com/watch?v=ODSJsviD_SU);
- Tesla AI Day 2021 (https://www.youtube.com/watch?v=j0z4FweCy4M);
- Tesla Autonomy Day (https://www.youtube.com/watch?v=Ucp0TTmvqOE);
- Tesla Unveils Dual Motor and Autopilot (https://www.youtube.com/watch?v=FZ6lZJWL_Xk&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Full Self Driving (https://www.youtube.com/watch?v=tlThdr3O5Qo&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);

- Tesla Q2 2022 Financial Results and Q&A Webcast (https://www.youtube.com/watch?v=kwpYe1Empwo&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Tesla Q4 and full year 2021 Financial Results and Q&A Webcast (https://www.youtube.com/watch?v=EMA6myXpfqI&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Model 3 Guide | Navigate on Autopilot (https://www.youtube.com/watch?v=IkSw2SZQENU&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Model S+X Guide | Navigate on Autopilot (https://www.youtube.com/watch?v=hif8pe80Xxs&list=RDCMUC5WjFrtBdufl6CZojX3D8dQ&index);
- Enhance your commute with Autopilot (https://www.youtube.com/watch?v=jWreyC2l-dw).

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "related to" and "investor events and presentations". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the investor events and presentations listed in this Request. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 33:**

Source code, comments, change logs, and notes for each version (including minor releases, bug fixes, and rejected code) of every Accused Instrumentality from October 16, 2018 to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case.  Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Two source code computers with source code for each Accused Instrumentality from October 16, 2018 to date.

34

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case.  Tesla does not agree to search for and produce other documents that may be responsive to this Request.


**REQUEST FOR PRODUCTION NO. 35:**

All training materials (including videos and wikis) provided to new employees of the software development team regarding the source code, architecture, technology stack, history, and FAQs concerning the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "regarding" and "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of

35

obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

### FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35 (8/23/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows:

### REQUEST FOR PRODUCTION NO. 36:

A specifications related to the source code of the Accused Instrumentalities (including each version thereof), including software quality assurance specifications, software configuration management specifications, software test documentation specifications, software requirements specifications, software verification and validation specifications, software design description specifications, software project management specifications, software user documentation specifications, software reviews and audit specifications, system requirements specifications, concept of operations specifications, requirements engineering specifications, technical specifications, formal specifications, user stories, user story maps, and use cases.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "related to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

## REQUEST FOR PRODUCTION NO. 37:

For each Accused Instrumentality, produce all datasheets, design guides, technical specifications, engineering protocols, product guides, and product manuals created or published for external use, internal use, and/or those that are shared between partner companies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to produce documents sufficient to describe the relevant functionalities accused of infringement in this case. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning each internal product name, designation, product number, version number, and corresponding marketing part number, name, and/or designation of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the internal names and designations for Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 39:**

Produce every manual, instruction sheet, brochure, specification, user guide, and customer guide for each commercially available model, and each variation of each model, of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "every". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show user manuals and guides relating to Enhanced Autopilot and FSD. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents relating to any advantages or disadvantages of any feature or functionality accused of infringement, including documents relating to any features that drive consumer demand for any Accused Instrumentality.

39

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "any advantages or disadvantages" or "any feature or functionality". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the advantages or disadvantages of the features and functionalities accused of infringement. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 41:**

All documents comparing, contrasting, weighing, and/or analyzing the relative advantages and disadvantages of the Accused Instrumentalities and other similar products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent

it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relative advantages and disadvantages". Tesla further objects to the phrase "Accused Instrumentalities and other similar products" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to comparisons of FSD or EAP with other products.

## REQUEST FOR PRODUCTION NO. 42:

All technical papers, reviews, white papers, internal memoranda, conference proceedings, book chapters, articles, publications, or technical presentations (published or unpublished) that include discussions, analysis, or any other content concerning the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase

41

"concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly

burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include

documents unrelated to the accused products and functionality, or any relevant issues in this case.

Tesla objects to this Request to the extent it seeks information that is trade secret and/or

confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as

follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-

privileged documents within its possession, custody, or control sufficient to sufficient to show the

design and functionality of relevant aspects of Enhanced Autopilot, FSD, and Dojo. Tesla does not

agree to search for and produce other documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

### REQUEST FOR PRODUCTION NO. 43:

All Documents relating to any patent, invention disclosure, or patent application, whether
pending or abandoned, owned by, assigned to, or filed on behalf of Tesla, relating to autonomous
driving, or training of a vehicle for autonomous driving or any Accused Instrumentality, or that
cites an Asserted Patent or a Related Patent.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla

further objects to this Request as overly burdensome, vague, ambiguous and not proportional to

the needs of this case to the extent it seeks production of "all documents." Tesla objects to this

Request as vague, ambiguous and not proportional to the needs of this case with respect to the

phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad,

unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to

include documents unrelated to the accused products and functionality, or any relevant issues in

this case. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the first use and

sale of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning your decision to continue to develop, make, use, sell or offer for sale the Accused Instrumentalities after becoming aware of the Asserted Patents, including whether you may need a license to the Asserted Patents or whether you may have liability with respect to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

With respect to the Accused Instrumentalities, all documents concerning the first date of the actual or expected:

- use of the Accused Instrumentalities;

44

- sale of the Accused Instrumentalities;
- offer for sale of the Accused Instrumentalities;
- import of the Accused Instrumentalities into the United States; or
- export of the Accused Instrumentalities from the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the first use and sale of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 47:**

All documents that relate to your organizational structure(s) for the (a) engineering, design, and research and development, (b) licensing, (c) manufacture and testing, (d) distribution, and (e) marketing (including through websites, such as Tesla.com), sales, and promotion of the Accused Instrumentalities, including documents identifying all persons in executive or operational management positions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relate to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this request as overly broad and not proportional to the needs of the case to the extent it is unbounded in time.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the current organizational structure(s) of Tesla relating to sales, Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to the decision to develop any Accused Instrumentality, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent

46

it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege. Insofar as there have been no other patents asserted in this case, Tesla objects to this request to the extent it is outside the scope of this litigation. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Subject to its objections, Tesla responds as follows:

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

### FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited the decision to develop FSD or EAP.

### REQUEST FOR PRODUCTION NO. 49:

All Documents relating to the manufacture of any Accused Instrumentality, including product drawings, schematics, manuals, and test protocols.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to sufficient to show the design and functionality of relevant aspects of Enhanced Autopilot, FSD, and Dojo.  Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning your investment or capital expenditures in the Accused Instrumentalities, including, without limitation, your investment in research and development.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "concerning"

and "investment or capital expenditures". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's investment in research and development relating to the functionalities accused of infringement. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show the locations of each step of the manufacture and testing of each Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to the locations of manufacture for the accused products and the testing of FSD or EAP.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show the locations where the Accused Products are or were manufactured, developed, imported, exported, transmitted, sold, and offered for sale and whether any party other than you was involved in the manufacture, development, importation, exportation, transmission, sale, or offer for sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Products" as vague, ambiguous, and undefined.  Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 53:**

All documents (including videos) reflecting any testing of the Accused Instrumentalities, including any development versions and/or prototypes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

51

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show the testing of FSD or EAP.

Tesla does not agree to search for and produce "All . . . videos" reflecting such testing, as this request is not relevant to any party's claim or defense and is disproportionate to the needs of the case. Tesla is willing to meet and confer on the proper scope of this portion of the request, if any.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to identify all individuals, persons, or entities, including third parties, who participated in the research, development, testing, production, evaluation, and/or sale of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show individuals, persons, or entities who participated in the development or testing of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of products manufactured in whole or in part in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the number of Model S, Model X, Model Y, and Model 3 vehicles including Enhanced Autopilot and/or FSD sold in the United States since October 16, 2018. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of products imported into the United States by or on behalf of Tesla.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient show the number of Model S, Model X, Model Y, and Model 3 vehicles including Enhanced Autopilot and/or FSD imported into the United States by or on behalf of Tesla since October 16, 2018. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show, on a quarterly and yearly basis, the following information for each of the Accused Instrumentalities on a product-by-product basis since October 16, 2018:

- the actual or expected total number of units made, developed, sold or offered for sale in the United States or transmitted or sold abroad;
- the per-unit average sales price of the Accused Products made, developed, sold or offered for sale in the United States or transmitted or sold abroad;

54

- the revenues, net of any returns, allowances, or credits, from the manufacture, development or sales of the Accused Products in the United States or transmitted or sold abroad;
- the cost of goods sold relating to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- net and gross profits relating to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- the general and administrative costs attributable to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- the sales and marketing expenses attributable to the Accused Products made, developed or sold in the United States or transmitted or sold abroad;
- the research and development expenses attributable to the Accused Products manufactured, developed, or sold in the United States or transmitted or sold abroad; and
- all other expenses attributable to the Accused Products manufactured, developed, or sold in the United States or transmitted or sold abroad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show, since October 16, 2018, show revenues, costs, profits, and pricing for Tesla products including Enhanced Autopilot and/or FSD sold in the United States.  Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to show any plans, analyses, forecasts, and/or projections for the pricing of the Accused Instrumentalities, including documents discussing any list prices, discounts, and/or rebates to be offered for any such Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58 (7/72023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to plans, analyses, forecasts, and/or projections for the pricing of FSD or EAP.

**REQUEST FOR PRODUCTION NO. 59:**

All documents concerning any expenses that you incurred, by date and type of expense, in implementing the features of the Accused Instrumentalities that are alleged to infringe the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show expenses that Tesla incurred in implementing the relevant aspects of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 60:**

All contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing of any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of

Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to patent licenses or settlements executed by Tesla relating to autonomous driving, or training of a vehicle for autonomous driving.

## REQUEST FOR PRODUCTION NO. 61:

All Documents relating to any application by Tesla to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of

Tesla. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents relating to any application by Tesla to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality," as this information is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents relating to how Tesla instructs others on how to manufacture or use any Accused Instrumentality, including any user manuals, articles, data sheets, or product specifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request

to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show user manuals and product specifications relating to Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce other documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All documents (including videos) provided to Your customers or potential customers to whom You sell or offer to sell the Accused Instrumentalities, including without limitation directions or suggestions concerning how to use the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Tesla incorporates by reference its General Objections. Subject to its objections, Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "potential customers" and "directions or suggestions." Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show documents or videos provided to Tesla customers or potential customers for Tesla products including Enhanced Autopilot and/or FSD. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 64:**

All documents concerning your customers' use of the Accused Instrumentalities and/or your potential customers' expected use of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents". Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning"; "potential customers" and "expected use". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show how often

Tesla's customers use Enhanced Autopilot and FSD. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 65:

All training materials (including videos) provided to customers, employees, contractors, or representatives to the extent such training materials (including videos) related to the sale or use of the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "related to" and "customers, employees, contractors, or representatives". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show training materials provided to customers related to the sale or use of Enhanced Autopilot and FSD. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents relating to the advertising or promotion of any Accused Instrumentality, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to identify any internal code names for each Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to

63

include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the internal code names for Enhanced Autopilot, FSD, and Dojo, to the extent such code names exist. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents relating to autonomous driving market, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to" and "autonomous driving market". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents relating to any conference, seminar, exhibition, convention, video, commercial, or trade show at which any Accused Instrumentality was discussed, referred to, advertised, displayed, demonstrated, or shown, including, but not limited to, each transcript associated with the conference, seminar, exhibition, convention, video, commercial, or trade show.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show conferences, seminars, exhibitions, conventions, videos, commercials, or trade shows at which the relevant functionalities of Enhanced Autopilot, FSD, or Dojo were discussed, referred to, advertised, displayed, demonstrated, or shown. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents relating to any products that compete with any Accused Instrumentality, including any analyses of the strengths or weaknesses of those products compared to any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents sufficient to show comparisons of FSD or EAP with other products.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show, for each Accused Instrumentality on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla refers Plaintiff to its Response to Request for Production No. 57.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show the profitability of each Accused Instrumentality, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla refers Plaintiff to its Response to Request for Production No. 57.

**REQUEST FOR PRODUCTION NO. 73:**

Documents sufficient to show royalties paid by Tesla, or paid to Tesla, for the licensing of any patent or technology relating to the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Tesla incorporates by reference its General Objections. Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show royalties paid by Tesla, or paid to Tesla, for the licensing of any patents that relate to the subject matter of the

Asserted Patents. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 74:**

All documents concerning the financial reports produced, maintained, or run by you in the ordinary course of your business concerning the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show the financial reports produced, by Tesla in the ordinary course of business concerning Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 75:**

All of your periodic (monthly, quarterly, annual) financial statements, from October 16, 2018 to the present, including, but not limited to, statements showing realized or expected sales

revenue, cost of goods sold, selling expenses, general expenses, administrative expenses, and income, on a product-by-product basis.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects this Request as unduly burdensome to the extent it seeks information outside the scope of this litigation.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla refers Plaintiff to its Response to Request for Production No. 57.

## REQUEST FOR PRODUCTION NO. 76:

All business plans relating to each of the Accused Instrumentalities, including but not limited to, strategic plans, operating plans, marketing plans or studies, sales plans, financial plans, surveys, sales forecasts, budgets, and/or other evaluations, analyses, or assessments concerning the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "all business plans relating to". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to "strategic plans, operating plans, marketing plans or studies, sales plans, financial plans, surveys, sales forecasts, [and] budgets" for FSD or EAP.

**REQUEST FOR PRODUCTION NO. 77:**

All documents concerning Defendants' future plans for the Accused Instrumentalities, including sales projections, future plans for the development of the Accused Instrumentalities and any planned or contemplated improvements, additions, new features, new functionality, updates, revisions, and alterations of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning" and "future plans". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to sales projections for FSD or EAP.

Tesla does not agree to search for and produce "All documents concerning . . . future plans for the development of the Accused Instrumentalities and any planned or contemplated improvements, additions, new features, new functionality, updates, revisions, and alterations of the Accused Instrumentalities," as this request is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

## REQUEST FOR PRODUCTION NO. 78:

All documents concerning your marketing, sales, promotion, and advertisement of the Accused Instrumentalities, including all documents, bids, requests for proposal, marketing studies, promotional material, presentations, videos, television advertisements, magazine and/or trade journal advertisements, internet advertising, and radio advertisements concerning said advertising and marketing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla further objects to the phrase "Accused Instrumentalities" as overbroad, unduly burdensome, and irrelevant to the extent it broadens the scope of Plaintiff's requests to include documents unrelated to the

accused products and functionality, or any relevant issues in this case. Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's marketing, promotion, and advertisement of Enhanced Autopilot, FSD, and Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

## REQUEST FOR PRODUCTION NO. 79:

All Documents relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Tesla relating to any Accused Instrumentality, autonomous driving, or training of a vehicle for autonomous driving.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "autonomous driving" or "training of a vehicle for autonomous driving". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to

73

a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show any patent licenses or settlements executed by Tesla relating to autonomous driving, or training of a vehicle for autonomous driving. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 80:**

All license agreements relating to the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to"; "autonomous driving" or "training of a vehicle for autonomous driving". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla further objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to patent licenses or settlements executed by Tesla relating to autonomous driving, or training of a vehicle for autonomous driving.

**REQUEST FOR PRODUCTION NO. 81:**

All license agreements that you contend to be for use of technologies that are comparable or analogous to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "technologies that are comparable or analogous." Tesla further objects to this Request as improperly and prematurely calling for information concerning Tesla's contentions and to the extent it seeks legal/expert opinion or analysis. Tesla further objects to this request to the extent it requires Tesla to draw a legal conclusion.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla will produce any comparable license agreements it intends to rely on in accordance with Scheduling Order (D.I. 25) in this case, and will otherwise produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents relating to any patent infringement indemnification provisions or agreements between Tesla and any other person relating to any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla. Tesla objects to this Request to the extent it requires Tesla to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party. Tesla further objects to this request to the extent it seeks production of documents protected by attorney-client privilege or work product privilege.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla is not aware of any indemnification provisions or agreements between Tesla and any other person relevant to this matter.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents concerning Tesla's decision to use the Dojo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning".

76

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's decision to use the Dojo.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents concerning Tesla's praise of the Dojo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla agrees to conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control sufficient to show Tesla's praise of the Dojo. Tesla does not agree to search for and produce additional documents that may be responsive to this Request.

Tesla will produce the identified documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and information gathered for the NHTSA relating to the tweet below:

77



## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents and information." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents and information gathered for" the above-referenced tweet, as this request is vague, is not relevant to any party's claim or defense, and is disproportionate to the needs of the case.

## REQUEST FOR PRODUCTION NO. 86:

All Documents provided to NHTSA relating to Full Self-Driving and/or Auto Pilot.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "relating to".

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla will conduct a reasonable search for and produce, to the extent any exist, non-privileged documents within its possession, custody, or control responsive to this request, limited to documents provided to NHTSA that describe the technical operation of FSD or EAP.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents supporting Mr. Musk's statement that "Tesla Full Self-Driving will work at a safety level well above that of the average driver" in 2021 as shown in the tweet below.



**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "supporting."

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents supporting Mr. Musk's statement" in the above-referenced tweet, as this request is vague, is not relevant to any party's claim or defense, and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents concerning the safety of Tesla's Full Self-Driving and/or Enhanced Autopilot.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning".

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88 (7/7/2023):**

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents concerning the safety of Tesla's Full Self-Driving and/or Enhanced Autopilot," as this request is vague ("concerning the safety of"), is not relevant to any party's claim or defense, and is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents concerning Tesla's fleet being "the biggest asset value increase of anything in history" as stated by Mr. Musk during Tesla's Q4 2022 results conference call:

Something that I think some of these smart retail investors understand but I think a lot of others maybe don't – is that every time we sell a car, it has the ability, just from uploading software, to have full self-driving enabled, and full self-driving is obviously getting better very rapidly. So that's actually a tremendous upside potential because all of those cars, with a few exceptions, only a small percentage of cars don't have Hardware 3, so that means that there are millions of cars where

81

full self-driving can be sold at essentially 100% gross margin. And the value of it grows as the autonomous capability grows. And then, when it becomes fully autonomous, that is a value increase in the fleet. That might be the biggest asset value increase of anything in history. Yes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Tesla incorporates by reference its General Objections. Tesla further objects to this Request as overly burdensome, vague, ambiguous and not proportional to the needs of this case to the extent it seeks production of "all documents." Tesla further objects to this Request as vague, ambiguous and not proportional to the needs of this case with respect to the phrase "concerning". Tesla objects to this Request to the extent it seeks information that is trade secret and/or confidential or proprietary business information of Tesla.

Subject to and without waiving its General and Specific objections, Tesla responds as follows:

Tesla does not agree to search for and produce documents that may be responsive to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89 (7/7/2023):

Subject to and without waiving its general and specific objections, Tesla supplements its response as follows: Tesla does not agree to search for and produce "All Documents concerning Tesla's fleet being 'the biggest asset value increase of anything in history,'" as this request is vague (seeking documents "concerning" a statement) and is disproportionate to the needs of the case. Tesla is willing to meet and confer on the proper scope of this request, if any.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Anish Desai
Ian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
(212) 310-8000

Christopher Pepe
Matthew D. Sieger
Eric C. Westerhold
Allison Herzig
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000

Adrian C. Percer
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
(650) 802-3000

August 23, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Tesla, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Karen E. Keller, Esquire                                    *VIA ELECTRONIC MAIL*
Emily S. DiBenedetto, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Blair Jacobs, Esquire                                       *VIA ELECTRONIC MAIL*
Christina A. Ondrick, Esquire
John S. Holley, Esquire
MCKOOL SMITH, P.C.
1999 K Street, NW Suite 600
Washington, D.C.  20006
*Attorneys for Plaintiff*

George T. Fishback, Jr., Esquire                            *VIA ELECTRONIC MAIL*
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX  78701
*Attorneys for Plaintiff*

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)