**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AUTONOMOUS DEVICES, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 22-1466 (MN) |
| TESLA, INC., | |
| Defendant. | |

**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Tesla, Inc. ("Tesla") hereby files this Answer to Plaintiff Autonomous Devices, LLC's ("AD" or "Plaintiff") Second Amended Complaint for Patent Infringement (D.I. 101) (the "Complaint").  Except as expressly admitted below, Tesla denies each and every allegation set forth in the Complaint.  Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.  Tesla responds to the numbered paragraphs of the Complaint as follows:

**NATURE OF THE ACTION[1]**

1.      Tesla admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* Tesla denies that it has committed any acts of patent infringement.

---

[1] Tesla repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer.  In doing so, Tesla makes no admissions regarding the substance of the headings or any other allegations of the Complaint.  Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Tesla specifically denies all such allegations.

2.      Paragraph 2 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.  For example, Tesla denies that it has committed or continues to commit any acts of patent infringement with respect to any or all of the U.S. Patent Nos. 10,452,974 ("the '974 patent"); 11,238,344 ("the '344 patent"); 11,055,583 ("the '583 patent"); and 11,663,474 ("the '474 patent") (collectively, the "Autonomous Vehicle Patents"); 10,607,134 ("the '134 patent") (the "Autonomous Vehicle Simulation Patent") (the Autonomous Vehicle Patents and Autonomous Vehicle Simulation Patent collectively referred to as the "Asserted Patents").

3.      Paragraph 3 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in Paragraph 3 of the Complaint.  For example, Tesla denies that it has committed or continues to commit any acts of patent infringement.

4.      Paragraph 4 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in Paragraph 4 of the Complaint.  For example, Tesla denies that it has committed or continues to commit any acts of patent infringement.

5.      Paragraph 5 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in Paragraph 5 of the Complaint.  For example, Tesla denies that it has committed or continues to commit any acts of patent infringement, and therefore further denies AD is entitled to any relief.

## THE PARTIES

6.      Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis denies them.

7.     Tesla admits that it is a corporation organized under the laws of the State of Delaware.  Tesla's headquarters are located at 13101 Tesla Road, Austin, Texas 78725, USA. Tesla admits that the Corporation Service Company acts as its registered agent for service of process in Delaware.  Otherwise denied.

## JURISDICTION AND VENUE

8.     Tesla admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but Tesla denies that it has committed any acts of patent infringement.

9.     Tesla admits that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Tesla denies that it has committed any acts of patent infringement.

10.     Tesla does not contest whether personal jurisdiction over it properly lies in the District of Delaware solely for the purpose of this action, and denies any allegation, suggestion, or inference that personal jurisdiction is proper in this District.  Tesla denies that it has committed any acts of patent infringement within the District of Delaware or elsewhere.  Tesla denies any remaining allegations of Paragraph 10 of the Complaint.

11.     Tesla admits that it sells products and services in the District of Delaware.  Tesla does not contest whether personal jurisdiction over it properly lies in the District of Delaware solely for the purpose of this action, and denies any allegation, suggestion, or inference that personal jurisdiction is proper in this District.  Tesla denies that it has committed any acts of patent infringement within the District of Delaware or elsewhere.  Tesla denies any remaining allegations of Paragraph 11 of the Complaint.

12.     Tesla admits that it derives revenue from selling products and services in the District of Delaware and publishes certain information about its products and services in the District of Delaware.  Tesla does not contest whether personal jurisdiction over it properly lies in the District of Delaware solely for the purpose of this action, and denies any allegation, suggestion, or inference that personal jurisdiction is proper in this District.  Tesla denies that it has committed any acts of patent infringement within the District of Delaware or elsewhere.  Tesla denies any remaining allegations of Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in Paragraph 13 of the Complaint.  For example, Tesla denies that it has committed any acts of patent infringement, and therefore further denies AD is entitled to any relief.

14.     Insofar as Paragraph 14 of the Complaint contains legal conclusions, no response is required.  To the extent that a response is required, Tesla does not contest that it is incorporated in the State of Delaware, and that the venue is proper under 28 U.S.C. 1400(b) for purposes of this action only.

## **BACKGROUND**

A.     **Mr. Cosic [Allegedly] Foresaw Issues Related to Autonomous Driving and [Allegedly] Came Up With Concrete Solutions To Permit Functional And Safe Autonomous Vehicles.**

15.     Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies those allegations.

16.     Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies those allegations.

17.     Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies those allegations.

18.     Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies those allegations.

19.     Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies those allegations.

**B.     Tesla's Autonomous Driving And Partial Self-Driving Technology Development From 2014 to 2018.**

20.     Tesla admits that it developed certain driver assistance technologies, including Tesla's certain Autopilot, Enhanced Autopilot, and Full Self-Driving (FSD) technologies.  Further, Paragraph 20 of the Complaint purports to reference webpages containing publications by Consumer Reports, InsideEVs, the New York Times, and a FX and New York Times documentary. The content of the cited webpages and documentary speaks for itself and therefore no response is necessary.  AD's remaining allegations in Paragraph 20 of the Complaint are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies those allegations.

21.     Tesla admits that it has provided certain Tesla products with hardware version 1 (HW1) since 2014.  Tesla also admits that it has provided its Autopilot functionalities in certain Tesla products.  As to the remaining allegations, Paragraph 21 of the Complaint purports to quote and reference webpages containing Tesla Blog and Automotive News publications.  The content of the cited webpages speaks for itself and therefore no response is necessary.  Tesla is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of Complaint and therefore denies those allegations.

22.     Paragraph 22 of the Complaint purports to reference a webpage containing Consumer Report publication.  The content of the cited webpage speaks for itself and therefore no response is necessary.  Tesla is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 22 of Complaint and therefore denies those allegations.

23.     Tesla admits that it has provided certain Tesla products with hardware version 2 (HW2) since October 2016.  Tesla also admits that HW2 included eight cameras, twelve ultrasonic sensors, and a forward-facing radar unit.  Further, Paragraph 23 of the Complaint purports to quote and reference webpages containing Slash Gear and Tesla Blog publications.  The content of the cited webpages speaks for itself and therefore no response is necessary.  AD's remaining allegations in Paragraph 23 of the Complaint are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

24.     Tesla admits that it released hardware version 2.5 (HW2.5) in August 2017.  Tesla further admits that it released Software Version 9.0 by October 5, 2018.  Further, Paragraph 24 of the Complaint purports to reference webpages containing The Verge and Tesla Blog publications.  The content of the cited webpages speaks for itself and therefore no response is necessary.  AD's remaining allegations in Paragraph 24 of the Complaint are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

C.     **Late 2018-Present: Tesla's [Alleged] Infringement Of The Asserted Patents With The Releases Of Software Version 9.0, Tesla Vision, Hardware Version 3, And The Dojo Supercomputer**

25.     Tesla denies that it has committed any acts of infringement.  Tesla admits that its Software Version 9.0 included certain "Navigate on Autopilot.".  Further, Paragraph 25 of the Complaint purports to reference webpages containing Tesla blog publications.  The content on the cited webpages speaks for itself and therefore no response is necessary.  AD's remaining allegations in Paragraph 25 of the Complaint are vague and indefinite, and Tesla is without

knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies those allegations.

26.     Tesla admits that it has certain simulated data for training of its certain machine-learning models and that it built cars with HW3 in 2019.  Further, Paragraph 26 of the Complaint purports to reference a webpage containing a publication by Wired and a webpage containing a publication by Inverse.  The content on the cited webpages speaks for itself and therefore no response is necessary.  AD's remaining allegations in Paragraph 26 of the Complaint are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

27.     Tesla admits that it provided certain Tesla products including hardware suitable for certain Autopilot, Enhanced Autopilot, and FSD technologies.  Further, Paragraph 27 of the Complaint purports to quote and reference a webpage containing a publication by The Verge.  The content on the cited webpage speaks for itself and therefore no response is necessary.  Tesla is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies those allegations.

28.     Tesla admits that it held its "Autonomy Day" event in April 2019.  Further, Paragraph 28 of the Complaint purport to reference a webpage containing a YouTube video and a webpage containing a Motortrend News publication.  The content on the cited webpages speaks for itself and therefore no response is necessary.  Tesla is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies those allegations.

29.     Paragraph 29 of the Complaint purports to quote and reference a webpage containing a Motortrend News publication.  The content on the cited webpage speaks for itself and

therefore no response is necessary.  Tesla is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies those allegations.

30.     Paragraph 30 of the Complaint purports to quote and reference a webpage containing a New York Times publication and a webpage allegedly containing a transcript of Tesla's Q4 2020 earnings call.  The content on these cited webpages speaks for itself and therefore no response is necessary.  Tesla is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies those allegations.

31.     Paragraph 31 of the Complaint purports to quote and reference a webpage allegedly containing a transcript of Tesla's Q4 2020 earnings call.  The content on the cited webpage speaks for itself and therefore no response is necessary.  Tesla is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies those allegations.

32.     Paragraph 32 of the Complaint purports to quote and reference a webpage containing Tesla's publication.  The content on the cited webpage speaks for itself and therefore no response is necessary.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

33.     Paragraph 33 of the Complaint purports to quote and reference webpages containing publications by The New York Times, The Information, and Driving.  The content on the cited webpages speaks for itself and therefore no response is necessary.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

34.     Tesla denies that it has committed any acts of patent infringement.  Further, Paragraph 34 of the Complaint purports to quote and reference webpages containing a YouTube

video and a Medium publication.  The content on the cited webpages speaks for itself and therefore no response is necessary.  Tesla denies any remaining allegations in this paragraph.

35.     Paragraph 35 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

36.     Paragraph 36 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

## THE ASSERTED PATENTS

37.     Paragraph 37 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.  Furthermore, the Declaration of Dr. Saber incorporated by reference in Paragraph 37 of the Complaint is an improper attempt to engage in premature expert discovery, to which no response is required.

38.     Tesla admits that it invested in developing certain autonomous driving technologies.  Further, Tesla denies that it has committed any acts of patent infringement.  AD's remaining allegations in Paragraph 38 of the Complaint are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies those allegations.

A.     **The Object Representation Patents (U.S. Patent Nos. 10,452,974; 11,238,344; and 11,663,474) Are [Allegedly] Directed To Concrete Solutions Addressing How A Fleet Of Autonomous Vehicles Detect And Handle Different Driving Conditions Based On Captured Objects**

39.     Tesla admits that the face of the '974 patent lists the title as "Artificially intelligent systems, devices, and methods for learning and/or using a device's circumstances for autonomous

device operation," lists Jasmin Cosic as an inventor, and lists the issue date as October 22, 2019. Tesla admits that a copy of what purports to be the '974 patent is attached to the Complaint as Exhibit A. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies those allegations.

40.     Tesla admits that the face of the '344 patent lists the title as "Artificially intelligent systems, devices, and methods for learning and/or using a device's circumstances for autonomous device operation," lists Jasmin Cosic as an inventor, and lists the issue date as February 1, 2022. Tesla admits that a copy of what purports to be the '344 patent is attached to the Complaint as Exhibit B. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies those allegations.

41.     Tesla admits that the face of the '474 patent lists the title as "Artificially intelligent systems, devices, and methods for learning and/or using a device's circumstances for autonomous device operation," lists Jasmin Cosic as an inventor, and lists the issue date as May 30, 2023. Tesla denies that a copy of the '474 patent is attached to the Complaint as Exhibit D. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies those allegations.

42.     Paragraph 42 of the Complaint purports to quote and reference the specification of the '344 patent. The specification of the '344 patent speaks for itself and therefore no response is necessary. This paragraph also purports to state legal argument, to which no response is required. AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations. Furthermore, the Declaration of Dr. Saber cited in Paragraph 42 of the

Complaint is an improper attempt to engage in premature expert discovery, to which no response is required.

43.     Paragraph 43 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.  Furthermore, Paragraph 43 of the Complaint purports to reference the Declaration of Dr. Saber.  The Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

44.     Paragraph 44 of the Complaint purports to quote and reference the specification of the '974 patent, the '974 patent NOA, and the '344 patent NOA.  Each of the cited documents speaks for itself and therefore no response is necessary.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

45.     Paragraph 45 of the Complaint purports to reference the specification of the '974, '344, and '474 patents.  Each of the cited patents speaks for itself and therefore no response is necessary.  Paragraph 45 of the Complaint also states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

46.     Paragraph 46 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to

which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

47.     Paragraph 47 of the Complaint purports to quote and reference the '344 patent and the Declaration of Dr. Saber.  Each of the '344 patent and the Declaration of Dr. Saber speaks for itself, and therefore no response is necessary. Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

48.     Paragraph 48 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

49.     Paragraph 49 of the Complaint purports to quote and reference the '344 patent and the Declaration of Dr. Saber.  Each of the '344 patent and the Declaration of Dr. Saber speaks for itself, and therefore no response is necessary. Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

50.     Paragraph 50 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself and therefore no response is necessary.

Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

51.     Paragraph 51 of the Complaint purports to quote and reference the '974 patent, '344 patent, '474 patent, and the Declaration of Dr. Saber.  Each of the cited documents speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

52.     Paragraph 52 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

53.     Paragraph 53 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

54.     Paragraph 54 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required. Except as expressly admitted, Tesla denies the allegations of this paragraph.

**B.     The Digital Picture Patent (11,055,583) Is [Allegedly] Directed To Concrete Solutions Addressing How A Fleet Of Autonomous Vehicles Detect And Handle Different Driving Conditions Based On Digital Pictures Captured By The Vehicle And Correlated To Learned Driving Instructions.**

55.     Tesla admits that the face of the '583 patent lists the title as "Machine learning for computing enabled systems and/or devices," lists Jasmin Cosic as an inventor, and lists the issue date as July 6, 2021.  Tesla admits that a copy of what purports to be the '583 patent is attached to the Complaint as Exhibit E.  Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Complaint, and therefore denies those allegations.

56.     Paragraph 56 of the Complaint purports to quote and reference the '583 patent and the Declaration of Dr. Saber.  Each of the cited documents speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

57.     Paragraph 57 of the Complaint purports to reference the '583 patent NOA and the Declaration of Dr. Saber.  Each of the cited documents speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to

state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

58.     Paragraph 58 of the Complaint purports to reference the '583 patent.  The '583 patent speaks for itself, and therefore no response is necessary.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

59.     Paragraph 59 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

60.     Paragraph 60 of the Complaint purports to reference the '583 patent and the Declaration of Dr. Saber.   Each of the cited documents speaks for itself, and therefore no response is necessary.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

61.     Paragraph 61 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself, and therefore no response is necessary.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

62.     Paragraph 62 of the Complaint purports to reference the '583 patent and the Declaration of Dr. Saber.   Each of the cited documents speaks for itself, and therefore no response

is necessary.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

63.     Paragraph 63 of the Complaint purports to reference the '583 patent and the Declaration of Dr. Saber.   Each of the cited documents speaks for itself, and therefore no response is necessary.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

64.     Paragraph 64 of the Complaint purports to reference and quote the '583 patent and the Declaration of Dr. Saber.   Each of the cited documents speaks for itself, and therefore no response is necessary.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

65.     Paragraph 65 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself, and therefore no response is necessary.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

66.     Paragraph 66 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself, and therefore no response is necessary.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining

allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

67.     Paragraph 65 of the Complaint purports to reference the Declaration of Dr. Saber. The Declaration of Dr. Saber speaks for itself, and therefore no response is necessary.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

**C.      The Autonomous Vehicle Simulation Patent (U.S. Patent No. 10,607,134) [Is] [Allegedly] Directed To Concrete Solutions Addressing How An Avatar–Such As A Simulated Vehicle—Can Be Taught How To Safely Handle Driving Situations Via Pictures Or Object Representations In A Simulation.**

68.     Tesla admits that the face of the '134 patent lists the title as "Artificially intelligent systems, devices, and methods for learning and/or using an avatar's circumstances for autonomous avatar operation," lists Jasmin Cosic as an inventor, and lists the issue date as March 31, 2020. Tesla admits that a copy of what purports to be the '134 patent is attached to the Complaint as Exhibit C.  Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Complaint, and therefore denies those allegations.

69.     Paragraph 69 of the Complaint purports to quote and reference the '134 patent, the '134 patent NOA, and the Declaration of Dr. Saber.  Each of the cited documents speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

70.     Paragraph 70 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

71.     Paragraph 71 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

72.     Paragraph 72 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

73.     Paragraph 73 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without

knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

74.     Paragraph 74 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required. AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

75.     Paragraph 75 of the Complaint purports to quote and reference the '134 patent and the Declaration of Dr. Saber.  Each of the cited documents speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to state legal argument, to which no response is required.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

76.     Paragraph 76 of the Complaint states only legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

77.     Paragraph 77 of the Complaint purports to quote and reference the '134 patent and the Declaration of Dr. Saber.  Each of the cited documents speaks for itself, and therefore no response is necessary.  Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required.  This paragraph also purports to

state legal contentions or conclusions that require no response. AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

78.     Paragraph 78 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary. Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required. This paragraph also purports to state legal argument, to which no response is required. AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

79.     Paragraph 79 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary. Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required. This paragraph also purports to state legal argument, to which no response is required. Except as expressly admitted, Tesla denies the allegations of this paragraph.

80.     Paragraph 80 of the Complaint purports to reference the Declaration of Dr. Saber, which speaks for itself, and therefore no response is necessary. Additionally, the Declaration of Dr. Saber is an improper attempt to engage in premature expert discovery, to which no response is required. This paragraph also purports to state legal argument, to which no response is required. Except as expressly admitted, Tesla denies the allegations of this paragraph.

## THE ACCUSED PRODUCTS

81.     Tesla denies that it has committed any acts of patent infringement. Paragraph 80 of the Complaint purports to state legal contentions or conclusions, to which no response is required. Further, this paragraph purports to quote and reference Tesla webpages. The content on

the cited webpages speaks for itself and therefore no response is necessary.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

82.    Tesla denies that it has committed any acts of patent infringement.  Paragraph 82 of the Complaint purports to state legal contentions or conclusions, to which no response is required.  Further, this paragraph purports to quote and reference YouTube video content, which speaks for itself, and therefore no response is necessary.  Except as expressly admitted, Tesla denies the allegations of this paragraph.

83.    Paragraph 83 of the Complaint purports to quote and reference YouTube video content and a webpage containing an Electrek's publication.  The content of each of the YouTube video and publication speaks for itself, and therefore no response is necessary.  AD's remaining allegations in this paragraph are vague and indefinite, and Tesla is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

## GENERAL ALLEGATIONS RELATED TO INFRINGEMENT

84.    Paragraph 84 of the Complaint purports to state legal contentions or conclusions, to which no response is required.  Tesla denies that it has committed or continues to commit any acts of patent infringement, or any acts with the intent to cause infringing acts by others, in this District and elsewhere in the United States.  To the extent a response is required, Tesla denies the allegations of this paragraph.

85.    Paragraph 85 of the Complaint purports to state legal contentions or conclusions, to which no response is required.  Tesla denies that it has committed or continues to commit any acts of patent infringement, or any acts with the intent to cause infringing acts by others.  This paragraph also purports to quote and reference a webpage containing a Tesla publication.  The

content of the webpage speaks for itself, and therefore no response is necessary.  To the extent a response is required, Tesla denies the allegations of this paragraph.

86.     Paragraph 86 of the Complaint purports to state legal contentions or conclusions, to which no response is required.  Tesla denies that it has committed or continues to commit any acts of patent infringement, or any acts with the intent to cause infringing acts by others.  This paragraph also purports to quote and reference a YouTube video content, which speaks for itself, and therefore no response is necessary.  To the extent a response is required, Tesla denies the allegations of this paragraph.

87.     Paragraph 87 of the Complaint purports to state legal contentions or conclusions, to which no response is required.  Tesla denies that it has committed or continues to commit any acts of patent infringement, or any acts with the intent to cause infringing acts by others.  To the extent a response is required, Tesla denies the allegations of this paragraph.

88.     Paragraph 88 of the Complaint purports to state legal contentions or conclusions, to which no response is required.  Tesla denies that it has committed or continues to commit any acts of patent infringement, or any acts with the intent to cause infringing acts by others.  To the extent a response is required, Tesla denies the allegations of this paragraph.

89.     Paragraph 89 of the Complaint purports to state legal contentions or conclusions, to which no response is required.  Tesla denies that it has committed or continues to commit any acts of patent infringement.  Therefore, AD is not entitled to recover any damages or to other relief.  To the extent a response is required, Tesla denies the allegations of this paragraph.

90.     Tesla admits that it became aware of some of AD's allegations of patent infringement upon service of the Original Complaint (D.I. 1).  Tesla denies that it has committed any acts of infringement in this District or elsewhere in the United States.  Paragraph 90 of the

Complaint further states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

91.     Paragraph 91 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph. Particularly, Tesla denies that it has committed any acts of patent infringement.

## COUNT ONE – [ALLEGED] INFRINGEMENT OF THE '974 PATENT

92.     Tesla incorporates by reference the preceding paragraphs the preceding paragraphs as though fully set forth herein.

93.     Tesla denies that it has committed any acts of infringement.  Paragraph 93 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

94.     Tesla denies that it has committed any acts of infringement.  Paragraph 94 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

95.     Tesla admits that it became aware of the '974 patent upon service of the Original Complaint (D.I. 1).

96.     Tesla denies that it has committed any acts of infringement or any acts with the intent to cause infringing acts by others.  Paragraph 96 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

97.     Tesla denies that it has committed any acts of infringement.  Paragraph 97 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

98.     Tesla denies that it has committed any acts of infringement.  Therefore, AD is not entitled to recover any damages or to other relief.  Paragraph 98 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

## COUNT TWO – [ALLEGED] INFRINGEMENT OF THE '344 PATENT

99.     Tesla incorporates by reference the preceding paragraphs the preceding paragraphs as though fully set forth herein.

100.    Tesla denies that it has committed any acts of infringement.  Paragraph 100 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

101.    Tesla denies that it has committed any acts of infringement.  Paragraph 101 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

102.    Tesla admits that it became aware of the '344 patent upon service of the Original Complaint (D.I. 1).

103.    Tesla denies that it has committed any acts of infringement or any acts with the intent to cause infringing acts by others.  Paragraph 103 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

104.    Tesla denies that it has committed any acts of infringement.  Paragraph 104 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

105.    Tesla denies that it has committed any acts of infringement.  Therefore, AD is not entitled to recover any damages or to other relief.  Paragraph 105 of the Complaint states legal

contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

### COUNT THREE – [ALLEGED] INFRINGEMENT OF THE '474 PATENT

106.    Tesla incorporates by reference the preceding paragraphs the preceding paragraphs as though fully set forth herein.

107.    Tesla denies that it has committed any acts of infringement.  Paragraph 107 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

108.    Tesla admits that it became aware of the '474 patent on or about August 18, 2023. Paragraph 108 of the Complaint states legal contentions or conclusions that require no response. To the extent a response is required, Tesla denies the allegations in this paragraph.  Particularly, Tesla denies that it has committed any acts of infringement.

109.    Tesla denies that it has committed any acts of infringement or any acts with the intent to cause infringing acts by others.  Paragraph 109 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

110.    Tesla denies that it has committed any acts of infringement.  Paragraph 110 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

111.    Tesla denies that it has committed any acts of infringement.  Therefore, AD is not entitled to recover any damages or to other relief.  Paragraph 111 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

## COUNT FOUR – [ALLEGED] INFRINGEMENT OF THE '583 PATENT

112.    Tesla incorporates by reference the preceding paragraphs the preceding paragraphs as though fully set forth herein.

113.    Tesla denies that it has committed any acts of infringement.  Paragraph 113 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

114.    Tesla admits that it became aware of the '583 patent upon service of the Original Complaint (D.I. 1).

115.    Tesla denies that it has committed any acts of infringement or any acts with the intent to cause infringing acts by others.  Paragraph 115 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

116.    Tesla denies that it has committed any acts of infringement.  Paragraph 116 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

117.    Tesla denies that it has committed any acts of infringement.  Therefore, AD is not entitled to recover any damages or to other relief.  Paragraph 117 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

## COUNT FIVE – [ALLEGED] INFRINGEMENT OF THE '134 PATENT

118.    Tesla incorporates by reference the preceding paragraphs the preceding paragraphs as though fully set forth herein.

119.    Tesla denies that it has committed any acts of infringement.  Paragraph 119 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

120.    Tesla denies that it has committed any acts of infringement.  Paragraph 120 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

121.    Tesla admits that it became aware of the '134 patent upon service of the Original Complaint (D.I. 1).

122.    Tesla denies that it has committed any acts of infringement or any acts with the intent to cause infringing acts by others.  Paragraph 122 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

123.    Tesla denies that it has committed any acts of infringement.  Paragraph 123 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

124.    Tesla denies that it has committed any acts of infringement.  Therefore, AD is not entitled to recover any damages or to other relief.  Paragraph 124 of the Complaint states legal contentions or conclusions that require no response.  To the extent a response is required, Tesla denies the allegations in this paragraph.

## TESLA'S RESPONSE TO AD'S PRAYER FOR RELIEF

Tesla denies any and all allegations contained in the remainder of the Complaint and denies that AD is entitled to any of the relief requested in paragraphs A through H of its prayer for relief, or to any other relief in any form whatsoever.  Tesla requests that the Court deny all relief to AD

and enter judgment in favor of Tesla on all claims and award Tesla its costs and reasonable attorneys' fees and any further relief as the Court may deem appropriate.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Tesla denies them.

## TESLA'S RESPONSE TO AD'S DEMAND FOR A JURY TRIAL

Tesla is not required to provide a response to AD's request for a trial by jury. To the extent that any allegations are included in the demand, Tesla denies such allegations.

## TESLA'S AFFIRMATIVE DEFENSES

1.      Subject to the responses above, Tesla alleges and asserts the following additional defenses in response to allegations in the Complaint. Tesla reserves the right to amend its Answer to add additional defenses currently unknown to Tesla, as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Tesla has the burden of proving the matter asserted.

## First Defense – No Infringement

2.      Tesla has not infringed and does not infringe, under any theory of infringement (including directly or indirectly, or under the doctrine of equivalents), any valid, enforceable claim of any of the Asserted Patents. Tesla does not induce infringement and does not contributorily infringe.

3.      Additionally, Tesla has a defense to infringement based on 35 U.S.C. § 273.

4.      AD has not met its burden of proof to show infringement of the Asserted Patents in its Complaint and will be unable to meet its burden of proof to show infringement of the Asserted Patents.

**Second Defense – Invalidity**

5.      One or more claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements in Part II of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 251, and/or 252, and failure to satisfy additional legal requirements for validity or patentability, including but without limitation, correct inventorship and obviousness-type double patenting.

**Third Defense – Unenforceability**

6.      On information and belief, AD's claims are barred, in whole or in part, or its remedies are limited, by the doctrines of waiver, implied waiver, laches, acquiescence, unclean hands, and/or other equitable doctrines.

**Fourth Defense – Limitation on Patent Damages and Other Remedies**

7.      AD has not suffered and will not suffer any injury or damages as a result of the alleged conduct by Tesla in the Complaint, and AD is not entitled to any damages under 35 U.S.C. § 284.

8.      AD's claims for relief are further statutorily limited in whole or in part by Title 35 of the United States Code, including 35 U.S.C. §§ 286 and/or 287, and Title 28 of the United States Code, including 28 U.S.C. § 1498.  By way of example, AD's recovery for alleged infringement of the Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of a complaint, pursuant to § 286.  By way of further example, to the extent that AD and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by § 287, or otherwise failed to give proper notice that Tesla's actions allegedly infringe the Asserted Patents, Tesla is not liable to Plaintiff for the acts alleged to have been performed before Tesla received actual notice that the accused devices were allegedly infringing the Asserted Patents.  By way of further example, Tesla

is not liable to the extent the accused products were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

### Fifth Defense – Prosecution History Estoppel

9.      AD is estopped from construing a valid and enforceable claim, if any, of the Asserted Patents as infringed literally or under the doctrine of equivalents by Tesla due to amendments, admissions and/or statements made (a) to the United States Patent and Trademark Office (USPTO) during prosecution of the Asserted Patents or related patent applications, and (b) in the specifications and claims of the Asserted Patents.

### Sixth Defense – No Exceptional Case or Attorneys' Fees

10.      AD cannot prove that this is an exceptional case justifying an award of attorneys' fees against Tesla pursuant to 35 U.S.C. § 285.

### Seventh Defense – Failure to State a Claim

11.      The Complaint fails to state a claim upon which relief can be granted and/or sufficient to constitute a cause of action against Tesla.

### Eighth Defense – Express License, Implied License, Patent Exhaustion, and Single Recovery Rule

12.      On information and belief, AD's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, or the single recovery rule.  AD's claims for damages for infringement are limited or entirely foreclosed under the doctrine of patent exhaustion to the extent that allegedly infringing components and/or products are supplied, directly or indirectly to Tesla by any entity or entities having license to some or all of the Asserted Patents.

**<u>Ninth Defense – No Willful Infringement</u>**

13.     AD is not entitled to enhanced or increased damages for willful infringement because Tesla has not engaged in any conduct that meets the applicable standard for willful infringement.

**<u>Tenth Defense – Lack of Standing</u>**

14.     On information and belief, if AD is not the current or sole owner of the Asserted Patents, AD's claims and requested relief are barred by AD's lack of standing.

**<u>Eleventh Defense – Derivation/Lack of Inventorship</u>**

15.     Upon information and belief, the asserted claims of the Asserted Patents are invalid due to derivation pursuant to pre-AIA 35 U.S.C. § 102(f) and/or lack of inventorship pursuant to 35 U.S.C. § 101.

**<u>Reservation of Rights</u>**

16.     In filing these defenses, Tesla has not knowingly or intentionally waived any applicable defenses.  Tesla reserves the right to amend this Answer to include other affirmative defenses that Tesla may learn of during the course of this litigation, including without limitation inequitable conduct, unenforceability, prior authorized sale and/or exhaustion, and/or equitable estoppel, as they become known throughout the course of discovery.

Dated:  October 17, 2023

**FISH & RICHARDSON P.C.**

By:  */s/ Susan E. Morrison*

Susan E. Morrison (#4690)
Grayson P. Sundermeir (#6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
(302) 652-5070
morrison@fr.com
sundermeir@fr.com

Aamir A. Kazi
Ashley A. Bolt
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA  30309
kazi@fr.com
bolt@fr.com

Matthew Colvin
1717 Main Street, Suite 5000
Dallas, TX  75201
colvin@fr.com

Ruffin B. Cordell
Daniel R. Gopenko
1000 Maine Avenue, SW
Washington, DC  20024
cordell@fr.com
gopenko@fr.com

*Attorneys for Defendant*
*TESLA, INC.*