# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTONOMOUS DEVICES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>TESLA, INC.,<br><br>    Defendant. | C.A. No. 22-1466 (MN)<br><br>JURY TRIAL DEMANDED |

## DEFENDANT TESLA, INC.'S BRIEF IN SUPPORT OF ITS
## MOTION TO STAY PENDING *INTER PARTES* REVIEW

FISH & RICHARDSON P.C.
Susan E. Morrison (#4690)
Grayson P. Sundermeir (#6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
(302) 652-5070
morrison@fr.com; sundermeir@fr.com

Aamir A. Kazi
Ashley A. Bolt
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA  30309
kazi@fr.com; bolt@fr.com

Matthew Colvin
1717 Main Street, Suite 5000
Dallas, TX  75201
colvin@fr.com

Ruffin B. Cordell
Daniel R. Gopenko
1000 Maine Avenue, SW
Washington, DC  20024
cordell@fr.com; gopenko@fr.com

*Attorneys for Defendant*
***TESLA, INC.***

1

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1
II. SUMMARY OF THE ARGUMENT ................................................................................. 2
III. FACTUAL BACKGROUND............................................................................................. 2
IV. ARGUMENT..................................................................................................................... 4
    A. Legal Standard ...................................................................................................... 4
    B. Granting a Stay Will Simplify the Issues for Trial ................................................ 6
    C. Discovery Is Not Complete and the Trial Date is 1.5 Years Away ....................... 8
    D. A Stay Would Not Cause Autonomous Devices Undue Prejudice or a Clear Tactical Disadvantage ........................................................................................... 9
        1. Timing of the request for IPR ..................................................................... 9
        2. Timing of the request for a stay ................................................................ 10
        3. Status of the review proceeding................................................................ 10
        4. Relationship of the parties ........................................................................ 11
V. CONCLUSION................................................................................................................ 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
  No. CV 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ..........................................10

*Alloc, Inc. v. Unilin Decor N.V.*,
  No. CIV.A. 03-253-GMS, 2003 WL 21640372 (D. Del. July 11, 2003) .................................7

*Amkor Tech., Inc. v. Synaptics, Inc.*,
  No. 15-CV-910 (GMS), 2016 WL 9331100 (D. Del. Oct. 25, 2016).........................................4

*Bio-Rad Lab'ys Inc. v. 10x Genomics, Inc.*,
  No. CV 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020) ..........................................4

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
  No. 12-CV-1107 (GMS), 2014 WL 1369721 (D. Del. Apr. 7, 2014) .......................................5

*Brit. Telecommunications PLC v. IAC/InterActiveCorp*,
  No. CV 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019)................................4, 5, 6

*Brit. Telecommunications PLC v. IAC/InterActiveCorp*,
  No. CV 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020).........................................8

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*,
  No. CV 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015)....................................8, 9

*Canatelo LLC v. Axis Commc'ns AB*,
  No. CV 13-1227-GMS, 2014 WL 12774920 (D. Del. May 14, 2014)..................................5, 7

*CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*,
  No. CV 18-533-RGA, 2019 WL 4098002 (D. Del. Aug. 29, 2019)..........................................5

*Consumeron, LLC v. MapleBear Inc.*,
  No. CV 21-1147-GBW-MPT, 2023 WL 3434002 (D. Del. May 12, 2023).............................8

*Huvepharma Food v. Assoc. British Foods*,
  LLC, 2019 WL 3802472 (D. Del. Aug. 13, 2019)..................................................................11

*Int'l Bus. Machines Corp. v. Rakuten, Inc.*,
  No. CV 21-461-GBW, 2023 WL 4351450 (D. Del. July 5, 2023)...........................................4

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. CV 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)....................................6, 9

*MicroSurgical Technology, Inc. v. New World Medical, Inc.*,
  No. 20-cv-754 (MN), D.I. 76 (Aug. 16, 2021) ........................................................................4

*Monterey Rsch., LLC v. Advanced Micro Devices, Inc.*,
   No. CV 19-2149, 2021 WL 11699295 (D. Del. Jan. 5, 2021)..................................................11

*Monterey Rsch., LLC v. Nanya Tech. Corp.*,
   No. CV 19-2090, 2021 WL 6502552 (D. Del. June 25, 2021)...........................................5, 11

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. CV 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013).................................4, 5, 7

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
   No. CV 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ........................5, 7, 11

*Prolitec Inc. v. Scentair Techs., LLC*,
   No. CV 20-984-WCB, 2023 WL 5037173 (D. Del. Aug. 8, 2023)...........................................8

*SITO Mobile R&D IP, LLC v. World Wrestling Entmt, Inc.*,
   No. 21-cv-721-CFC, 2021 WL 7628181 (D. Del. Dec. 20, 2021) ............................................4

*Smartflash LLC v. Apple Inc.*,
   621 Fed. App'x 995 (Fed. Cir. 2015).......................................................................................9

*Softview LLC v. Apple Inc.*,
   No. CV 10-389-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013).............................................4

*SunPower Corp. v. PowerClaw, Inc.*,
   No. CV 12-1633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014).................................5, 7

*TC Tech. LLC v. Sprint Corp.*,
   No. CV 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021)............................................8

**Statutes**

35 U.S.C. § 311..........................................................................................................2, 3, 4, 7

35 U.S.C. § 314.................................................................................................................2, 6

35 U.S.C. § 316...............................................................................................................2, 11

Tesla respectfully requests that the Court stay this case pending resolution of the IPRs Tesla has filed against the Asserted Patents—two of which have been instituted, and two of which have expected institution dates in just a few weeks—because all three factors that this Court typically considers in deciding a motion to stay strongly favor staying this litigation until at least the conclusion of these IPR proceedings.  *First*, the IPRs have already and will continue to materially narrow the issues before the Court for both claim construction and trial.  Notably, Autonomous Devices has already dismissed two patents and withdrawn infringement allegations for dozens of claims from the remaining Asserted Patents since Tesla filed its IPRs against those patents and claims.  *Second*, this case is in a relatively early stage.  While fact discovery has been ongoing, the parties have not exchanged final contentions and claim construction briefing has not begun.  *Third*, Autonomous Devices will not be prejudiced by a stay.  As a patent holding company, Autonomous Devices does not compete with Tesla, and the timing of the stay will not create undue prejudice.

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Autonomous Devices, LLC ("Autonomous Devices") presently accuses Tesla, Inc. ("Tesla") of infringing five U.S. Patents: the '974 Patent (US 10,452,974), the '344 Patent (US 11,238,344), the '583 Patent (US 11,055,583), the '134 Patent (US 10,607,134), and the '474 Patent (US 11,663,474) (collectively, the "Asserted Patents").  Four of the Asserted Patents were part of Autonomous Devices' original complaint, along with two other now-dismissed patents.  The '474 Patent is related to certain originally asserted patents and was added to this case in Autonomous Devices' amended complaint, filed on September 15, 2023.

On June 9, 2023, Tesla filed petitions for *inter partes* review ("IPR") challenging the validity of all claims of the '974 Patent and the '344 Patent.  The Patent Trial and Appeal Board ("PTAB") granted Tesla's petitions on December 13, 2023, instituting review of all claims of the '974 Patent and the '344 Patent.  *See* IPR2023-01054, Paper 20; IPR2023-01055, Paper 20.  The

PTAB will issue a final written decision regarding the validity of every claim of the '974 Patent and the '344 Patent within twelve months. *See* 35 U.S.C. § 316(a)(11).

On June 30, 2023, Tesla filed two additional petitions for *inter partes* review challenging the validity of all claims of the '583 Patent and '134 Patent. The PTAB will issue an institution decision on Tesla's petitions as to the '583 Patent and '134 Patent by January 10, 2024. *See* 35 U.S.C. § 314(b).

The '474 Patent issued on May 30, 2023, and is statutorily protected from IPR challenge until "the date that is 9 months after the grant of a patent." *See* 35 U.S.C. § 311. Tesla presently intends to challenge the validity of the claims of the '474 Patent in an IPR at the appropriate time.

## II.   SUMMARY OF THE ARGUMENT

1. A stay will simplify the issues in question and narrow the issues for trial in this case, given that Tesla has already challenged the validity of all claims of four of the Asserted Patents, and the likelihood of additional cancellation of claims by Autonomous Devices is high.

2. Fact discovery is not complete and the case is at an early stage, which favors a stay.

3. A stay will not unduly prejudice Autonomous Devices, a non-practicing entity that does not compete with Tesla, as money damages provide adequate redress for any potential infringement of a valid claim, including during the stay period.

## III.   FACTUAL BACKGROUND

This is not a competitor case. Autonomous Devices will offer no evidence that it practices the Asserted Patents. Rather, Autonomous Devices is a patent assertion entity formed shortly before the filing date of the original complaint. Autonomous Devices produced just 19 total documents, and it has not produced any business records other than its Articles of Organization for Florida Limited Liability Company. It may not own any assets other than assigned patents.

Shortly after Autonomous Devices filed this lawsuit, Tesla began working on IPR petitions to challenge the originally asserted patents. Specific to the remaining Asserted Patents, Tesla filed two petitions for IPR on June 9, 2023, and two additional petitions for IPR on June 30, 2023. The first two IPR petitions instituted on December 13, 2023, and a final written decision is expected by December 13, 2024. The institution decisions on the second two IPR petitions are due by January 10, 2024, and a final written decision will issue by January 2025.

Since Tesla filed its IPRs, Autonomous Devices already reduced the number of asserted patents and asserted claims in this litigation and cancelled certain patent claims as part of the IPR proceedings. The original complaint asserted infringement of six patents. D.I. 1. Autonomous Devices' Initial Infringement Contentions identified 132 claims: 117 claims from the original six patents and 15 claims from the newly added '474 Patent. On September 15, 2023, in its first amended complaint, Autonomous Devices dismissed two patents, which reduced the scope of its infringement allegation to 93 claims. D.I. 92. Also on September 15, 2023, Autonomous Devices disclaimed 14 of 20 claims of the '974 Patent in its Patent Owner's Preliminary Response in IPR2023-01054 and disclaimed 4 of 20 claims of the '344 Patent in its Patent Owner's Preliminary Response in IPR2023-01055. On October 3, 2023, in its second amended complaint, Autonomous Devices further narrowed the case by limiting its allegation to 71 claims. D.I. 101. On November 3, 2023, Autonomous Devices removed five additional claims.

Trial is currently scheduled for June 23, 2025—*months after* the PTAB will have issued written decisions on the Asserted Patents. D.I. 91 (Amended Scheduling Order). Fact discovery is ongoing. *Id.* (scheduling the fact discovery deadline for February 23, 2024). The *Markman* hearing is not scheduled to take place until July 12, 2024, and expert discovery will not take place

3

until *after* the PTAB hearing on the instituted '974 and '344 Patent IPR petitions. *Id.* (scheduling the expert discovery deadline for December 6, 2024).

## IV.  ARGUMENT

### A.  Legal Standard

"Granting or denying a motion to stay is within the broad discretionary powers of the court." *Softview LLC v. Apple Inc.*, No. CV 10-389-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013); *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). Courts in this District routinely grant motions to stay when IPRs have been instituted on the asserted patents. *See, e.g.*, *Int'l Bus. Machines Corp. v. Rakuten, Inc.*, No. CV 21-461-GBW, 2023 WL 4351450, at *3 (D. Del. July 5, 2023) (Williams, J.) (granting motion to stay after institution of IPR for both cross-claim patents); *Bio-Rad Lab'ys Inc. v. 10x Genomics, Inc.*, No. CV 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020) (Andrews, J.) (granting motion to stay after institution on all claims); *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at *1 (D. Del. Sept. 27, 2019) (Bryson, J.) (granting motion to stay pending IPR after institution on ten of eleven asserted claims); *Amkor Tech., Inc. v. Synaptics, Inc.*, No. 15-CV-910 (GMS), 2016 WL 9331100, at *2 (D. Del. Oct. 25, 2016) (Sleet, J.) (granting motion to stay post-institution).

Courts in this District also grant motions to stay where less than all patents have been instituted, or even before a filed IPR petition receives an institution decision from the PTAB. *See, e.g.*, *MicroSurgical Technology, Inc. v. New World Medical, Inc.*, No. 20-cv-754 (MN), D.I. 76 (Aug. 16, 2021) (Noreika, J.) ("The MOTION to Stay Pending Inter Partes Review of 5 of 6 Patents-In-Suit 54 is GRANTED." As set forth in the motion, at the time of filing the PTAB had instituted IPR proceedings on five patents, and no IPR had yet been filed on the sixth asserted patent.); *SITO Mobile R&D IP, LLC v. World Wrestling Entmt, Inc.*, No. 21-cv-721-CFC, 2021

4

WL 7628181, at *1 (D. Del. Dec. 20, 2021) (Connolly, J.) (granting stay where only seven of twelve patents-in-suit were before the PTAB); *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-CV-1107 (GMS), 2014 WL 1369721, at *1 (D. Del. Apr. 7, 2014) (Sleet, J.) (granting stay of case involving six patents where IPR petitions on two patents were instituted, IPR petitions on two other patents were pending, and no IPR petition had been filed on the remaining two patents); *Monterey Rsch., LLC v. Nanya Tech. Corp.*, No. CV 19-2090, 2021 WL 6502552, at *1 (D. Del. June 25, 2021) (Alejandro, J.) (granting stay pending IPR after PTAB instituted on four of six patents); *Neste Oil*, 2013 WL 3353984, at *5 (Sleet, J.) (granting pre-institution stay); *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, No. CV 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014) (Burke, J.) (granting pre-institution stay and crediting the high institution rates); *SunPower Corp. v. PowerClaw, Inc.*, No. CV 12-1633-GMS, 2014 WL 12774919, at *3 (Sleet, J.) (D. Del. May 16, 2014) (granting stay before IPR was instituted on two patents); *Canatelo LLC v. Axis Commc'ns AB*, No. CV 13-1227-GMS, 2014 WL 12774920, at *1–2 (D. Del. May 14, 2014) (Sleet, J.) (granting pre-institution stay and citing high likelihood of institution).

Courts consider three factors when deciding whether to stay a case pending IPR: "(1) whether granting a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*, No. CV 18-533-RGA, 2019 WL 4098002, at *1 (D. Del. Aug. 29, 2019). Courts in this District also consider whether the granting of a stay will reduce the burden of litigation on the parties and on the court. *British Telecomms. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019). This "burden of litigation"

factor is generally considered as part of the first factor on "simplifying the issues." *Id.* at *3. Each of these factors weighs in favor of granting a stay in this case.

### B. Granting a Stay Will Simplify the Issues for Trial

A stay pending a final resolution of Tesla's IPR challenges to the Asserted Patents would greatly simplify the triable issues before the Court, avoid parallel proceedings, and conserve judicial and party resources. Across all instituted IPRs in fiscal year 2023 that received a final written decision, at least one claim was found unpatentable in 83% of trials, and all claims were found unpatentable in 68% of trials. Ex. 1, Trial Statistics IPR, PGR, CBM, United States Patent and Trademark Office, at 10. Indeed, Autonomous Devices already reduced the number of asserted patents and claims in response to Tesla filing IPR challenges.

The PTAB has instituted a review of all asserted claims of the '974 Patent and the '344 Patent—finding "a reasonable likelihood that [Tesla] would prevail with respect to at least 1 of the claims challenged in [each instituted] petition." 35 U.S.C. § 314(a). When the Patent Office issues its final written decisions, due by December 2024, infringement and invalidity issues on these two patents will necessarily be simplified. This is true "even if the PTAB does not invalidate any of the claims in the pending IPR proceedings" because "the Court will [still] benefit from the PTAB's guidance on the construction of certain claim terms." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *10 (D. Del. Aug. 21, 2019) (collecting six cases holding same). For example, "the IPR proceeding may produce additional prosecution history that could assist the Court in addressing the issues of claim construction and validity." *Id.* at *10. Furthermore, "any conclusion that the PTAB reaches will have a likely effect on the litigation by limiting the arguments [Defendant] can make regarding validity." *Id.* at *9. And, of course, if asserted claims are found invalid, then "the task of dealing with the remaining [claims]—for the parties, the jury, and the Court—will become significantly easier than it would have been." *Id.*

6

Tesla additionally challenged the validity of all asserted claims of the '583 Patent and the '134 Patent in separate IPR petitions, and the PTAB's institution decision on those petitions will issue in early January.[1]  The pending nature of these petitions is not a detriment to an affirmative stay decision, and courts in this District grant stays even when no pending IPR petition has instituted.  *See, e.g.*, *Neste Oil*, 2013 WL 3353984, at *5 (granting stay before any pending IPR petition was instituted); *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, No. CV 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014) (Burke, J.) (same); *SunPower Corp. v. PowerClaw, Inc.*, No. CV 12-1633-GMS, 2014 WL 12774919, at *3 (D. Del. May 16, 2014) (same); *Canatelo LLC v. Axis Commc'ns AB*, No. CV 13-1227-GMS, 2014 WL 12774920, at *1–2 (D. Del. May 14, 2014) (same).  Moreover, the '583 Patent and the patents on which IPR has already instituted share similar claim limitations, so the PTAB's guidance on the instituted patents will be relevant irrespective of the '583 Patent IPR petition outcome.  *Compare* '583 Patent, cl. 1 ("a first one or more instruction sets for operating the first device")*, with* '974 Patent, cl. 1 ("a first one or more instruction sets for operating a first device").

At the appropriate time Tesla will also challenge the validity of the newly added '474 Patent, which shares a specification with the '974 and '344 Patents.  *See, e.g.*, 35 U.S.C. § 311(c) ("A petition for *inter partes* review shall be filed after . . . the date that is 9 months after the grant of a patent.").  The related nature of the '474 Patent to the patents for which IPR has now instituted also weighs in favor of granting a stay.  *See Alloc, Inc. v. Unilin Decor N.V.*, No. CIV.A. 03-253-GMS, 2003 WL 21640372, at *2 (D. Del. July 11, 2003) (granting stay where a reexamination was underway on a related patent, despite no reexamination having been sought for the patent-in-

---

[1] The PTAB's institution rate in fiscal year 2023 for petitions related to "Electrical/Computer" technology patents is 70%.  *See* Ex. 1, Trial Statistics IPR, PGR, CBM, United States Patent and Trademark Office, at 8.

7

suit); *TC Tech. LLC v. Sprint Corp.*, No. CV 16-153-WCB, 2021 WL 4521045, at *1 (D. Del. Oct. 4, 2021) ("The principles governing [the question of whether to grant a stay when post-grant proceedings are instituted] have been developed by courts in numerous cases involving different types of post-grant proceedings, including reexamination, *inter partes* review, post-grant review, and covered business methods ("CBM") review.").

The likelihood that a stay will simplify the issues for trial in this case is high and weighs in favor of granting Tesla's motion to stay.

### C. Discovery Is Not Complete and the Trial Date is 1.5 Years Away

The early stage of this case warrants a stay. Courts in this District grant stays in cases progressing to much later stages, including where the trial was just months away. *See Prolitec Inc. v. Scentair Techs., LLC*, No. CV 20-984-WCB, 2023 WL 5037173, at *7 (D. Del. Aug. 8, 2023) (granting a stay where "fact discovery has been completed"; "expert discovery has just begun"; and "as of the time the motion for a stay was filed, approximately eight months remained before trial"); *Consumeron, LLC v. MapleBear Inc.*, No. CV 21-1147-GBW-MPT, 2023 WL 3434002, at *2 (D. Del. May 12, 2023) (granting a stay where "[t]he parties have finished expert discovery and a trial date has already been set for October of [2023]"); *TC Tech. LLC v. Sprint Corp.*, No. CV 16-153-WCB, 2021 WL 4521045, at *7 (D. Del. Oct. 4, 2021) (granting a stay where, "as of the time the motion for a stay was filed, approximately two months remained before trial"); *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020) (granting a stay pending reexamination where less than three months remained before trial); *CallWave Commc'ns, LLC v. AT & T Mobility, LLC*, No. CV 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting a stay where "few depositions have been taken and expert discovery has not yet begun").

Here, fact discovery is not scheduled to close until February 23, 2024, and no depositions have yet been taken.[2] D.I. No. 91. Furthermore, the *Markman* hearing will not take place until July 12, 2024, and the June 23, 2025, trial date is more than one and a half years away. *Id.* It is well known that "completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice" are "the most burdensome stages of the case." *IOENGINE*, 2019 WL 3943058, at *5 (granting motion to stay). Those stages are yet to come in this case. *See Smartflash LLC v. Apple Inc.*, 621 Fed. App'x 995, 1005 (Fed. Cir. 2015) (holding the district court abused its discretion when it denied a stay prior to trial because, "[d]espite the substantial time and effort already spent in this case, the most burdensome task is yet to come").

The factor considering case schedule weighs in favor of granting Tesla's motion.

### D. A Stay Would Not Cause Autonomous Devices Undue Prejudice or a Clear Tactical Disadvantage

When analyzing this third factor, courts consider: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *IOENGINE*, 2019 WL 3943058, at *5. Each consideration weighs in favor of granting Tesla's motion.

#### 1. Timing of the request for IPR

Tesla filed its IPR petitions as soon as practicable. Autonomous Devices filed its original complaint on November 7, 2022. D.I. 1. On May 19, 2023, Autonomous Devices was required to "identify the accused product(s), including accused methods and systems, . . . as well as the

---

[2] A third party witness, Dr. Andrej Karpathy, was scheduled to be deposed on December 20, 2023. Dr. Karpathy's deposition has been rescheduled so that Tesla may complete production of his email from his time at Tesla. Tesla does not rely on the rescheduling of Dr. Karpathy's deposition in support of its motion.

asserted patent(s) that the accused product(s) allegedly infringe(s)." D.I. 25. Less than one month after receiving Autonomous Devices' disclosure, on June 9, 2023, Tesla filed the first two IPR petitions. Tesla filed additional IPR petitions for the remaining Asserted Patents on June 30, 2023. It was not unreasonable for Tesla to wait until after Autonomous Devices' May 19 disclosure to finalize and file its IPR petitions—ultimately doing so roughly five months before the statutory deadline to challenge the patents in IPR proceedings.

### 2. Timing of the request for a stay

This motion to stay is being filed four business days after Tesla received affirmative institution decisions for the '974 Patent and the '344 Patent IPR petitions. On the same day that Tesla received the affirmative institution decisions, it contacted Autonomous Devices to discuss staying the litigation. Autonomous Devices was not available to meet and confer on this motion until Tuesday, December 19. On the same day that the parties completed the meet and confer, and Autonomous Devices indicated opposition to a stay, Tesla promptly filed its motion without delay.

### 3. Status of the review proceeding

Tesla filed IPR petitions in June 2023, roughly halfway through the statutory window. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, No. CV 15-595-LPS, 2016 WL 6594083, at *4 (D. Del. Nov. 7, 2016) (petitions filed "well within the one-year statutory window" did not result in prejudice). The PTAB instituted IPR proceedings on all asserted claims from the '974 Patent and the '344 Patent on December 13, 2023. IPR2023-01054, Paper 20; IPR2023-01055, Paper 20. The PTAB will issue an institution decision on Tesla's petitions as to the '583 and '134 Patents by January 10, 2024.[3] Final written decisions are expected by December 2024 for the '974 and '344

---

[3] Tesla will notify the Court of the PTAB's institution decision when it issues.

Patents, and by January 2025 for the '583 and '134 Patents. *See* 35 U.S.C. § 316(a)(11). This statutorily mandated period is not an unreasonable amount of time.

### 4. Relationship of the parties

A stay is warranted because Autonomous Devices is a patent assertion entity that both does not practice its own patent assets and does not otherwise compete with Tesla. This Court routinely finds no harm to a non-practicing entity when evaluating a stay motion. *See Monterey Rsch., LLC v. Nanya Tech. Corp.*, No. CV 19-2090, 2021 WL 6502552, at *1 (D. Del. June 25, 2021) ("The relationship of the parties also favors granting a stay since Plaintiff is a non-practicing entity and does not compete with Defendant."); M*onterey Rsch., LLC v. Advanced Micro Devices, Inc.*, No. CV 19-2149, 2021 WL 11699295, at *1 (D. Del. Jan. 5, 2021) (same); *Princeton Dig.*, 2014 WL 3819458, at *6 ("Plaintiff is a non-practicing entity . . . and will not suffer any loss of market share or erosion of goodwill due to a stay."). Not surprisingly, Autonomous Devices seeks only monetary damages, which are unaffected by any delay for IPR proceedings. *See Princeton Dig.*, 2014 WL 3819458, at *6 ("Plaintiff's damages, if any, are purely monetary and can be accommodated by the award of interest if it ultimately prevails."); *Huvepharma Food v. Assoc. British Foods*, LLC, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019) ("[P]rejudgment interest generally appears to compensate for any delay in obtaining damages.").

Granting Tesla's motion is appropriate because Autonomous Devices would not be unduly prejudiced or suffer a clear tactical disadvantage from that result.

### V. CONCLUSION

Staying this case will be beneficial for the Court, the parties, and the jury, as it will greatly simplify the issues for trial without causing undue prejudice to Autonomous Devices. IPR petitions challenging all asserted claims of two Asserted Patents have instituted, while additional IPR petitions challenging all asserted claims of two other Asserted Patents will institute by next

month. The fifth, newly added, Asserted Patent is related to the patents on which IPR has already instituted. The Court should exercise its broad discretionary powers and stay this litigation pending a final resolution of Tesla's IPR challenges to the Asserted Patents.

Dated: December 19, 2023　　　　　　　　**FISH & RICHARDSON P.C.**

By: */s/ Susan E. Morrison*
Susan E. Morrison (#4690)
Grayson P. Sundermeir (#6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
(302) 652-5070
morrison@fr.com
sundermeir@fr.com

Aamir A. Kazi
Ashley A. Bolt
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
kazi@fr.com
bolt@fr.com

Matthew Colvin
1717 Main Street, Suite 5000
Dallas, TX 75201
colvin@fr.com

Ruffin B. Cordell
Daniel R. Gopenko
1000 Maine Avenue, SW
Washington, DC 20024
cordell@fr.com
gopenko@fr.com

*Attorneys for Defendant*
*TESLA, INC.*